FILED

MAR 27 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RECEIVED

MAR 12 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1 | **PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2 | Name __REMMERT____ __SHIRLEY__ __V.__
     (Last)         (First)        (Initial)

3 | ~~Prisoner Number~~ '990 BERKELEY AVENUE

4 | Institutional Address __MENLO PARK CA 94025__

5 |

6 |

7 | **UNITED STATES DISTRICT COURT**
   **NORTHERN DISTRICT OF CALIFORNIA**

8 | __SHIRLEY V. REMMERT__                    CV 08   1645
   (Enter the full name of plaintiff in this action.)

9 |                                                              )

10 | vs.                                         ) Case No. _____ **CRB**
                                                 ) (To be provided by the clerk of court)
11 | __DISTRICT ATTORNEY C.P. FOX *__            )
                                                 ) **PETITION FOR A WRIT**          **(PR)**
12 | __CALIF. STATE__                            ) **OF HABEAS CORPUS** / EXH 1–17
                                                 )
13 | __ATTORNEY GENERAL__                        )
                                                 )
14 | __JERRY BROWN__                             )
   (Enter the full name of respondent(s) or jailor in this action)  ) CME No. 340531A

15 |                                             )

16 |                    **Read Comments Carefully Before Filling In**

17 | **When and Where to File**

18 |          You should file in the Northern District if you were convicted and sentenced in one of these

19 | counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20 | San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21 | this district if you are challenging the manner in which your sentence is being executed, such as loss of

22 | good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23 |          If you are challenging your conviction or sentence and you were not convicted and sentenced in

24 | one of the above-named fifteen counties, your petition will likely be transferred to the United States

25 | District Court for the district in which the state court that convicted and sentenced you is located. If

26 | you are challenging the execution of your sentence and you are not in prison in one of these counties,

27 | your petition will likely be transferred to the district court for the district that includes the institution

28 | where you are confined. Habeas L.R. 2254-3(b).

1    1345

2

EXHIBIT NO.                                              FOLLOWS PAGE

3    1    Letters of Conservatorship/ 6-13-05                      6c

4    2    Probate Code sec. 2310……………………….          6c

5

6    3    11/17/2004 Psychiatry Note by Dr. M. Flynn               6f

7    4    11/18/2004 Psychiatry Note by Dr. M. Flynn               6g

8    5    San Mateo County/ 911 Public Safety Communications
9         3-26-05…………………………………..             6h

10        Menlo Park Fire Protection District Reports...          6h

11        False Alarm - Julia Venoya - 8/02/04
12        Non-Emergency - Eva Al-Z. - 3/26/05
          No Medical Emergency - Eva Al-z - 6/12/05
13

14        Chart Showing Pattern of Detention Without Cause
15        Since 7-29-04………………………….             6h

16    6    Order Appointing Temporary Conservator of Person
17        4-14-05……………………………..              6k

18    7    "People of the State of California v. Eva Al-Zaghari"    6m

19    8    To the Hospital Staff/ From Eva Al-Z./ 4-30-05           6n

20    9    Sample form: Petition for a Determination of
21        Incompetence and for an Order Authorizing
22        Involuntary Treatment With Medications….              6-o

23    10   Order Denying S. Remmert's Ex Parte Petition
24        For Warrant in Lieu of Habeas Corpus and
          Awarding Sanctions Pursuant to CCP sec. 1008
25        6-13-05……………………………….           6q

26    11   Judgment (for Conservatorship)………………        6r
27

28    PETITION FOR WRIT OF HABEAS CORPUS                          *i*

EXHIBIT NO.                                    FOLLOWS PAGE

| 12 | To Eva Al-Z./ From U.S. Probation Office/ 12-30-05 | 6t |
| 13 | Issue: Allegation of Daily Mental and Physical Abuse | 6u |
| 14 | Restraining Order After Hearing/ 7-11-05......... | 6v |
| 15 | $50,000 Bond for Kidnap Charge re Julia Venoya 3-26-05……………………….. | |
| | Emergency Protective Order re Julia V./ Allusion to Kidnap/ 3-26-05……………………….. | |
| | To S. Remmert/ From State of California Dept. of Health/ 3-18-05………………………… | 6x |
| 16 | Transcript/ Motion for Mistrial/ 1-10-07........ | 6b-1 |
| 17 | California State Supreme Court's Denied Petition for Writ of Habeas Corpus Filed February 13, 2008……………… | 7 |

1348

## TABLE OF CONTENTS

(Beginning with Claim One)

| TOPIC | PAGE |
|---|---|
| **Claim One:** Statements Purported to be Facts are Not True……… | 6b |
| 1. The "victim" was not a dependent… | |
| 2. The "victim" is not a felon……………………………….. | 6d |
| 3. The "victim: is not an LPS patient pursuant to hearing.. | 6d |
| 4. She was railroaded into a conservatorship…………….. | 6d |
| March 27, 2003……………………………….......... | 6d |
| July 29, 2004…………………………………............... | 6e |
| November 17, 2004……………………………….... | 6e |
| November 18, 2004……………………………….... | 6g |
| **March 26, 2005**………………………………......... | 6h |
| March 27, 2005, @ 4:00 a.m…………………….. | 6i |
| March 27, 2005, @ 8:00 a.m…………………….. | 6i |
| April 13, 2005……………………………….......... | 6j |
| April 14, 2005……………………………….......... | 6j |
| Hearings before conservatorship trial……………. | 6L |
| April ~ June 7, 2005……………………………… | 6m |
| April 30, 2005………………………………......... | 6n |
| No hearing for forced drugging…………………… | 6-o |
| May 26, 2005………………………………............ | 6p |
| June 6, 2005………………………………............. | 6p |
| June 7, 2005……………………………….............. | 6p |
| June 13, 2005………………………………............ | 6q |
| Judgment After Trial for Conservatorship………. | 6r |
| Contradictory Medical Reports………………….. | 6s |
| U.S. Probation Officer's report………………….. | 6t |
| 5. Eva Al-Z. is physically and mentally abused by the county/ Daily Abuse………………………………................. | 6u |
| 6. Conservatorship order does not prohibit contact…… | 6v |
| 7. Restraining order is based on non-dependency…….. | 6v |

TOPIC                                                                    PAGE

    8. Right to be Present at Restraining Order Denied......        6v

    9. Illegal Failure to Serve Restraining Order.............        6v

**Claim Two:** I did not receive due process........................        6w
    I was never arraigned………………………………......        6w
    Problems of Julia V. prejudiced the jury………………        6w
    Facts re Eva Al-Z. should have made it a separate case..        6y
    Acquittal not consistently applied…………………….        6z
    Alleged Tampering with Jury by Deputy County Counsel        6z

**Claim Three:**    Marsden Defense……………………………….......  6c-1

**Claim Four:**    No Proof of Harm…………………………………......  6c-1

**Claim Five:**    Violation of my constitutional and Civil Rights...... 6c-1

**Claim Six:**    Government Employees' Intentionally Perjured
    Testimony……………………………….................. 6d-1

**Claim Seven:**    Necessity and Justification…………………………6d-1

**Claim Eight:**    Malicious and Retaliatory Prosecution…………… 6d-1

**Claim Nine:**    Abuse of Court's Discretion……………………… 6e-1

**Addendum**    ………………………………................................ 1, 2

1  Who to Name as Respondent

2        You must name the person in whose actual custody you are. This usually means the Warden or

3  jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced. These are not proper

5  respondents.

6        If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now and the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10 A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11        1. What sentence are you challenging in this petition?

12            (a)    Name and location of court that imposed sentence (for example; Alameda

13                   County Superior Court, Oakland):

14            SUPERIOR   COURT                    SAN MATEO COUNTY

15            Court                               Location

16            (b)    Case number, if known   SM 340531  A

17            (c)    Date and terms of sentence  JAN 17, 2007

18            (d)    Are you now in custody serving this term? (Custody means being in jail, on

19                   parole or probation, etc.)         Yes  X    No ____

20            Where?   AT HOME : 950 BERKELEY AVE.
                        MENLO PARK, CA 94025

21            Name of Institution: _____

22            Address: _____

23        2. For what crime were you given this sentence? (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known. If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  (1) PC sec 368 (c) ; (2) PC sec. 368(c) . (3) PC sec. 166(A)(4)

27  _____

28  _____

2

3. Did you have any of the following?

    Arraignment:                         Yes _____     No __X__

    Preliminary Hearing:           Yes _____     No _____

    Motion to Suppress:            Yes __X__     No _____

4. How did you plead?

    Guilty _____    Not Guilty __X__    Nolo Contendere _____

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

    Jury __X__    Judge alone _____    Judge alone on a transcript _____

6. Did you testify at your trial?               Yes _____     No __X__

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment             Yes _____     No _____

    (b)    Preliminary hearing     Yes _____     No __X__

    (c)    Time of plea            Yes _____     No __X__

    (d)    Trial                 Yes __X__     No _____

    (e)    Sentencing             Yes __X__     No _____

    (f)    Appeal               Yes _____     No __X__

    (g)    Other post-conviction proceeding    Yes _____     No __X__

8. Did you appeal your conviction?        Yes _____     No __X__

    (a)    If you did, to what court(s) did you appeal?

        Court of Appeal            Yes _____     No _____

        Year: _____    Result: _____

        Supreme Court of California    Yes _____     No _____

        Year: _____    Result: _____

        Any other court            Yes _____     No _____

        Year: _____    Result: _____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

1    petition?                                    Yes _____    No_____

2    (c)    Was there an opinion?               Yes _____    No_____

3    (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                                Yes _____    No_____

5           If you did, give the name of the court and the result:

6    _____

7    _____

8    9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9    this conviction in any court, state or federal?        Yes _X_    No_____

10    [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11    challenged the same conviction you are challenging now and if that petition was denied or dismissed

12    with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13    for an order authorizing the district court to consider this petition. You may not file a second or

14    subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15    U.S.C. §§ 2244(b).]

16    (a)    If you sought relief in any proceeding other than an appeal, answer the following

17           questions for each proceeding. Attach extra paper if you need more space.

18    I.     Name of Court: _____

19           Type of Proceeding: _____

20           Grounds raised (Be brief but specific):    NEXT    PAGE

21           a._____

22           b._____

23           c._____

24           d._____

25           Result: _____ Date of Result:_____

26    II.    Name of Court: _____

27           Type of Proceeding: _____

28           Grounds raised (Be brief but specific):

4a

I. Name of Court: *SUPERIOR COURT OF SAN MATEO COUNTY*

Type of Proceeding: *MOTION FOR ARREST IN JUDGMENT* OR NEW TRIAL

Grounds raised (Be brief but specific):

a. *"VICTIM" NOT A DEPENDENT ON 3/26/05 INCIDENT*

b. *COUNTY CONSERVATOR'S PHYSICAL/MENTAL ABUSE OF "VICTIM"*

c. *PSYCHIATRIST LIED, SAID "VICTIM" MY DAUGHTER IS A FELON*

d. *PRIVATE DEFENDER SABOTAGED REQUEST FOR IN-PRO PER*

Result: *DENIED*    Date of Result: *1/17/07*

II. Name of Court: *SUPERIOR COURT OF SAN MATEO COUNTY*

Type of Proceeding: *PETITION FOR ACCESS TO JUROR'S IDENTIFYING INFO*

Grounds raised (Be brief but specific):

a. *See I (d) above*

b. *County COUNSEL (WITNESS) ALLEGEDLY FIXED JURY*

c.

d.

Result: *DENIED*    Date of Result: *1/17/07*

III. Name of Court: *U.S. DISTRICT COURT (C-07-80059 MJJ)*

Type of Proceeding: *PETITION FOR WRIT OF HABEAS CORPUS*

Grounds raised (Be brief but specific):

a. *ALL OF THE ABOVE*

b. *FIFTH AMENDMENT RIGHT TO DUE PROCESS*

c. *14th AMENDMENT RIGHT TO DUE PROCESS*

d.

Result: *DENIED*    Date of Result: *3/02/07*

4b

IV    Name of Court: SUPERIOR COURT OF SAN MATEO COUNTY

Type of Proceeding: PETITION FOR WRIT OF HABEAS CORPUS

Grounds raised (Be brief but specific): # HC-1857
ALL OF THE ABOVE +

a. SENTENCE SHOULD HAVE BEEN STAYED PENDING "ARREST-JUDGMENT" MOTION

b. "VICTIM" HAS CAPACITY;

c. "VICTIM" MY DAUGHTER NOT A DEPENDENT ON 3/26/05 INCIDENT

d. NO MENS REA · DAUGHTER FALSELY IMPRISONED BY COUNTY

Result: DENIED          Date of Result: 3/29/07

V.    Name of Court: SUPERIOR COURT OF SAN MATEO COUNTY

Type of Proceeding: MOTION FOR RECONSIDERATION
RE PETITION FOR WRIT OF HABEAS CORPUS

Grounds raised (Be brief but specific): --

a. ALL OF THE ABOVE + FALSE STATEMENTS IN PROBATION FILE

b. STAY OR MODIFICATION OF SENTENCE

c. MOTION TO COMPEL PRODUCTION OF TRANSCRIPTS
DENIED BY REPORTER

d.

Result: DENIED          Date of Result: 5/21/07

VI.    Name of Court: STATE OF CALIF. APPEALS

Type of Proceeding: PETITION FOR WRIT OF HABEAS CORPUS

Grounds raised (Be brief but specific):

a. DAUGHTER HAS CAPACITY. WAS RAILROADED INTO CONSERVATORSHIP.

b. PHYSICAL + MENTAL ABUSE OF DAUGHTER BY COUNTY

c. NO CONTACT ORDER IS UNCONSTITUTIONAL NO CIVIL RIGHTS

d. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Result: DENIED          Date of Result: 11/14/07

4c

**VI.** Name of Court: _U.S. DISTRICT COURT_

Type of Proceeding: _PETITION FOR WRIT OF HABEAS CORPUS_

Grounds raised (Be brief but specific):

a. _ALL OF THE ABOVE_

b. _____

c. _____

d. _DISMISSED_                                    _3/2/07_

Result: _DISMISSED_                Date of Result: _8/2/07_

**VIII.** Name of Court: _CALIF STATE SUPREME COURT_

Type of Proceeding: _PETITION FOR WRIT OF HABEAS CORPUS_

Grounds raised (Be brief but specific): _ALL OF THE ABOVE +_

a. _MARSDEN DEFENSE : ATTORNEY DID NOT CALL_
                        _"VICTIM" TO TESTIFY OR_
b. _____ _APPEAR IN COURT_

c. _"VICTIM" NOT A DEPENDENT IN "HARM-TO-_
                        _DEPENDENT" MISDEMEANOR_
d. _____
   _NO PROOF OF HARM_

Result: _DENIED_                Date of Result: _2/13/08_

Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

a. _____

b. _____

c. _____

d. _____

Result: _____        Date of Result: _____

4d

1          a._____

2          b._____

3          c._____

4          d._____

5          Result: _____ Date of Result:_____

6    III.   Name of Court: _____

7        Type of Proceeding: _____

8        Grounds raised (Be brief but specific):

9          a._____

10         b._____

11         c._____

12         d._____

13        Result: _____ Date of Result:_____

14    IV.   Name of Court: _____

15        Type of Proceeding: _____

16        Grounds raised (Be brief but specific):

17         a._____

18         b._____

19         c._____

20         d._____

21        Result: _____ Date of Result:_____

22    (b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                    Yes _____    No X

24      Name and location of court: _____

25  **B. GROUNDS FOR RELIEF**

26     State briefly every reason that you believe you are being confined unlawfully. Give facts to

27  support each claim. For example, what legal right or privilege were you denied? What happened?

28  Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

5

1    need more space. Answer the same questions for each claim.

2        [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3    petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4    499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5        Claim One: _____

6    _____ *See NEXT PAGE.* _____

7        Supporting Facts: _____

8    _____

9    _____

10    _____

11        Claim Two: _____

12    _____

13        Supporting Facts: _____

14    _____

15    _____

16    _____

17        Claim Three: _____

18    _____

19        Supporting Facts: _____

20    _____

21    _____

22    _____

23        If any of these grounds was not previously presented to any other court, state briefly which

24    grounds were not presented and why:

25    _____

26    _____

27    _____ *Continued* _____

28    _____

*6a*

Exhibits
1, 2

1341

**Claim One:** Statements Purported to be Facts are Not True

1.    The "victim" was not a dependent in the "Harm-to-Dependent"

misdemeanor incidents of March 26, 2005 and June 12, 2005

### Supporting Facts

Source of Evidence: Letters of Conservatorship; Probate Code sec. 2310

a.    My daughter, the "victim", Eva D. Al-Zaghari, was not a

dependent under Welfare and Institutions Code sec. 5150 on the date of a

misdemeanor incident of March 26, 2005.

Reason: She was not conserved on March 26, 2005.

b.    She was not a dependent under the above code on the date of a

misdemeanor incident of June 12, 2005.

Reason: The Letters of Conservatorship  which make a

conservatorship order effective had not been issued yet. The 'Letters' were

issued (filed) after the above incidents.  Probate Code sec. 2310 states that

the Letters should have a typed warning stating that the order appointing a

conservator is not effective until Letters have issued.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

My daughter and I have were not served with an order stating the warning. We were not served with the Letters of Conservatorship. The county, both county counsel and private defenders, kept my daughter and me in the dark about this case. Until I am allowed to read the record, now sealed, my information is limited.

Exhibit 1 (Letters of Conservatorship) and Exhibit 2 (Probate Code with warning) follow.

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):

After recording return to:

THOMAS F. CASEY III, COUNTY COUNSEL
JUDITH A. HOLIBER, Deputy sbn# 180619
400 COUNTY CENTER, 6th Floor
REDWOOD CITY, CA 94063
TELEPHONE NO.: (650)363-4747
FAX NO. (Optional): (650) 3634034
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): San Mateo Public Guardian

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS: 400 COUNTY CENTER
MAILING ADDRESS: HALL OF JUSTICE AND RECORDS
CITY AND ZIP CODE: REDWOOD CITY, CA 94063
BRANCH NAME:

CONSERVATORSHIP OF (Name): EVA AL-ZAGHARI

CONSERVATEE

FOR RECORDER'S USE ONLY

CASE NUMBER: 108876 LPS

## LETTERS OF CONSERVATORSHIP
[X] Person   [X] Estate   [ ] Limited Conservatorship

FOR COURT USE ONLY

FILED
SAN MATEO COUNTY

JUN 1 3 2005

Clerk of the Superior Court
By
DEPUTY CLERK

1. [X] (Name): SAN MATEO COUNTY PUBLIC GUARDIAN is the appointed
[X] conservator [ ] limited conservator of the [X] person [X] estate
of (name): EVA AL-ZAGHARI

2. [ ] (For conservatorship that was on December 31, 1980, a guardianship of an adult
or of the person of a married minor) (Name):
was appointed the guardian of the [ ] person [ ] estate by order
dated (specify):   and is now the conservator of
the [ ] person [ ] estate of (name):

3. [X] Other powers have been granted or conditions imposed as follows:

a. [ ] Exclusive authority to give consent for and to require the conservatee to
receive medical treatment that the conservator in good faith based on
medical advice determines to be necessary even if the conservatee
objects, subject to the limitations stated in Probate Code section 2356.
(1) [ ] This treatment shall be performed by an accredited practitioner
of the religion whose tenets and practices call for reliance on
prayer alone for healing of which the conservatee was an adherent prior to the establishment of the
conservatorship.
(2) [ ] (If court order limits duration) This medical authority terminates on (date):

b. [ ] Authority to place conservatee in a care or nursing facility described in Probate Code section 2356.5(b).

c. [ ] Authority to authorize the administration of medications appropriate for the care and treatment of dementia described
in Probate Code section 2356.5(c).

d. [ ] Powers to be exercised independently under Probate Code section 2590 as specified in Attachment 3d (specify
powers, restriction, conditions, and limitations).

e. [ ] Conditions relating to the care and custody of the property under Probate Code section 2402 as specified in Attach-
ment 3e.

f. [X] Conditions relating to the care, treatment, education, and welfare of the conservatee under Probate Code section
2358 as specified in PETITION TO ESTABLISH CONSERVATORSHIP

g. [ ] (For limited conservatorship only) Powers of the limited conservator of the person under Probate Code section
2351.5 as specified in Attachment 3g.

h. [ ] (For limited conservatorship only) Powers of the limited conservator of the estate under Probate Code section
1830(b) as specified in Attachment 3h.

i. [X] other (specify):   EXPIRATION DATE: JUN 0 6 2006

(SEAL)

4. [ ] The conservator is not authorized to take possession of money or any other property without a
specific court order.
5. Number of pages attached: _____

WITNESS, clerk of the court, with seal of the court affixed.

Date:
JUN 1 3 2005

Clerk, by _____, Deputy

Page 1 of 2

This form may be recorded as notice of the establishment of a conservatorship of the estate as provided in Probate Code section 1875.

Form Adopted for Mandatory Use
Judicial Council of California

LETTERS OF CONSERVATORSHIP   Legal   Probate Code, § 1834

| CONSERVATORSHIP OF *(Name)*: EVA AL-ZAGHARI | CASE NUMBER: |
|---|---|
| CONSERVATEE | 108876 LPS |

## LETTERS OF CONSERVATORSHIP

### AFFIRMATION

I solemnly affirm that I will perform according to law the duties of     [X] conservator     [ ] limited conservator.

Executed on *(date)*:  *June 13, 2005*, at *(place)*:    SAN MATEO, CALIFORNIA

▶ _____
(SIGNATURE OF APPOINTEE)

SAN MATEO COUNTY PUBLIC GUARDIAN

### CERTIFICATION

I certify that this document and any attachments is a correct copy of the original on file in my office, and that the letters issued to the person appointed above have not been revoked, annulled, or set aside, and are still in full force and effect.

Date:                                    Clerk, by _____ , Deputy

(SEAL)

**§ 2310**                                          **PROTECTIVE PROCEEDINGS**
                                                                    Div. 4

## § 2310.  Issuance; evidence of appointment; warning

(a) The appointment, the taking of the oath, and the filing of the bond, if required, shall thereafter be evidenced by the issuance of letters by the clerk of the court.

(b) The order appointing a guardian or conservator shall state in capital letters on the first page of the order, in at least 12–point type, the following: "WARNING: THIS APPOINTMENT IS NOT EFFECTIVE UNTIL LETTERS HAVE ISSUED."

(Stats.1990, c. 79 (A.B.759), § 14, operative July 1, 1991.  Amended by Stats.1996, c. 862 (A.B.2751), § 7.)

### Law Revision Commission Comment

#### 1990 Enactment

Section 2310 continues Section 2310 of the repealed Probate Code without substantive change.  See Section 52(b) (defining "letters").  For background on the provisions of this part, see the Comment to this part under the part heading. [20 Cal.L.Rev.Comm.Reports 1001 (1990) ].

### OFFICIAL FORMS

*Mandatory and optional Forms adopted and approved by the Judicial Council are set out in West's California Judicial Council Forms Pamphlet.*

### Historical and Statutory Notes

The 1996 amendment designated the existing text as subd. (a); and added subd. (b), providing for a warning.

Former § 2310, added by Stats.1979, c. 726, § 3, relating to similar subject matter, was repealed by Stats.1990, c. 79 (A.B.759), § 13, operative July 1, 1991.  See this section.

Transitional provisions, see Probate Code § 3. For text of former section, see Appendix (App. § 1 et seq.) at end of Code.

**Derivation:** Former § 1481, enacted by Stats. 1931, c. 281, p. 673, § 1481.

Former § 1801, added by Stats.1957, c. 1902, § 1, amended by Stats.1976, c. 1357, § 28.

Former § 2310, added by Stats.1979, c. 726, § 3.

C.C.P. § 1754, amended by Code Am.1880, c. 74, § 5; Stats.1921, c. 122, § 4.

Stats.1850, c. 115, § 8; Stats.1861, c. 531, § 2.

### West's California Code Forms

See West's Cal. Code Forms, Probate § 2310—FORM 1.
See West's Cal. Code Forms, Probate § 2310—FORM 2.

### Cross References

Additional conditions in order of appointment, inclusion in letters, see Probate Code § 2358.
Filing bond with court, see Code of Civil Procedure § 995.340.
Letters, defined, see Probate Code § 52.
Letters of temporary guardianship or conservatorship, see Probate Code §§ 2251, 2252.
Oaths, affirmation in lieu of, see Code of Civil Procedure § 2015.6.
Oaths, officers authorized to administer, see Government Code § 1225.

### Library References

Guardian and Ward ⟐16.
Mental Health ⟐166.
Westlaw Topic Nos. 196, 257A.
C.J.S. Guardian and Ward § 34.
C.J.S. Insane Persons § 141.

**Legal Jurisprudences**
Cal Jur 3d Guard & C § 82.

**Treatises and Practice Aids**
Witkin, Summary (9th ed) Wills §§ 874, 908.

356

11/17/04 Flynn
Exhibit 3

2.    The "victim", my daughter, is not a felon, as her custodial county

psychiatrist, Dr. Eugene Lee, M.D. testified at my trial in this case.

Source of Evidence: transcript of trial in this case; No law

enforcement reports of felonious conduct.

3.    The "victim" is not an LPS patient.  There is no order-after-hearing

declaring her to be LPS, because there never was a hearing.

Sources of Evidence:  Court record, medical record, Witnesses:

County Counsels Peter Finck and Judith A. Holiber; Private Defenders Jeff

Hayden, Anne Murphy, Robert E. Daye, County psychiatrist Dr. Mary

Margaret Flynn, M.D., Deputy Public Guardians Susann Woods, Marcelle

Moon, and others.

4.    Eva Al-Zaghari was railroaded into a conservatorship.

March 27, 2003

Beginning March 27,  2003, county social workers from Adult

Protective Services saw my mother's quitclaim of her properties to me as

financial abuse and caused the monitoring of and invasion into my

household by law enforcement and other government employees, such as

county nurses, psychiatrists, attorneys, and social workers, most of whom

were anxious to separate my mother and my daughter from me.

July 29, 2004

There is a history of false alarms since July 29, 2004, so that Eva Al-Z. would be detained by unknown persons, then quickly released by the hospital staff.

Sources of evidence: Records of the court, law enforcement, psychiatrists, doctors, Fire Department paramedics, the above county government officers, 911 Public Safety Communication

November 17, 2004

Around two weeks before November 17, 2004, a county psychiatrist Dr. Mary Margaret Flynn, M.D. wrote in her medical record that she was aware that Eva Al-Z. was intelligent and had been tortured by Palestinians in the Middle East in 1998.

On November 17, 2004, Dr. Flynn wrote in her medical record, "The probate conservaor [deputy Public Guardian Dr. Susann Wood, Ph.D.] of Eva's maternal grandmother who lives in home with Eva and Mrs. [Remmert] called." Dr. Flynn apparently received information that I was "suing the probate conservators". Dr. Flynn's last thoughts on the subject were as follows: "However, I cannot conserve Eva and I also don't think

PETITION FOR WRIT OF HABEAS CORPUS                                    6e

clinically it would be helpful to take Eva away from the family

necessarily..." (Exhibit 3, where I underlined certain key words, follows.)

1 33548
U                    U19
11/05/04        PCP
PCC
SMMC  ADM

11/17/2004 3:21 PM  Wednesday
Psychiatry Note: **Eva Al-Zaghari,    Room 303-1**
**S:** *Yes, I will.*
**O:** Patient was able to speak in a more normal tone of voice for about three sentences. Then she spoke at some length and I couldn't understand a word she said and she diminished the sound of her voice to where she was sub vocalizing, and then just moving her lips to her self. She avoided eye contact. She is internally preoccupied and appeared to be hallucinating throughout the interview. She was less anxious. She was able to provide some information in normal tone of voice e.g. her birthday. She willingly signed forms for us to send discharge summary to her internist and to Dr. Verby. She clearly said she is glad to be going home. She became more anxious and subvocalized more when I attempted to talk with her about DM and hypertension. She has no insight and grossly impaired judgment.
**Collateral contact:** The probate conservator of Eva's maternal grandmother who lives in home with Eva and Mrs. Remertz called. The grandmother is Eva's mother's mother. And Eva's mother's father (the maternal grandfather) owns the home and wants to evict Eva and Eva's mother, his daughter from the home. Eva's mother, Mrs. Remertz has been managing the wealth and properties of her father and mother. The guardianship of the grandmother wants the grandmother moved to a skilled nursing facility and is hoping to be able to protect the assets of the family, which are apparently dwindling secondary to Eva's mother's (Mrs. Remertz's) business practices and poor judgments. The maternal grandmother does have paranoid schizophrenia. In talking with Mrs. Remertz, she describes another female relative with being diagnosed with schizophrenia but "she is normal now". Talked with mother today. Mother verbally agreed to give Eva the geodon and her antihypertensive and antidiabetic medication. I strongly recommended to the mother that as Dr Verby is a pediatrician and not psychiatrist that Eva get and adult psychiatrist to follow her schizophrenia. Mother herself remain NOT convinced Eva has schizophrenia or even DM and HBP but is saying she will have her take medications. Eva's mother is more focused on getting Eva to her visitations with her son, to suing the probate conservators, suing g her father to remain in the house. However I cannot conserve Eva and I also don't think clinically it would be helpful to take Eva away from the family necessarily, particularly if her mother will follow through with the medical and psychiatric follow p I will be writing out and recommending to her, Dr Verb, The internist, the psychologist and all the other collateral contacts this stay.
**A:** no change in DX
**P:** Mrs. Remertz received instruction today on how to do the finger sticks. She also expressed concern about Eva's hirsute, and endocrine and Ob-Gyn problems.
Mary Margaret Flynn MD

11/18/04 Flynn
Exhibit 4

November 18, 2004

On November 18, 2004, in Exhibit 4, Dr. Flynn was still unwilling to conserve Eva Al-Z. She stated in her medical record that "[Eva Al-Z] does not meet legal criteria for conservatorship under LPS law." Exhibit 4, where I bracketed the relevant portion, follows.

A.                         P. 0096
1 .93    5              3338C031
U              U19
11/06/04    PCP
PCC
SMMC ADM

11/18/2004 4:21 PM Thursday

Psychiatry Note: **Eva Alzaahari. Room 303-1**

O: Met with patient and her mother. MSE: Patient I believe for the first time since admission is dressed in something other than hospital gown. She is alert and oriented. She avoids eye contact. Most of her brief responses are in the altered squeaky voice. She acknowledges she is looking forward to discharge tomorrow. She appears very internally preoccupied but was able to remain through the entire interview. She said she would take her medications. She knows she has diabetes. She did not know she has hypertension. She has no insight and grossly impaired judgment. She has not engaged in any further assautative behaviors. She continues to frequently "hide" in the bathroom.    Discussed with mother the glucoscan, monitoring BP, taking geodon. I called and spoke with Dr Verby. Patient has appointment Monday Nov 22, 2005 with him and the week of Dec 1 with internist  See discharg summary sheet.

A: no change in Dx

P: discharge tomorrow to mother's care and with physicians as noted in chart. I am unable to conserve this patient, as she does not meet legal criteria for conservatorship under the LPS law.  In addition she is more anxious in the hospital . If her mother will indeed follow through and give the patient her antispcyhotic medicine as wel as meds for her medical problem prognosis is better.  But unfortunately mother's judgment has not been particularly good in the past, although she is verbalizing compliance with giving her daughter the medicine. And monitoring her glucose and HBP.

Mary Margaret Flynn MD

Exhibit 5

However, I continued to complain to authorities against Ms. Woods

retaliatory removal of my mother from our home on December 6, 2004.

### March 26, 2005

No Fire Department paramedics called by the county recommended

emergency care under a 5150 during the period of the county's investigation

for Eva Al-Z.'s conservatorship (March 26, 2005 through June 7, 2005, the

date of the Probate Court trial and conservatorship order).

Nor did the paramedics of American Ambulance Response

recommend emergency care under a 5150 during the period of the county's

investigation for a conservatorship (March 26, 2005 through June 7, 2005,

the date of the Probate Court trial and conservatorship order).

A 911 Public Safety Communication document, Exhibit 5

Re:         Welfare Check (on Julia C. Venoya)
Date/Time: 03-26-05
Case No.:   SOS050001750
Location:   990 Berkeley Avenue (also Eva Al-Zaghari's address)

Page 6 refers to statement about Eva Al-Zaghari and lists her case

number as SOS050001748. Beginning on line 518, the Communications

states, "Cancel the 5150 case #...1748...Medical only Not 5150 per

medics." Exhibit 5 follows.

PETITION FOR WRIT OF HABEAS CORPUS                                    6h



COUNTY OF SAN MATEO
911 Public Safety Communications
Hall of Justice and Records
400 County Center, EPS-103
Redwood City, CA  94063

Date: May 26th, 2005

To:        Shirley Remmert/ Citizen

From:      Jaime D. Young, Manager, 911 Public Safety Communications

Subject:   CERTIFICATION OF COPIES FROM ORIGINAL TRANSCRIPTS

**RE:          Welfare Check**
**Date/Time:   03/26/05**
**Case No:     SOS050001750**
**Location:        990 Berkeley Ave**

As a fully employed member of the San Mateo County Communications Dispatch Staff,
I certify that the enclosed CAD document was reproduced by me on  May 26th, 2005 and
that it is a true and accurate copy of the original.

Certified by:

*Pauline J. Hutchens*

Pauline J. Hutchens
Custodian of Records
(650) 363-4630

```
501          MISC      ____K    ,CHECKING INSIDE 990 __  THE VICT - THERE'S ALSO
                                 A 5150 SUBJ IN THE RESN
501          SUPP               ,CODE 33 *******
501          SUPP               ,CORRECTION BK21 ASKING FOR CODE33
504          OK        2BK21    , CODE 4 NO V, 33 YO FEMALE UNRESPONSIVE, LAYING
                                 IN BED, BREATHING, SEPERATE SUBJ
504  (TMG )  $CROSS             #MNF050850010
505          $CROSS             #EMS05010331
505          MISC               Chief complaint: UNRESP FEMALE
                                Code of response: 3
                                Anyone on scene with patient: Y
                                Age: 30 YOF
                                Conscious: N
                                Breathing: Y
                                Chest pain: UNK
                                Bleeding: UNK
05   (PMR )  MISC      2BK21    ,CANCELLING CODE 33
05           ONSCNE    2BK10
08           ONSCNE    2BK10    , FIRE OS
10           SUPP               TXT: BRM PD ADVISED WE DID HOUSE CHECK ,AND DO N
                                O THAVE THE V/ // PER BRM PD COMMANDER - ADAMANT
                                 THAT 997 MIGHT ALSO BE RELATED ADDR. 2S10 COPIE
                                D THE INFO , AND WILL MAKE SURE 997 ALSO GETS CH
                                ECKED
10           NEWLOC    2BK10    [997 BERK ]
13           MISC      2BK10    ,THERE IS NO SUCH ADDR AS 997 BERK
14           ASNCAS    2BK21    $SOS050001748 ,*****5150 NOT RELATED TO THE WEL
                                CK ON THE 207 VICT - BUT AT SAME LOCATION.
16           MISC      2BK21    ,UNRESPONSIVE SUBJ WAS LOCATED IN THE RESN, WHEN
                                 DOING CHECK FOR THE 207 VICT. 5150 UNRELATED TO
                                 INITIAL CALL
18           MISC      2BK21    ,PARAMEDCS ON SCENE, HAVE DETERMINED THIS TO BE
                                MEDICAL ONLY, CANCEL THE 5150 CASE #
19           CANCAS             $SOS050001748 ,CS # CANCELLED PER BK21 REQUEST M
                                EDICAL ONLY NOT 5150 PER MEDICS
23           MISC      2BK10    ,BRM PD ON SCENE
3            ASSTOS    24BRM    [997 BERK ]
3    (******) FROM
5    (HEM  )  SUPP               ,ROOM 607 AT PACIFIC INN -- THE 1065 IS THERE
5    (PMR )   NEWLOC    2BK10    [990]
5            NEWLOC    24BRM    [990]
6            $PREMPT   24BRM
6            $ASSTOS   28BRM
6            EXCH      24BRM    28BRM
6            SUPP               TXT: BRM PD ADVISED THERE IS NO SUCH ADDR AS 997
                                 BERK - BK10 CHECKED
7    (HEM  )  ASSTOS    22RCY    [PACIFIC INN #RM 607]
7    (******) FROM
1    (PMR )   CLEAR     2S10
5            CLEAR     2B20
6            $PREMPT   2BK21
3            CLEAR     2BK10
3            CLEAR     22RCY    DSP: OTH
                                ,BRM PD TO HANDLE
3            CLEAR     28BRM
3            CLOSE     28BRM
3            MISC               ,RDD 24439 03/26/05 16:12
3            MISC               ,BRL 00002 03/26/05 16:12
3            MISC               ,03/26/05  16:12:23 TO APC, C:GGCH, C:PCO0, C:PA
```

1346

The following exhibits are reports from the Menlo Park Fire

Protection District revealing three incidents in which the county or an

unknown person summoned emergency aid for my mother or my daughter

and no aid was needed:

## MENLO PARK FIRE PROTECTION DISTRICT

| Date | Incident No. | Person Reported as Injured Or Harmful to Self Or Harmful to Others | Response |
|------|--------------|----------------------------------|----------|
| 8-02-04 | 04-0004510 | Julia C. Venoya | No Aid Given |
| 3-26-05 | 05-0001781 | Eva D. Al-Zaghari | No Aid Given |
| 6-12-05 | 05-0003360 | Eva D. Al-Zaghari | No Aid Given |

*Exhibit 5*
*Continued*

**A** | NFIRS -1 Basic

| 41050 | CA | 08 | C | 2004 | 1 | 04-0004510 | 000 | ☐ Change ☐ No Activity |
|---|---|---|---|---|---|---|---|---|
| FDID ★ | State ★ | | | | Station | Incident Number ★ | Exposure ★ | |

☐ Check this box to indicate that the address for this incident is provided on the Wildland Fire Module in Section B "Alternative Location Specification". Use only for Wildland fires.     Census Tract [      ] - [      ]

**B  Location ★**

- [X] Street address
- [ ] Intersection
- [ ] In front of
- [ ] Rear of
- [ ] Adjacent to
- [ ] Directions

| 990 | | BERKELEY | | AV | |
|---|---|---|---|---|---|
| Number/Milepost | Prefix | Street or Highway | | Street Type | Suffix |

| Apt./Suite/Room | Menlo Park | | CA | 94025 | - |
|---|---|---|---|---|---|
| | City | | State | Zip Code | |

Cross street or directions, as applicable

**C  Incident Type ★**

| 710 | Malicious, mischievous false |
|---|---|
| Incident Type | |

**D  Aid Given or Received ★**

1 ☐ Mutual aid received
2 ☐ Automatic aid recv.       Their FDID  Their State
3 ☐ Mutual aid given
4 ☐ Automatic aid given       Their Incident Number
5 ☐ Other aid given
N [X] None

**E1  Date & Times**                  Midnight is 0000

Check boxes if dates are the same as Alarm Date.   ALARM always required

| | Month | Day | Year | Hr Min Sec |
|---|---|---|---|---|
| Alarm ★ | 08 | 02 | 2004 | 14:16:55 |

ARRIVAL required, unless canceled or did not arrive

| ☐ Arrival ★ | 08 | 02 | 2004 | 14:21:11 |
|---|---|---|---|---|

CONTROLLED Optional, Except for wildland fires

☐ Controlled | | | | |

LAST UNIT CLEARED, required except for wildland fires

| Last Unit ☐ Cleared | 08 | 02 | 2004 | 14:33:04 |
|---|---|---|---|---|

**E2  Shift & Alarms**       Local Option

| C | | 1 |
|---|---|---|
| Shift or Platoon | Alarms | District |

**E3  Special Studies**       Local Option

| Special Study ID# | Special Study Value |
|---|---|

**F  Actions Taken ★**

| 80 | Information, |
|---|---|
| Primary Action Taken (1) | |

| | |
|---|---|
| Additional Action Taken (2) | |

| | |
|---|---|
| Additional Action Taken (3) | |

**G1  Resources**

[X] Check this box and skip this section if an Apparatus or Personnel form is used.

| | Apparatus | Personnel |
|---|---|---|
| Suppression | | |
| EMS | | |
| Other | 0001 | 0003 |

☐ Check box if resource counts include aid received resources.

**G2  Estimated Dollar Losses & Values**

LOSSES: Required for all fires if known. Optional for non fires.                     None

| Property $ | | , | 000 | , | 000 | ☐ |
|---|---|---|---|---|---|---|
| Contents $ | | , | 000 | , | 000 | ☐ |

PRE-INCIDENT VALUE:   Optional

| Property $ | | , | 000 | , | 000 | ☐ |
|---|---|---|---|---|---|---|
| Contents $ | | , | 000 | , | 000 | ☐ |

**Completed Modules**

- [ ] Fire-2
- [ ] Structure-3
- [ ] Civil Fire Cas.-4
- [ ] Fire Serv. Cas.-5
- [ ] EMS-6
- [ ] HazMat-7
- [ ] Wildland Fire-8
- [ ] Apparatus-9
- [ ] Personnel-10
- [ ] Arson-11

**H1 ★ Casualties** ☐ None

| | Deaths | Injuries |
|---|---|---|
| Fire Service | | |
| Civilian | | |

**H2  Detector**
Required for Confined Fires.

1 ☐ Detector alerted occupants
2 ☐ Detector did not alert us
U ☐ Unknown

**H3  Hazardous Materials Release**

N ☐ None
1 ☐ Natural Gas: slow leak, no evacuation or HazMat actions
2 ☐ Propane gas: <21 lb. tank (as in home BBQ grill)
3 ☐ Gasoline: vehicle fuel tank or portable container
4 ☐ Kerosene: fuel burning equipment or portable storage
5 ☐ Diesel fuel/fuel oil: vehicle fuel tank or portable
6 ☐ Household solvents: home/office spill, cleanup only
7 ☐ Motor oil: from engine or portable container
8 ☐ Paint: from paint cans totaling < 55 gallons
0 ☐ Other: Special HazMat actions required or spill > 55gal., Please complete the HazMat form

**I  Mixed Use Property**

NN [X] Not Mixed
10 ☐ Assembly use
20 ☐ Education use
33 ☐ Medical use
40 ☐ Residential use
51 ☐ Row of stores
53 ☐ Enclosed mall
58 ☐ Bus. & Residential
59 ☐ Office use
60 ☐ Industrial use
63 ☐ Military use
65 ☐ Farm use
00 ☐ Other mixed use

**J  Property Use ★     Structures**

- L31 ☐ Church, place of worship
- L61 ☐ Restaurant or cafeteria
- 62 ☐ Bar/Tavern or nightclub
- 213 ☐ Elementary school or kindergarten
- 215 ☐ High school or junior high
- 241 ☐ College, adult education
- 11 ☐ Care facility for the aged
- 31 ☐ Hospital

| 341 ☐ Clinic, clinic type infirmary | 539 ☐ Household goods, sales, repairs |
|---|---|
| 342 ☐ Doctor/dentist office | 579 ☐ Motor vehicle/boat sales/repair |
| 361 ☐ Prison or jail, not juvenile | 571 ☐ Gas or service station |
| 419 [X] 1- or 2-family dwelling | 599 ☐ Business office |
| 429 ☐ Multi-family dwelling | 615 ☐ Electric generating plant |
| 439 ☐ Rooming/boarding house | 629 ☐ Laboratory/science lab |
| 449 ☐ Commercial hotel or motel | 700 ☐ Manufacturing plant |
| 459 ☐ Residential, board and care | 819 ☐ Livestock/poultry storage (barn) |
| 464 ☐ Dormitory/barracks | 882 ☐ Non-residential parking garage |
| 519 ☐ Food and beverage sales | 891 ☐ Warehouse |

**Outside**

- 24 ☐ Playground or park
- 55 ☐ Crops or orchard
- 69 ☐ Forest (timberland)
- 07 ☐ Outdoor storage area
- 19 ☐ Dump or sanitary landfill
- 31 ☐ Open land or field

| 936 ☐ Vacant lot | 981 ☐ Construction site |
|---|---|
| 938 ☐ Graded/care for plot of land | 984 ☐ Industrial plant yard |
| 946 ☐ Lake, river, stream | |
| 951 ☐ Railroad right of way | Lookup and enter a Property Use code only if you have NOT checked a Property Use box: |
| 960 ☐ Other street | |
| 961 ☐ Highway/divided highway | Property Use  [419] |
| 962 ☐ Residential street/driveway | |

1 or 2 family dwelling
NFIRS-1 Revision 03/11/99

d                                    41050    08/02/04    04-0004510

**K1 · Person/Entity Involved**

Local Option

_ess name (if applicable)          Area Code    Phone Number

☐ Check This Box if same address as incident location. Then skip the three duplicate address lines.

Mr.,Ms., Mrs. First Name          MI    Last Name          Suffix

Number          Prefix  Street or Highway          Street Type    Suffix

Post Office Box          Apt./Suite/Room    City

State    Zip Code

☐ **More people involved? Check this box and attach Supplemental Forms (NFIRS-1S) as necessary**

**K2 Owner**  ☐ Same as person involved? Then check this box and skip The rest of this section.

Local Option          Business name (if Applicable)          Area Code    Phone Number

☐ Check this box if same address as incident location. Then skip the three duplicate address lines.

Mr.,Ms., Mrs. First Name          MI    Last Name          Suffix

Number          Prefix  Street or Highway          Street Type    Suffix

Post Office Box          Apt./Suite/Room    City

State    Zip Code

**L  Remarks**

Local Option

Engine One responded on a reported medical aid.  On arrival Engine One found an Elderly woman who was waking up from a nap being cared for a caregiver.  There was no medical merit and was called in by a third party who had not seen the woman in question the day of the incident.  San County Sheriff was contacted.

**; Authorization**

| M084 | Wurdinger, John J | E03 | | 08 | 03 | 2004 |
|---|---|---|---|---|---|---|
| Officer in charge ID | Signature | Position or rank | Assignment | Month | Day | Year |

heck ☑ M084
ʒx if
ame
s Officer  Member making report ID
ι charge.

| M084 | Wurdinger, John J | E03 | | 08 | 03 | 2004 |
|---|---|---|---|---|---|---|
| | Signature | Position or rank | Assignment | Month | Day | Year |

| 41050 | | CA | | 8 | | | 2004 | | | 1 | | | 04-000451 | | | 000 | | Complete Narrative |
| FDID ★ | | State ★ | Incident Date ★ | | | | | | | Station | | | Incident Number ★ | | | Exposure ★ | | |

**Narrative:**

Engine One responded on a reported medical aid. On arrival Engine One found an Elderly woman who was waking up from a nap being cared for a caregiver. There was no medical merit and was called in by a third party who had not seen the woman in question the day of the incident. San County Sheriff was contacted.

| 41,050 | CA | 8 | 2 | 2004 | 1 | 04-000451C | 000 | Complete Narrative |
|--------|----|----|----|------|---|------------|-----|----|
| FDID | State | Incident Date | | | Station | Incident Number | Exposure | |

**Narrative:**

Engine One responded on a reported medical aid.  On arrival Engine One found an Elderly woman who was waking up from a nap being cared for a caregiver.  There was no medical merit and was called in by a third party who had not seen the woman in question the day of the incident. San County Sheriff was contacted.

fd                                                                                      41050      08/02/04      04-0004510

Exhibit 5 continued

## A

| 41050 | CA | 03 | 2005 | 5 | 05-000178 | 000 | ☐ Delete | NFIRS -1 |
| FDID ★ | State ★ | Incident Date ★ | | Station | Incident Number ★ | Exposure ★ | ☐ Change<br>☐ No Activity | Basic |

## B Location★

☐ Check this box to indicate that the address for this incident is provided on the Wildland Fire Module in Section B "Alternative Location Specification". Use only for Wildland fires.   Census Tract |___|—|___|

☒ Street address

| | 990 | | BERKELEY | | | AV | |
| | Number/Milepost | Prefix | Street or Highway | | | Street Type | Suffix |

☐ Intersection
☐ In front of
☐ Rear of
☐ Adjacent to
☐ Directions

| Apt./Suite/Room | Menlo Park | | CA | 94025 | — |
| | City | | State | Zip Code | |

Cross street or directions, as applicable

## C Incident Type ★

| 321 | EMS call, excluding vehicle |
| Incident Type | |

## D Aid Given or Received ★

1 ☐ Mutual aid received
2 ☐ Automatic aid recv.     Their FDID / Their State
3 ☐ Mutual aid given
4 ☐ Automatic aid given
5 ☐ Other aid given     Their Incident Number
N ☒ None

## F Actions Taken ★

| 33 | Provide advanced life |
| Primary Action Taken (1) | |

| | | |
| Additional Action Taken (2) | | |

| | | |
| Additional Action Taken (3) | | |

## E1 Date & Times

Midnight is 0000

Check boxes if dates are the same as Alarm Date.   ALARM always required

| | Month | Day | Year | Hr Min Sec |
| Alarm ★ | 03 | 26 | 2005 | 15:05:05 |

ARRIVAL required, unless canceled or did not arrive

| ☐ | Arrival ★ | 03 | 26 | 2005 | 15:08:13 |

CONTROLLED Optional, Except for wildland fires

☐ Controlled |___|___|___| |___|___|___|

LAST UNIT CLEARED, required except for wildland fires

| ☐ | Last Unit Cleared | 03 | 26 | 2005 | 15:21:32 |

## E2 Shift & Alarms

Local Option

| | B | | 1 |
| Shift or | Alarms | | District |
| Platoon | | | |

## E3 Special Studies

Local Option

| Special Study ID# | Special Study Value |

## G1 Resources ★

☒ Check this box and skip this section if an Apparatus or Personnel form is used.

| | Apparatus | Personnel |
| Suppression | | |
| EMS | 0001 | 0003 |
| Other | | |

☐ Check box if resource counts include aid received resources.

## G2 Estimated Dollar Losses & Values

LOSSES: Required for all fires if known. Optional for non fires.   None

| Property $ | |___|, | 000 |, | 000 | ☐ |
| Contents $ | |___|, | 000 |, | 000 | ☐ |

PRE-INCIDENT VALUE: Optional

| Property $ | |___|, | 000 |, | 000 | ☐ |
| Contents $ | |___|, | 000 |, | 000 | ☐ |

## Completed Modules

☐ Fire-2
☐ Structure-3
☐ Civil Fire Cas.-4
☐ Fire Serv. Cas.-5
☐ EMS-6
☐ HazMat-7
☐ Wildland Fire-8
☐ Apparatus-9
☐ Personnel-10
☐ Arson-11

## H1 ★ Casualties ☐ None

| | Deaths | Injuries |
| Fire Service | | |
| Civilian | | |

## H2 Detector

Required for Confined Fires.

1 ☐ Detector alerted occupants
2 ☐ Detector did not alert them
U ☐ Unknown

## H3 Hazardous Materials Release

N ☐ None
1 ☐ Natural Gas: slow leak, no evacuation or HazMat actions
2 ☐ Propane gas: <21 lb. tank (as in home BBQ grill)
3 ☐ Gasoline: vehicle fuel tank or portable container
4 ☐ Kerosene: fuel burning equipment or portable storage
5 ☐ Diesel fuel/fuel oil: vehicle fuel tank or portable
6 ☐ Household solvents: home/office spill, cleanup only
7 ☐ Motor oil: from engine or portable container
8 ☐ Paint: from paint cans totaling < 55 gallons
0 ☐ Other: Special HazMat actions required or spill > 55gal., Please complete the HazMat form

## I Mixed Use Property

| NN | ☒ Not Mixed |
| 10 | ☐ Assembly use |
| 20 | ☐ Education use |
| 33 | ☐ Medical use |
| 40 | ☐ Residential use |
| 51 | ☐ Row of stores |
| 53 | ☐ Enclosed mall |
| 58 | ☐ Bus. & Residential |
| 59 | ☐ Office use |
| 60 | ☐ Industrial use |
| 63 | ☐ Military use |
| 65 | ☐ Farm use |
| 00 | ☐ Other mixed use |

## J Property Use★   Structures

131 ☐ Church, place of worship
161 ☐ Restaurant or cafeteria
162 ☐ Bar/Tavern or nightclub
213 ☐ Elementary school or kindergarten
215 ☐ High school or junior high
241 ☐ College, adult education
311 ☐ Care facility for the aged
331 ☐ Hospital

341 ☐ Clinic, clinic type infirmary
342 ☐ Doctor/dentist office
361 ☐ Prison or jail, not juvenile
419 ☒ 1-or 2-family dwelling
429 ☐ Multi-family dwelling
439 ☐ Rooming/boarding house
449 ☐ Commercial hotel or motel
459 ☐ Residential, board and care
464 ☐ Dormitory/barracks
519 ☐ Food and beverage sales

539 ☐ Household goods, sales, repairs
579 ☐ Motor vehicle/boat sales/repair
571 ☐ Gas or service station
599 ☐ Business office
615 ☐ Electric generating plant
629 ☐ Laboratory/science lab
700 ☐ Manufacturing plant
819 ☐ Livestock/poultry storage(barn)
882 ☐ Non-residential parking garage
891 ☐ Warehouse

### Outside

124 ☐ Playground or park
655 ☐ Crops or orchard
669 ☐ Forest (timberland)
807 ☐ Outdoor storage area
919 ☐ Dump or sanitary landfill
931 ☐ Open land or field

936 ☐ Vacant lot
938 ☐ Graded/care for plot of land
946 ☐ Lake, river, stream
951 ☐ Railroad right of way
960 ☐ Other street
961 ☐ Highway/divided highway
962 ☐ Residential street/driveway

981 ☐ Construction site
984 ☐ Industrial plant yard

Lookup and enter a Property Use code only if you have NOT checked a Property Use box:

Property Use | 419 |

| 1 or 2 family dwelling |

NFIRS-1 Revision 03/11/99

## K1  Person/Entity Involved
Local Option

☐ Check This Box if same address as incident location. Then skip the three duplicate address lines.

Business name (if applicable)     Area Code   Phone Number

Mr.,Ms., Mrs.  First Name    MI   Last Name    Suffix

Number   Prefix  Street or Highway    Street Type   Suffix

Post Office Box    Apt./Suite/Room   City

State   Zip Code

☐ **More people involved? Check this box and attach Supplemental Forms (NFIRS-1S) as necessary**

## K2  Owner
☐ Same as person involved? Then check this box and skip the rest of this section.

Local Option

Business name (if Applicable)    Area Code   Phone Number

☐ Check this box if same address as incident location. Then skip the three duplicate address lines.

Mr.,Ms., Mrs.  First Name    MI   Last Name    Suffix

Number   Prefix  Street or Highway    Street Type   Suffix

Post Office Box    Apt./Suite/Room   City

State   Zip Code

## L  Remarks
Local Option

Incident received as a ALOC.

See PCR for details.

## Authorization

| Officer in charge ID | Signature | Position or rank | Assignment | Month | Day | Year |
|---|---|---|---|---|---|---|
| MO44 | Smith, Thomas E | CM3 | | 03 | 26 | 2005 |

☒ Member making report ID   MO44   Smith, Thomas E   CM3    03   26   2005

Officer in charge.

41050   03/26/05   05-0001781

| 41050 | CA | 3 | 26 | 2005 | 5 | 05-0001781 | 000 | Complete |
|---|---|---|---|---|---|---|---|---|
| FDID | State | Incident Date | | | Station | Incident Number | Exposure | Narrative |

**Narrative:**

Incident received as a ALOC.

See PCR for details.

| 41050 | CA | 3 | 26 | 2005 | 5 | 05-0001787 | 000 | Complete Narrative |
| FDID | State | Incident Date | | | Station | Incident Number | Exposure | |

**Narrative:**

Incident received as a ALOC.

See PCR for details.

fd

41050      03/26/05      05-0001781

# SAN MATEO PREHOSPITAL CARE REPORT   Major Trauma ☐

410217

**DISPATCH**

| MO/DAY/YR 3-26-05 | LOC. ZONE | UNIT ID E-5 | PRIORITY ☒1 ☐3 CHANGED TO ☐1 ☐3 | A# or CASE# 1781 | DISPATCH 1505 | 10-97 1508 | 10-49 — | 10-7 1521 |

| INCIDENT LOCATION 990 BERKELEY AVE | CITY MP | RESPONDING FROM St | PT# 1—1 | OF | 10-22 | START | END |

FIRST IN:   FD:   PD: X   CHP:   SHERIFF:   AMB:   OTHER

**PATIENT I.D.**

PATIENT NAME (LAST) Unknown   (FIRST) EVA   (M.I.)   DOB. MO/DAY/YR   PATIENT'S HOME TELEPHONE ( )

RESIDENCE ADDRESS   CITY   STATE/ ZIP

RESPONSIBLE PARTY   RESPONSIBLE PARTY TELEPHONE ( )   INSURANCE (Y - N)   I.D. NUMBER /SS#

| AGE: ~30 | SEX: ☐M ☒F | WT: 100 KG | P.M.D./HOSPITAL | ETA: MIN. | TRIAGE TAG #: |

BEFORE ARRIVAL ☐1ST. RESPONDER ☐CITIZEN ☐OTHER ☐02 ☐1ST. AID ☐OTHER:   ☐CPR #MIN. DOWN:   ☐AED

**HISTORY AND CONDITION**

GENERAL ASSESSMENT CODE:   TIME OF ONSET: unknown   PAST MED. HX: ☐ Asthma

CHIEF COMPLAINT None per Pt   ☐CARDIAC /   ☐CANCER /

HISTORY PRESENT ILLNESS

Arrived to find pt ~30 yr old
& A+Ox2 and uncooperative c̄
questions. Pt wouldn't answer
questions Re Hx, meds, complaints,
name etc. All vitals WNL.
Pt appeared lethargic and irritable.

☐CVA: ☐L ☐R SIDE ☐HTN ☐ASTHMA/EMPHYSEMA ☐SUBSTANCE ABUSE
☐SEIZURE ☐DIABETES ☐ETOH ON BREATH ☐PSYCH.
MEDS: Pt uncooperative c̄ questions

ALLERGIES: denied

| MVA | SPEED: | MPH | EXTR | MIN | ☐EJECTED ☐AMBULAT. |

COMMENTS:

IN VS
CAR / PICKUP
TRK / BUS ☐LAP BELT
BICYCLE ☐SHOULDER HARNESS
PEDESTRIAN ☐AIR BAG
MOTORCYCLE ☐CHILD RESTRAINT
☐HELMET
TRAIN ☐UNKNOWN
OTHER ☐NONE

POSITION

VEHICLE DAMAGE
☐NONE ☐MOD.
☐MINOR ☒MAJOR
☐ROLLOVER
ST. WHEEL
WINDSHIELD

BS 236   SpO₂ 98% RA

**PRIMARY AND SECONDARY SURVEY**

| AIRWAY | BREATHING | CIRCULATION | SKIN COLOR | SKIN TEMPERATURE | SKIN MOISTURE | PUPILS ☐PERL |
|---|---|---|---|---|---|---|
| ☒CLEAR | ☒NON-LABORED | CAPILLARY | ☒NORMAL | ☒WARM | ☒DRY | Pt wouldn't allow |
| ☐QUIET | ☐LABORED | REFILL | ☐CYANOTIC | ☐COOL | ☐MOIST | pupil R |
| ☐NOISY | ☐SHALLOW | ☒NORMAL | ☐PALE/ASHEN | ☐HOT | ☐PROFUSE | SIZE L R |
| ☐OBSTRUCTED | ☐IRREGULAR | ☐DELAYED | ☐FLUSHED | ☐COLD | | ☐DILATED ☐ ☐ REACTIVE ☐ |
| | ☐DEEP | ☐ABSENT | ☐JAUNDICED | | | ☐MIDRANGE ☐ ☐ SLUGGISH ☐ |
| | ☐RAPID | | | | | ☐CONSTRICT ☐ ☐ NON-REACT ☐ |
| | ☐ABSENT | | | | | |

| TIME | EYES OPEN | | | | VERBAL RESPONSE | | | | | MOTOR RESPONSE | | | | | | WNL | ABN | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | SPON | VOICE | PAIN | N/R | ORIENT | DISOR | INAP | INCOM | N/R | TO VERB | LOCAL PAIN | W/D | FLEX | EXT. | N/R | HEAD | ☐ | unremarkable | |
| 1508 | 4 | 3 | ②2 | 1 | 5 | ④4 | 3 | 2 | 1 | ⑥6 | 5 | 4 | 3 | 2 | 1 | ☒ NECK ☐ | | | |
| 1521 | 4 | 3 | 2 | 1 | 5 | 4 | 3 | 2 | 1 | 6 | 5 | 4 | 3 | 2 | 1 | ☒ CHEST ☐ | | | |
| | ④4 | 3 | 2 | 1 | ⑤5 | 4 | 3 | 2 | 1 | ⑥6 | 5 | 4 | 3 | 2 | 1 | ☒ LUNGS ☐ | | | |

INITIAL GCS: EYE: 2 + VERBAL: 4 + MOTOR: 6 = 12

☒ ABD ☐
☒ BACK ☐
☒ PELVIS ☐
EXTREMITIES:
☒ ARMS ☐
☒ LEGS ☐

| TIME 1510 | BLOOD PRESSURE 14/88 | PULSE 82 | RESP 14 | POSITION — θ | BY: E-5 |

| 1512 | INITIAL EKG: S(I)ECTIPY EKG AT 10-7: ☒NO CHANGE |

**NURSE**

| AIRWAY | ☐OPA | ☐NPA | ☐SUCTION | ☒O2 | TIME 1510 | BLS | | TIME | | TIME | | TIME |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ☐ETT | ☐PD | ☐EOA | ☐CRIC | ☒CANNULA ☐BVM | | ☒ASSESSMENT: 1509 | ☐IRRIGATION: | | ☐COLD PACKS: | | |
| TIME | # ATT | SIZE | SUCCESS | EMT-P # | ☐MASK ☐DEMAND VALVE | ☐CONTROL BLEED: | ☐SPLINT: | | ☐RESTRAINTS: | | |
| | Y N | | 4 L/MIN. | | ☐BAND & DRESS: | ☐TRACTION SPLINT: | ☐: | | |

| SPINAL CARE | TIME: | ALS ☐MAST APPLIED | TIME: | TIME: | BLOOD | IV SOLUTION | SITE | # ATT | RATE | GAUGE | ESTABLISH | CERT# |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ☐BACKBOARD ☐KED | | ☐LEGS INFLATED | | 1515 | Y N | N/S | hard ②R AC | 1 | SL | 20 | N | 18256 |
| ☐SCOOP / FLAT ☐C-COLLAR | | ☐ABD INFLATED | | | Y N | | | | | | Y N | |
| ☐IMMOBILIZE HEAD / TAPE | | | | | | | | | | | | |

| TIME | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**TREATMENT AND RESP**

No ACS TX By C - 5

AU Times Approx

S ee Adm12 PG2 for further

| CONT FORM □ | PHYSICIAN CONSULTATION   □ YES   □ NO<br>CONSULT FACILITY: | | | MICN | M.D. | | SIGNATURE OF M.D. ON SCENE | |

| TRANSPORT TO:<br>KRWC | PRIORITY □ 1  □ 3<br>CHANGED □ 1   □ 3 | ☑ CONTACT<br>ON BLUE | □ 1ST RESP.<br>ASSIST | REASON: □ PT / FAMILY REQ.□ M.D. REQ.□ OTHER<br>☑ CLOSEST  □ DIVERT  □ SPECIAL SERVICES | SIGNATURE OF R.N.<br>See A M |

NOT TRANSPORTED:  □ POV.   □ REFUSED   □ DOA   □ NO MERIT   □ OTHER                                        □ RELEASED SIGNED

| ATTENDANT SIGNATURE | CERT. #  □ EMT I<br>1825  ☑ EMT P<br>□ RN | DRIVER SIGNATURE | CERT. #  □ EMT I<br>□ EMT P<br>□ RN | CANDIDATE SIGNATURE | CERT. # |
| ATTENDANT NAME<br>D Coy C | I.D.<br>108 | DRIVER NAME<br>D Giraudo | I.D.<br>117 | LAST NAME | □ OBSERVER<br>□ INTERN<br>□ CAND/# |

E.D. DIAGNOSIS: _____                       □ DIER       □ ADMIT       □ DISCH       □ TRANS

Exhibit 5 continued

**A** | 41050 | CA | 06 | 2005 | 2 | 05-0003360 | 000 | ☐ Change ☐ No Activity | NFIRS -1 Basic

FDID ★  State ★  Incident Da.  ★  Station  Incident Number ★  Exposure ★

---

**B  Location★**

☐ Check this box to indicate that the address for this incident is provided on the Wildland Fire Module in Section B "Alternative Location Specification". Use only for Wildland fires.   Census Tract |____|_|____|

☒ Street address
☐ Intersection       | 990 | | BERKELEY |                              | AV |
☐ In front of        Number/Milepost  Prefix  Street or Highway                    Street Type  Suffix
☐ Rear of            | Menlo Park |                              | CA | 94025 |-|
☐ Adjacent to        Apt./Suite/Room  City                              State  Zip Code
☐ Directions
                     Cross street or directions, as applicable

---

**C  Incident Type ★**

| 321 | | EMS call, excluding vehicle |
Incident Type

**D  Aid Given or Received★**

1 ☐ Mutual aid received
2 ☐ Automatic aid recv.      Their FDID  Their State
3 ☐ Mutual aid given
4 ☐ Automatic aid given       Their
5 ☐ Other aid given           Incident Number
N ☒ None

**E1  Date & Times**                  Midnight is 0000

Check boxes if dates are the same as Alarm Date.   Month  Day  Year  Hr Min Sec
ALARM always required
Alarm ★   | 06 | 12 | 2005 | 15:05:30 |

ARRIVAL required, unless canceled or did not arrive
☐ Arrival ★   | 06 | 12 | 2005 | 15:11:40 |

CONTROLLED Optional, Except for wildland fires
☐ Controlled   |____|____|____|____|

LAST UNIT CLEARED, required except for wildland fires
Last Unit
☐ Cleared   | 06 | 12 | 2005 | 15:25:17 |

**E2  Shift & Alarms**
Local Option
| B |  | 1 |
Shift or  Alarms  District
Platoon

**E3  Special Studies**
Local Option

Special         Special
Study ID#       Study Value

---

**F  Actions Taken ★**

| 32 | | Provide basic life |
Primary Action Taken (1)

|____| |_____|
Additional Action Taken (2)

|____| |_____|
Additional Action Taken (3)

**G1  Resources**

☒ Check this box and skip this section if an Apparatus or Personnel form is used.

|            | Apparatus | Personnel |
| Suppression |           |           |
| EMS        | 0001      | 0003      |
| Other      |           |           |

☐ Check box if resource counts include aid received resources.

**G2  Estimated Dollar Losses & Values**

LOSSES: Required for all fires if known. Optional for non fires.                              None
Property $|____|,|____| 000|,|____| 000| ☐
Contents $|____|,|____| 000|,|____| 000| ☐

PRE-INCIDENT VALUE:  Optional
Property $|____|,|____| 000|,|____| 000| ☐
Contents $|____|,|____| 000|,|____| 000| ☐

---

**Completed Modules**

☐ Fire-2
☐ Structure-3
☐ Civil Fire Cas.-4
☐ Fire Serv. Cas.-5
☐ EMS-6
☐ HazMat-7
☐ Wildland Fire-8
☐ Apparatus-9
☐ Personnel-10
☐ Arson-11

**H1★ Casualties** ☐ None

|         | Deaths | Injuries |
| Fire Service |    |    |
| Civilian |    |    |

**H2  Detector**
Required for Confined Fires.
1 ☐ Detector alerted occupants
2 ☐ Detector did not alert them
U ☐ Unknown

**H3  Hazardous Materials Release**

N ☐ None
1 ☐ Natural Gas: slow leak, no evacuation or HazMat actions
2 ☐ Propane gas: <21 lb. tank (as in home BBQ grill)
3 ☐ Gasoline: vehicle fuel tank or portable container
4 ☐ Kerosene: fuel burning equipment or portable storage
5 ☐ Diesel fuel/fuel oil: vehicle fuel tank or portable
6 ☐ Household solvents: home/office spill, cleanup only
7 ☐ Motor oil: from engine or portable container
8 ☐ Paint: from paint cans totaling < 55 gallons
0 ☐ Other: Special HazMat actions required or spill > 55gal.,
     Please complete the HazMat form

**I  Mixed Use Property**

NN ☒ Not Mixed
10 ☐ Assembly use
20 ☐ Education use
33 ☐ Medical use
40 ☐ Residential use
51 ☐ Row of stores
53 ☐ Enclosed mall
58 ☐ Bus. & Residential
59 ☐ Office use
60 ☐ Industrial use
63 ☐ Military use
65 ☐ Farm use
00 ☐ Other mixed use

---

**J  Property Use★**   Structures

131 ☐ Church, place of worship
161 ☐ Restaurant or cafeteria
.62 ☐ Bar/Tavern or nightclub
213 ☐ Elementary school or kindergarten
215 ☐ High school or junior high
241 ☐ College, adult education
311 ☐ Care facility for the aged
31 ☐ Hospital

341 ☐ Clinic,clinic type infirmary
342 ☐ Doctor/dentist office
361 ☐ Prison or jail, not juvenile
419 ☒ 1-or 2-family dwelling
429 ☐ Multi-family dwelling
439 ☐ Rooming/boarding house
449 ☐ Commercial hotel or motel
459 ☐ Residential, board and care
464 ☐ Dormitory/barracks
519 ☐ Food and beverage sales

539 ☐ Household goods,sales,repairs
579 ☐ Motor vehicle/boat sales/repair
571 ☐ Gas or service station
599 ☐ Business office
615 ☐ Electric generating plant
629 ☐ Laboratory/science lab
700 ☐ Manufacturing plant
819 ☐ Livestock/poultry storage(barn)
882 ☐ Non-residential parking garage
891 ☐ Warehouse

**Outside**

24 ☐ Playground or park
55 ☐ Crops or orchard
69 ☐ Forest (timberland)
07 ☐ Outdoor storage area
19 ☐ Dump or sanitary landfill
31 ☐ Open land or field

936 ☐ Vacant lot
938 ☐ Graded/care for plot of land
946 ☐ Lake, river, stream
951 ☐ Railroad right of way
960 ☐ Other street
961 ☐ Highway/divided highway
962 ☐ Residential street/driveway

981 ☐ Construction site
984 ☐ Industrial plant yard

Lookup and enter a Property Use code only if you have NOT checked a Property Use box:

Property Use  | 419 |

| 1 or 2 family dwelling |
NFIRS-1 Revision 03/11/99

d                                              41050    06/12/05   05-0003360

**K1** `Person/Entity Involved`

Local Option

B. ss name (if applicable)                                          Area Code    Phone Number

☐ Check This Box if same address as incident location. Then skip the three duplicate address lines.

Mr.,Ms., Mrs.  First Name                          MI    Last Name                          Suffix

Number          Prefix  Street or Highway                          Street Type    Suffix

Post Office Box          Apt./Suite/Room    City

State    Zip Code

☐ **More people involved? Check this box and attach Supplemental Forms (NFIRS-1S) as necessary**

---

**K2 Owner** ☐ Same as person involved? Then check this box and skip the rest of this section.

Local Option                    Business name (if Applicable)                    Area Code    Phone Number

☐ Check this box if same address as incident location. Then skip the three duplicate address lines.

Mr.,Ms., Mrs.  First Name                          MI    Last Name                          Suffix

Number          Prefix  Street or Highway                          Street Type    Suffix

Post Office Box          Apt./Suite/Room    City

State    Zip Code

---

**L  Remarks**

Local Option

Call came in as a violent 5150.

Upon arrival it was found that P.D. wanted a medical evaluation prior to returning patient to the county facility that patient was suppose to be at.

---

⌐ **Authorization**

| M062 | Morales, Anthony G | EM3 | | 06 | 13 | 2005 |
|---|---|---|---|---|---|---|
| Officer in charge ID | Signature | Position or rank | Assignment | Month | Day | Year |

heck ox if ☒ | M062 | Morales, Anthony G | EM3 | | 06 | 13 | 2005 |

ame s Officer Member making report ID    Signature          Position or rank    Assignment    Month    Day    Year

n charge.

---

fd                                        41050    06/12/05    05-0003360

| 41050 | CA | 6 | 12 | 2005 | 2 | 05-000336 | 000 | Complete Narrative |
|--------|-----|---|-----|------|---|-----------|-----|--------------------|
| FDID ★ | State ★ | Incident Date ★ | | | Station | Incident Number ★ | Exposure ★ | |

**Narrative:**

Call came in as a violent 5150.

Upon arrival it was found that P.D. wanted a medical evaluation prior to returning patient to the county facility that patient was suppose to be at.

| 41050 | OA | 6 | 1; | 2005 | 2 | 05-000336 | 000 | Complete Narrative |
| FDID ★ | State ★ | Incident Date ★ | | | Station | Incident Number ★ | Exposure ★ | |

**Narrative:**

Call came in as a violent 5150.

Upon arrival it was found that P.D. wanted a medical evaluation prior to returning patient to the county facility that patient was suppose to be at.

d

41050    06/12/05    05-0003360

The last in the series of exhibits in Exhibit 5 is a chart entitled

"Paramedics' Records and Other Medical Reports re Julia V. and Eva Al-Z."

showing a history of being targeted by the county for trumped-up

psychiatric and medical care. The right hand column (Paramedics/ Health

Provider's Response) shows a disturbing pattern of the detention of my

mother and my daughter without cause and detention to cause our mental

and physical distress.

Exhibit 5 continued

1100

## PARAMEDICS' RECORDS AND OTHER MEDICAL REPORTS
## RE JULIA VENOYA and EVA AL-ZAGHARI

**KEY:**   *   (subpoena served);   _____(subpoena in process)

| (Police or Other Person Made Call) on | (Date) to | (Paramedics or Health Provider) | (Re Alleged Distressed Person) | (Paramedics/ Health Provider's Response) |
|---|---|---|---|---|
| A. ATHERTON POLICE | JUNE 29, '04 | NOT KNOWN | EVA AL-Z. | (Sent to SMMC) |
| B. SMC SHERIFF | JUNE 29, '04 | | EVA AL-Z. | SAN MATEO MEDICAL CENTER (SMMC) QUICKLY RELEASED HER. |
| C. RWC POLICE | JUNE 30, '04 | NOT KNOWN | EVA AL-Z. | (Sent to Kaiser RWC) |
| D. | JUNE 30, '04 | _____ | EVA AL-Z. | KAISER RWC SAID "NO PROBLEMS" "WHY WAS SHE SENT HERE?" |

## (ON JULY 6, 2004, JULIA V. WAS TEMPORARILY CONSERVED BY ESTRANGED HUSBAND, PLAINTIFF DELFIN V.)

| E. PLAINTIFF'S ATTORNEY | AUG. 2, '04 | M. P. FIRE DEPT. | JULIA V. | "FALSE REPORT, MALICIOUS, MISCHIEVOUS" * |
|---|---|---|---|---|

## (ON AUGUST 6, 2004, JULIA V. WAS ORDERED TEMPORARILY CONSERVED BY SAN MATEO COUNTY.)

| F. DEFENDANT REMMERT | OCT. 22, '04 | R. ROSENBLATT, R.N. | JULIA V. | "ALERT, INTELLIGENT" NO BEHAVIOR THAT JUSTIFIES A CONSERVATOR" |
|---|---|---|---|---|

1

*Exhibits continued*

| (Police or Other Person Made Call)    on    (Date)    to | (Paramedics or Health Provider) | (Re Alleged Distressed Person) | (Paramedics'/ Health Provider's Response) |
|---|---|---|---|

**(ON OCTOBER 29, 2004, JULIA V. WAS ORDERED TO BE PERMANENTLY CONSERVED BY SAN MATEO COUNTY.)**

| G. RWC POLICE | NOV. 5, '04 | NOT KNOWN | EVA AL-Z. | _____ (Sent to SMMC) |
|---|---|---|---|---|
| | NOV. 5,'04 | | EVA AL-Z. (committed for 2 weeks) | SMMC PSYCHIATRIST DR. FLYNN: "DOES NOT FIT THE CRITERIA FOR A CONSERVATORSHIP" DIAGNOSED WITH/ TREATED FOR DIABETES |

**(ON NOVEMBER 8, 2004, LETTERS OF CONSERVATORSHIP RE JULIA V. WERE ISSUED.)**

| H. DEFENDANT REMMERT | NOV. 15, '04 | R. ROSENBLATT, R.N. | JULIA V. | "PLEASANT" |
|---|---|---|---|---|

**(ON DECEMBER 6, 2004, JULIA V. WAS PERMANENTLY FORCED OUT OF OUR HOME AT 990 BERKELEY AVE., M.P. AND INSTITUTIONALIZED)**

| I. DEFENDANT REMMERT | DEC. 15, '04 | R. ROSENBLATT, R.N. | JULIA V. | "COULD EASILY BE …AN OUTPATIENT" |
|---|---|---|---|---|
| J. DEFENDANT REMMERT | DEC. 28, '04 | R. ROSENBLATT, R.N. | JULIA V. | "MEDICAL CONDITION DOES NOT… JUSTIFY HOSPITAL CARE." |
| K. DEFENDANT REMMERT | JAN. 11, '05 | R. ROSENBLATT, R.N. | JULIA V. | "HOSPITAL FORCING JULIA V. TO BE IMMOBILE" |

Exhibit 5 continued

## (ON FEBRUARY 17, 2005, THE COUNTY BEGAN DRUGGING JULIA V. TO ALLEGEDLY INDUCE PSYCHOSIS.)

**L.** BURLINGAME POLICE   MAR. 26, '05      RWC FIRE DEPT.      JULIA V. ESCAPED.

| (Police or Other Person Made Call) on | (Date) to | (Paramedics or Health Provider) | (Re Alleged Distressed Person) | (Paramedics' or Health Provider's Response |
|---|---|---|---|---|
| | MAR. 26, '05 | | JULIA V. | (Forced to return to SMMC) |
| **M.** SMC SHERIFF | MAR. 26, '05 | M. PK. FIRE DEPT. | EVA AL-Z. | REFUSES TO TALK,  O/WISE RESPONSIVE.              * |
| **N.** SMC SHERIFF | MAR. 26, '05 | AMER. MEDICAL RESPONSE (AMR) | EVA AL-Z. | SHERIFF QUOTED AMR: * "NOT A 5150" |
| **O.** | | AMR | EVA AL-Z. | |
| **P.** | MAR. 26, '05 | | EVA AL-Z. | RWC KAISER KAISER IGNORED HIGH BLOOD SUGAR READING. |
| **Q.** RWC KAISER | MAR. 27, '05 | PRIORITY ONE | EVA AL-Z. | (Sent to SMMC by Kaiser) |
| **.R.** | MAR. 27, 2005 | | EVA AL-Z. | SMMC IGNORED DIABETIC CONDITION |

## (ON MARCH 27, 2005, @ 4:00 A.M., EVA AL-Z. WAS PERMANENTLY FORCED OUT OF OUR HOME AT 990 BERKELEY AVE., MENLO PK. AND INSTITUTIONALIZED )

Exhibit 5 continued

**(ON MARCH 27, 2005, @ 7:00 A.M., THE COUNTY BEGAN DRUGGING EVA AL-Z. TO ALLEGEDLY INDUCE PSYCHOSIS.)**

**(ON APRIL 25, 2005, A RESTRAINING ORDER PROHIBITING MY CONTACT WITH JULIA V. WAS ISSUED.)**

**(ON JUNE 7, 2005, EVA AL-Z. WAS ORDERED PERMANENTLY CONSERVED BY SAN MATEO COUNTY. THERE WERE NO HEARINGS FOR "LPS", FORCED MEDICATION, OR CHARGES OF VIOLENCE.  THERE WAS NO NOTICE OF A TEMPORARY CONSERVATORSHIP)**

**(ON JUNE 13, 2005, LETTERS OF CONSERVATORSHIP RE EVA AL-Z. WERE ISSUED.)**

| (Police or Other Person Made Call) on | (Date) to | (Paramedics or Health Provider) | (Re Alleged Distressed Person) | (Paramedics' or Health Provider's Response) |
|---|---|---|---|---|
| S.  SMC SHERIFF | JUNE 12, 2005 | M. PK. FIRE | EVA AL-Z. ESCAPED. | NO EMERGENCY AID * NEEDED; NO VIOLENCE ENCOUNTERED. |
| | JUNE 12, 2005 | | EVA AL-Z. | FORCED TO RETURN TO CORDILLERAS INSANE ASYLUM |

**(ON JULY 11, 2005, A RESTRAINING ORDER PROHIBITING MY CONTACT WITH EVA AL-Z. WAS ISSUED.**

4

*Exhibit 5 continued*

Exhibit
6

No law enforcement report recommended emergency care under a 5150 during the period of the county's investigation for a conservatorship (March 26, 2005 through June 7, 2005, the date of the Probate Court trial and conservatorship order.)

(Exhibit 5, the 911 Public Safety Communications, states that the Sheriff's Office complied with the AMR paramedics' request to cancel the 5150).

AMR paramedics then took Eva Al-Z. to Kaiser Hospital in Redwood City, as her blood sugar was abnormally high. Rather than treating her for diabetes, psychiatrists were called in to declare her a 5150.

March 27, 2005, @ 4:00 a.m.

By depriving her of food, water, sleep, and bathing facilities, the Kaiser staff watched her become confused, then the psychiatrists had her transported in her unstable diabetic condition to psychiatric emergency services (PES) of San Mateo Medical Center. It was then around 4:00 a.m., March 27, 2005. Her blood sugar was dangerously high and climbing and she still was not allowed to eat or sleep, drink water, or take a shower.

March 27, @ 8:00 a.m.

Dr. Flynn in her psychiatric Unit A took over the treatment of Eva Al-

Z. by forcibly injecting her with psychosis-inducing drugs. Eva Al-Z. tried to resist and was declared violent by the staff. Within a week or so, she was immobilized with restraint devices in an isolation cell.

April 13, 2005

All court records are sealed by the county. The court denied my petition to have access to the court files under the Freedom of Information Act.

The words "LPS" appeared for the first time to my knowledge on the notice of case and line appearance posted on the courtroom door for Eva Al-Z.'s petition for writ of habeas corpus on April 13, 2005. The county continued to categorize this case as subject to the LPS Act without any hearing. Under the LPS Act, all of her civil rights and my First Amendment right for contact with her were taken away.

April 14, 2005

On April 14, 2005, the court granted to the county a temporary conservatorship order at a hearing that neither my daughter nor I knew about.   We were served the order about two weeks after it was filed. Medical records show that the custodial psychiatrist under Dr. Mary M.

Flynn, M.D. (Dr. Beverly Cox, M.D.) did not even know that the temporary

conservatorship had taken place.)

To my knowledge, the county or court failed to have the Letters of

Temporary Conservatorship issued under Probate Code sec. 2251.

Exhibit 6, Temporary conservatorship order follows.

1  THOMAS F. CASEY III, COUNTY COUNSEL (SBN 47562)
   By: Peter K. Finck, Deputy (SBN 81875)
2  Hall of Justice and Records
   400 County Center, 6th Floor
3  Redwood City, CA 94063
   Telephone: (650) 363-4758
4  Fax: (650) 363-4034

5  Attorneys for Petitioner

*Received by EDZ*
*apr 29, 2005*
*in hospital*

**ENDORSED FILED**
**SAN MATEO COUNTY**

APR 1 4 2005

Clerk of the Superior Court
By __VICTORIA PARHAM__
      DEPUTY CLERK

6

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    IN AND FOR THE COUNTY OF SAN MATEO

10

11  PEOPLE OF THE STATE OF CALIFORNIA          LPS Case No. 108876

12      Concerning,                            **ORDER APPOINTING TEMPORARY**
                                               **CONSERVATOR OF THE PERSON**
13          EVA ALZAGHARI

14          Respondent.

15

16      Having read and considered the petition requesting appointment of a temporary conservator and

17  supporting documents which have been filed herein, and good cause appearing therefore;

18      **IT IS HEREBY ORDERED** that DONALD R. WEIHER, LCSW, be appointed Temporary

19  Conservator of the Person of the respondent to serve without bond, pursuant to section §5353 of the

20  Welfare and Institutions Code, to provide the conservatee with food, shelter and care, and if necessary,

21  require that the conservatee be detained pursuant to Welfare and Institutions Code section §5358 in a

22  facility providing intensive treatment pending establishment of a conservatorship herein.

23      **IT IS FURTHER ORDERED** that the Temporary Conservator shall have the power to consent

24  to for the conservatee and require conservatee to receive treatment related specifically to remedying or

25  preventing the recurrence of the conservatee's being gravely disabled and to consent to routine medical

26  treatment for the conservatee unrelated to the grave disability.

27      **IT IS FURTHER ORDERED** that the Temporary Conservator appointed herein is authorized to

28  exercise those general powers specified in Chapter 5 and 6 (commencing with Section 2350 and 2400) of

LPS Case NO. 108876

art 4 of Division 4 of the Probate Code.

This Temporary Conservatorship shall terminate upon the establishment of a conservatorship or

3 upon the expiration of thirty (30) days from the date of the Order, whichever shall occur first.

4 Dated: _____ **APR 1 4 2005**

5                                    JUDGE OF THE SUPERIOR COURT

6

7

8 L:\GROUP\LPS\ESTAB\FORMS\TEMPORARY CONSERVATORSHIP - ORDER APPOINTING TEMPORARY
CONSERVATORSHIP.Doc
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LPS Case No. 108876                    2

Exhibit
7

At the following hearings, the psychiatrist Dr. Flynn testified that law enforcement reports initiated the 5150 under which Eva Al-Z. was brought to her on March 27, 2005, one day after the county's investigation for conservatorship began on March 26, 2005.

Dr. Flynn stated at hearings  held before the conservatorship trial that law enforcement reports supposedly triggered a 5150 hold on Eva Al-Z. beginning on March 26, 2005. The hearings before the trial were as follows:

| April 1, 2005 | Hospital hearing at San Mateo Medical Center |
| April 13, 2005 | Petition for writ of habeas corpus |
| May 3, 2005 | Petition for writ of habeas corpus |

What Dr. Flynn intentionally failed to state was 1)  there were no law enforcement reports for a 5150 hold of Eva Al-Z. on March 26, 2005, the beginning date of the county's investigation for a conservatorship until Eva Al-Z.'s subsequent attempt to escape from the horror of the conservatorship order issued on June 7, 2005;  2)  that law enforcement reports before the beginning of the county's investigation on March 26, 2005 were not part of the county investigator's inquiry.  Dr. Flynn negated any investigation prior to March 26, 2005 by stating in her medical record on November 18, 2004

that "[Eva Al-Z.] does not meet legal criteria for conservatorship under the LPS law" (Exhibit 4).

April ~ June 7, 2005

The court for a conservatorship committed double jeopardy by putting Eva Al-Z. on trial a second time for slapping a stewardess in a federal misdemeanor crime. Again, no papers were served to us so that we could respond to any allegation. Eva Al-Z. was deemed competent by a federal court for its probation program co-existing with the county's conservatorship order of incompetence.

Without cause, Eva Al-Z. was tried as a criminal in preliminary hearings for a conservatorship order by the County Counsel's Office:

The words "People... v. Eva Al-Z." were posted on Appearances and Line number docket sheet on the courtroom door in the following cases (We were not served with pleading papers)

The words "People of the State of California v. Eva D. Al-Zaghari" are stated on the pleading papers in Exhibit 7 on the following page.

ENDORSED FILED
SAN MATEO COUNTY

APR 1 4 2005

Clerk of the Superior Court
By VICTORIA PARHAM
DEPUTY CLERK

.OMAS F. CASEY, III, COUNTY COUNSEL (SBN 47562)
BY: Peter K. Finck, Deputy (SBN 81875)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA
Telephone: (650) 363-4758
Fax: (650) 363-4034

Attorneys for Petitioner

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN MATEO

| PEOPLE OF THE STATE OF CALIFORNIA | LPS No. |
|---|---|
| Concerning | **EX PARTE** **PETITION TO ESTABLISH TEMPORARY CONSERVATORSHIP** |
| Eva Alzaghari | |
| Respondent. | |

Petitioner, the officer providing conservatorship investigation in the above-entitled matter, respectfully alleges as follows:

1. Beverly Cox, MD and Joe Broderick, MD, the professional persons in charge of San Mateo Medical Center, an agency providing comprehensive evaluation and/or a facility providing intensive treatment, have recommended establishment of a conservatorship for the respondent herein because they have determined that said person is gravely disabled as a result of mental disorder or impairment by chronic alcoholism and is unwilling to accept, and/or incapable of accepting, treatment voluntarily.

2. The above-named persons who have recommended conservatorship have submitted declarations stating that the respondent is in need of a temporary conservator because she is presently incapable of properly taking care of herself. Said declarations are attached hereto and incorporated herein by reference as Exhibits A, B and C.

PETITION TO ESTABLISH TEMPORARY CONSERVATORSHIP                1

1  THOMAS F. CASEY III, COUNTY COUNSEL (SBN 47562)
   By: Peter K. Finck, Deputy (SBN 81875)
2  Hall of Justice and Records
   400 County Center, 6th Floor
3  Redwood City, CA 94063
   Telephone: (650) 363-4758
4  Fax: (650) 363-4034

5  Attorneys for Petitione

6

7

**ENDORSED FILED**
SAN MATEO COUNTY

APR 1 4 2005

Clerk of the Superior Court
By __VICTORIA PARHAM__

*Received by EDZ,*
*Apr 29, 2005*
*in hospital*

8                    IN TH      ____ COURT OF THE STATE OF CALIFORNIA

9                     IN AND FOR THE COUNTY OF SAN MATEO

10

11  PEOPLE OF THE STATE OF CALIFORNIA          LPS Case No. 108876

12       Concerning,                          **ORDER APPOINTING TEMPORARY**
                                              **CONSERVATOR OF THE PERSON**
13            EVA ALZAGHARI

14         Respondent.

15

16        Having read and considered the petition requesting appointment of a temporary conservator and

17  supporting documents which have been filed herein, and good cause appearing therefore;

18        **IT IS HEREBY ORDERED** that DONALD R. WEIHER, LCSW, be appointed Temporary

19  Conservator of the Person of the respondent to serve without bond, pursuant to section §5353 of the

20  Welfare and Institutions Code, to provide the conservatee with food, shelter and care, and if necessary,

21  require that the conservatee be detained pursuant to Welfare and Institutions Code section §5358 in a

22  facility providing intensive treatment pending establishment of a conservatorship herein.

23        **IT IS FURTHER ORDERED** that the Temporary Conservator shall have the power to consent

24  to for the conservatee and require conservatee to receive treatment related specifically to remedying or

25  preventing the recurrence of the conservatee's being gravely disabled and to consent to routine medical

26  treatment for the conservatee unrelated to the grave disability.

27        **IT IS FURTHER ORDERED** that the Temporary Conservator appointed herein is authorized to

28  exercise those general powers specified in Chapter 5 and 6 (commencing with Section 2350 and 2400) of

LPS Case NO. 108876

1  THOMAS F. CASEY III, COUNTY COUNSEL (SBN 47562)
   By: Peter K. Finck, Deputy (SBN 81875)
2  Hall of Justice and Records
   400 County Center, 6th Floor
3  Redwood City, CA  94063
   Telephone: (650) 363-4758
4  Fax:  (650) 363-4034

5  Attorneys for Petitioner

6

7

8                IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     IN AND FOR THE COUNTY OF SAN MATEO

10

11  PEOPLE OF THE STATE OF CALIFORNIA          |  LPS Case No. 108876

12       Concerning,                           |  **NOTICE OF HEARING**

13            EVA AL-ZAGHARI                    |  Date:    May 11, 2005
                                               |  Time:    11:00 a.m.
14            Respondent.

15

16       **NOTICE IS HEREBY GIVEN** that Pamela F. Low, the officer providing conservatorship

17  investigation in the above-entitled matter, has filed herein a Petition to Establish Conservatorship, and an

18  Order Appointing Temporary Conservator having issued thereon, and that the same is hereby set for

19  hearing by the Court on **WEDNESDAY, May 11, 2005, 11:00 a.m., at 400 County Center,**

20  **Department 14, Courtroom 8B in Redwood City, California.**

21       **ALL PERSONS INTERESTED ARE NOTIFIED** to appear at the time and place mentioned in

22  this Notice and show cause, if any they have, why the Order should not be made. This notice is required

23  by law. This notice **does not require you to appear in court**, but you may attend the

24  hearing if you wish.

25       Dated:   April 27, 2005   .          CLERK OF THE SUPERIOR COURT

26
                                             BY:_____
27                                                      Deputy Clerk

28  L:\GROUP\LPS\ESTAB\FORMS\NOTICE OF HEARING.Doc

    LPS Case NO. 108876
    _____
                        NOTICE OF HEARING

THOMAS F. CASEY III, COUNTY COUNSEL (SBN 47562)
By: Judith A. Holiber, Deputy (SBN 180619)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA 94063
Telephone: (650) 363-4747
Fax: (650) 363-4034

Attorneys for Respondent

**ENDORSED FILED**
**SAN MATEO COUNTY**

MAY – 2 2005

**Clerk of the Superior Court**
**By  MARIA J. PEÑA**
**DEPUTY CLERK**

Denied

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN MATEO

PEOPLE OF THE STATE OF CALIFORNIA

Concerning,

EVA AL ZAGHARI,

Petitioner.

LPS Case No. 108876

**ANSWER AND RETURN TO VERIFIED PETITION FOR WRIT OF HABEAS CORPUS**

Date:    May 4, 2005
Time:    9:00 a.m.
Dept:    Presiding Judge

Respondent, PEOPLE OF THE STATE OF CALIFORNIA, answers the petition for Writ of Habeas Corpus as follows:

1.    Respondent denies the allegation that the petitioner is being unlawfully restrained of liberty.

2.    Respondent admits the allegation that the patient was admitted to the treatment facility under the authority of Welfare and Institutions Code §5250 or temporary conservatorship pursuant to §5352.1.

3.    Respondent denies the allegation that the petitioner is not gravely disabled nor a danger to herself and/or others.

**WHEREFORE**, respondent prays that the petition for Writ of Habeas Corpus be denied.

Dated: May 2, 2005.                    THOMAS F. CASEY III, COUNTY COUNSEL

Judith A. Holiber, Deputy

1  THOMAS F. CASEY III, COUNTY COUNSEL (SBN 47562)
   By: Peter K. Finck, Deputy (SBN 81875)
2  Hall of Justice and Records
   400 County Center, 6th Floor
3  Redwood City, CA 94063
   Telephone: (650) 363-4758
4  Fax: (650) 363-4034

5  Attorneys for Petitioner

6

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    IN AND FOR THE COUNTY OF SAN MATEO

10

11  PEOPLE OF THE STATE OF CALIFORNIA          LPS Case No. 108876

12      Concerning,                            **CITATION**

13      EVA AL-ZAGHARI                         Date:    May 11, 2005
                                               Time:    11:00 a.m.
14         Respondent.

15

16  THE PEOPLE OF THE STATE OF CALIFOI          *Received*
                                                *June 5, 2005*
17  **TO:    EVA AL-ZAGHARI**
            **San Mateo Medical Center**
18          **[via County mail]**

19

20      **BY ORDER OF THIS COURT**, you ai          ..... required to appear before this Court at

    400 COUNTY CENTER, DEPARTMENT 14, COURTROOM 8B in REDWOOD CITY,
21
    CALIFORNIA, on **WEDNESDAY, May 11, 2005, at 11:00 a.m.** and then and there to show cause, if
22
    any you have, why a conservator of your person and estate should not be appointed pursuant to said
23
    petition.
24
        This conservatorship would be established under the provisions of the Lanterman-Petris-Short
25
    (LPS) ACT, §§ 5000 et seq. of the Welfare and Institutions Code. Under that code, conservatorships can
26
    be established for "gravely disabled" persons. "Grave disability" means:  a person, as a result of a mental
27
    disorder, is unable to provide for his or her basic personal needs for food, clothing, or shelter. Welfare
28

    LPS Case NO. 108876

1  THOMAS F. CASEY III, COUNTY COUNSEL (SBN 47562)
   By: Judith A Nobher, Deputy
2  State Bar No. 180619
   Hall of Justice and Records
3  400 County Center, 6th Floor
   Redwood City, CA 94063
4  Telephone: (650) 363-4747
   Fax: (650) 363-4034
5
   Attorneys for Petitioner
6

7

8            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               IN AND FOR THE COUNTY OF SAN MATEO

10

11  PEOPLE OF THE STATE OF CALIFORNIA      | LPS Case No. 108876

12       Concerning,                        | **ORDER EXTENDING TEMPORARY**
                                            | **CONSERVATORSHIP**
13       Eva Alzughpi

14       Respondent.

15

16        DONALD R. WEIHER, LCSW, was appointed temporary conservator of respondent by Order of

17  the Superior Court dated ___4-14-05___, and he thereafter petitioned to establish a conservatorship

18  pursuant to the Welfare and Institutions Code.

19        At the hearing on the conservatorship, respondent demanded a court or jury trial on the issue of

20  grave disability. [Welfare and Institutions Code § 5350(d)]. The Court finds that the temporary

21  conservatorship must be extended until trial in order to protect the respondent and provide for his/her

22  welfare.

23        NOW, THEREFORE, IT IS HEREBY ORDERED that the temporary conservatorship is

24  extended and continued in effect until termination of the trial on the issue of grave disability.

25  Dated: ___5/11/05___                    TIME WAIVER: _60_ DAYS

26                                          _____

27                                          JUDGE OF THE SUPERIOR COURT
    To Master Calendar:
    Please set trial on: M  T  W  Th  F
28  L:\GROUP\LPS\ESTAB\ORDER EXTENDING TEMPORARY CONSERVATORSHIP CT OR JT - THURSDAY'S HEARING.Doc

**ENDORSED FILED**
SAN MATEO COUNTY

JUN 0 3 2005

Clerk of the Superior Court
By ___Jane Cogliati___
DEPUTY CLERK

1 | THOMAS F. CASEY III, COUNTY COUNSEL (SBN 47562)
2 | By: Peter K. Finck, Deputy (SBN 81875)
Hall of Justice and Records
400 County Center, 6th Floor
3 | Redwood City, CA 94063
Telephone: (650) 363-4758
4 | Fax: (650) 363-4034

5 | Attorneys for Petitioner

6

7

8 | IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | IN AND FOR THE COUNTY OF SAN MATEO

10

11 | PEOPLE OF THE STATE OF CALIFORNIA | LPS Case No. 108876

12 | Concerning, | **OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS – LPS ACT**

13 | EVA AL-ZAGHARI |

14 | Respondent. | **Date: June 6, 2005**
**Time: 9:00 a.m.**
**Dept.: 28**

15

16 | I, Peter K. Finck, Deputy County Counsel, attorney for respondent in above-entitled matter

17 | declare:

18 | 1.    On April 14, 2005, petitioner was placed on a temporary conservatorship. (See Exhibit A

19 | attached hereto.)

20 | 2.    On May 2, 2005, petitioner filed a Writ of Habeas Corpus challenging her temporary

21 | conservatorship. (See Exhibit B attached hereto.)

22 | 3.    On May 4, 2005, said writ was denied. Respondent asks this court to take judicial notice

23 | of the court's minutes denying said writ. (See minutes attached hereto as Exhibit C.)

24 | 4.    On June 2, 2005, petitioner filed the within Writ of Habeas Corpus challenging her

25 | placement under W&I Code § 5358.7 to be heard on June 6, 2005.

26 | 5.    Petitioner has a jury trial to establish her conservatorship currently scheduled for June 7,

27 | 2005.

28 | 6.    Judicial review to challenge her placement by Writ of Habeas Corpus "shall be in the

LPS Case NO. 108876

OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS – LPS ACT

Exhibit
8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## April 30, 2005

On April 30, 2005, Eva Al-Z. complained to the psychiatric staff at

San Mateo Medical Center that pleadings were not being served to her.

Exhibit 8, her letter to the San Mateo Medical Center staff, follows.

To the Hospital Staff:

I would like a copy of all paper for all of your headings beginning April 1, 2005 to the present (include pleadings for the court Case NO. 108876.) to be given to my mother, Shirley Remmert. ( 650 222 4682)

You may call her to arrang for her "pick ups" of the pa

This serves as notice that you are not serving me with legal documents!

cc Pam Law

Very Truly Yours,
Eva D. Al Jagha
April 30th 2005

ORIGINAL IN

COURT FILE
6-6-05 FILED

Exhibit
9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

There was no hearing for the county to have the right under a permanent conservatorship order to forcibly drug my daughter with any medication or mind-altering, psychosis-inducing drug (commonly called anti-psychotic or psychotropic medication). The court docket should show that no hearing took place under Probate Code sec. 1881. No notice was given by the court to my already drugged daughter that she or I have the "right to object" and that such objection, "at least, shall include an interview by a court investigator pursuant to Section 1826 prior to the hearing on the petition." The legal process of trying the matter of forced medication would involve serving us with a petition such as in Exhibit 9 on the following page. Neither my daughter nor I were served with such a petition.

1    THOMAS F. CASEY, III, COUNTY COUNSEL

2

3
     HALL OF JUSTICE AND RECORDS
4    401 MARSHALL STREET
     REDWOOD CITY, CA.   94063
5
     Attorneys for Petitioner
6        (

7

8
        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                  FOR THE COUNTY OF SAN MATEO
10

11   In the Matter of            )      NO. _____
                                  )
12   _                 _____,   )      PETITION FOR A DETERMINATION
                                  )      OF INCOMPETENCE AND FOR AN
13                                )      ORDER AUTHORIZING INVOLUNTARY
           a Patient.            )      TREATMENT WITH MEDICATIONS
14   _____)

15        COMES NOW _____

16                    (Name of Treating or Supervising Physician)

17   and alleges:

18                                I

19   __      ____   __ _____ is a patient involuntarily

20   committed to the Inpatient Unit of SAN MATEO COUNTY GENERAL

21   HOSPITAL pursuant to the provisions of the LPS Act (Welfare

22   and Institutions Code Sections 5000 et seq.).

23                               II

24        Said patient is a person who as a result of a mental

25   disorder requires commitment and care by the psychiatric staff

26   of the above-referenced Hospital.  In conjunction with

27   treatment, the physician in charge has determined that the

28   patient is unwilling to accept antipsychotic and other

29   medication voluntarily.

Exhibit
/0

May 26, 2005

Around May 26, 2005, I faxed a letter to Eva Al-Z.'s private defender, Anne Murphy and explained to her that my daughter was not a 5150 on March 26, 2005 when the county's investigation for conservatorship began. I received no response.

June 6, 2005

Beginning on June 6, 2005, I tried to show the ex parte court the 911 Public Safety Communication stating that Eva Al-Z. was not a 5150 for the purpose of detention-for-investigation (Exhibit 5).

June 7, 2005

The judge who presided over the conservatorship trial, Hon. John L. Grandsaert said at the beginning of the jury trial that the case was actually a hybrid case, meaning, I believe, that the case was part criminal and part civil.

At the end of the trial, he changed the designation of the case from "People of the State…"   to   "In the Matter of Eva D. Al-Z…"

In the judge's "Judgment" (Exhibit 11), the county is given powers over Eva Al-Z. pursuant to an "Order Establishing Conservatorship", which was not served to either Eva Al-Z. or to me.

The Letters of Conservatorship (Exhibit 1) grant powers to the county pursuant to the county's "Petition Establishing Conservatorship". The petition is not an order and therefore the conservatorship is illegal.

I was not allowed to observe the trial, because I was a witness. The court record and transcripts of my daughter's case continued to be sealed.

June 13, 2005

On June 8, 2005, Dr. Rosemary Pfeiffer refused to hear the matter of exonerating evidence (Exhibit 5) regarding Eva Al-Z. and granted Deputy County Counsel Judith A. Holiber's motion for a sanction against me on June 13, 2005 (Exhibit 10).

1  THOMAS F. CASEY III, COUNTY COUNSEL (SBN 47562)
   By: Judith A. Holiber, Deputy (SBN 180619)
2  Hall of Justice and Records
   400 County Center, 6th Floor
3  Redwood City, CA 94063
   Telephone: (650) 363-4747
4  Fax: (650) 363-4034

5  Attorneys for San Mateo County Public Guardian

6
            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
7
            IN AND FOR THE COUNTY OF SAN MATEO
8

9  IN THE MATTER OF THE CONSERVATORSHIP          LPS Case No. 108876
   OF THE PERSON AND ESTATE OF
10                                               ORDER DENYING SHIRLEY REMMERT'S
                                                 EX PARTE PETITION FOR WARRANT IN
11          EVA D. AL-ZAGHARI,                   LIEU OF HABEAS CORPUS AND
                                                 AWARDING SANCTIONS PURSUANT TO
12                                Conservatee.   CODE OF CIVIL PROCEDURE SECTION
                                                 1008
13

14     The Ex Parte Petition of Shirley V. Remmert for Warrant in Lieu of Habeas Corpus was

15  presented to this Court on June 10, 2005. Shirley V. Remmert appeared on the ex parte calendar and

16  presented the Ex Parte Petition. Judith A. Holiber, Deputy County Counsel, appeared on behalf of the

17  Public Guardian and presented a Declaration in Opposition to the Petition and a Request for Sanctions.

18     The Court finds from proof made to the satisfaction of the Court that the Ex Parte Petition for

19  Warrant in Lieu of Habeas Corpus was previously presented to the Honorable George A. Miram on

20  June 8, 2005 and denied on that date.

21     THEREFORE, IT IS HEREBY ORDERED:

22     That the Ex Parte Petition for Warrant in Lieu of Habeas Corpus is hereby denied.

23     IT IS FURTHER ORDERED THAT:

24     Shirley V. Remmert is sanctioned $750.00 pursuant to Code of Civil Procedure section 1008

25  payable to the San Mateo County Office of County Counsel within thirty (30) days of the date of this

26  order.

27  Dated: _____               _____
                                          HONORABLE ROSEMARY PFEIFFER
28
   L:\GROUP\LPS\Ex Parte Order for Sanctions Al-Zaghari.doc
   LPS Case NO. 108876

Exhibit

1

2    However, I was served with Mental Health Investigator Pamela Low's

3    *Petition* to Establish a Conservatorship. The "Letters of Conservatorship"

4

5    (Exhibit 2) give powers to the conservator to impose conditions "as

6    specified in the *Petition to Establish Conservatorship.*" The private

7

8    defenders made no response to Ms. Lowe's petition, since my daughter and

9    I were not served with a copy of any response. Nor did my daughter or I

10

11    meet with a private defender at any time to prepare for the trial.

12    The Judgment signed by Hon. John L. Grandsaert, on the other hand,

13

14    states that the conservator San Mateo County will have the same powers as

15    were set forth in the *Order Establishing Conservatorship,* but I have never

16

17    seen a document by that name. Exhibit 11, Judgment after Trial for

18    Conservatorship, follows.

19

20

21

22

23

24

25

26

27

28

PETITION FOR WRIT OF HABEAS CORPUS                                    6r

**ENDORSED FILED**
**SAN MATEO COUNTY**

1 | THOMAS F. CASEY III, COUNTY COUNSEL (SBN 47562)
By: Judith A. Holiber, Deputy (SBN 180619)

JUN 1 0 2005

2 | Hall of Justice and Records
400 County Center, 6th Floor

Clerk of the Superior Court
By ___Jane Cogliati___

3 | Redwood City, CA 94063
Telephone: (650) 363-4747

DEPUTY CLERK

4 | Fax: (650) 363-4034

5 | Attorneys for Petitioner

6 | IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

7 | IN AND FOR THE COUNTY OF SAN MATEO

8 | IN THE MATTER OF THE CONSERVATORSHIP | LPS Case No. 108876
9 | OF THE OF PERSON AND ESTATE |

**JUDGMENT**

10 |

11 | EVA AL-ZAGHARI,

| Conservatee.

12 |

13 |     The petition of Pamela F. Low, Investigating Officer and Temporary Conservator of EVA AL-

14 | ZAGHARI, for establishment of Conservatorship came on regularly for jury trial on June 7, 2005, at 9:00

15 | a.m. in Department _11_ of the above-entitled Court, the Honorable _John Grandsaert_, Judge,

16 | presiding. A jury was selected and sworn and the trial commenced. THOMAS F. CASEY, III,

17 | COUNTY COUNSEL by Judith A. Holiber, Deputy County Counsel, appeared for petitioner.

18 | Conservatee was present during the trial and was represented by her attorney, Neal Winchell. The jury

19 | after hearing the evidence, the arguments of Counsel, and instruction of the Court, rendered their verdict

20 | as follows: We, the jury in the above-entitled action, in a unanimous vote, find EVA AL-ZAGHARI to

21 | be gravely disabled.

22 |     **NOW, THEREFORE, IT IS ADJUDGED, ORDERED, and DECREED** that the petition

23 | herein be, and is, granted, and

24 |     **IT IS FURTHER ORDERED** that the San Mateo County Public Guardian be appointed

25 | conservator of the Person and Estate with the same powers and duties as were set forth in the Order

26 | Establishing Conservatorship, and with the power to require the conservatee to take treatment related to

27 | remedying or preventing the recurrence of grave disability and also other medical treatment unrelated to

28 | grave disability which is necessary for treatment of existing or continuing medical conditions.

1    **IT IS FURTHER ORDERED** that Conservator of the person and estate of the above-named

2  conservatee shall cause to be prepared an Individualized Treatment Plan in accordance with the provi-

3  sions of Welfare and Institutions Code, Section 5352.6 within ten (10) days of the date of this Order, and

4  shall provide a copy of said Individualized Treatment Plan to the Office of the Private Defender within

5  fifteen (15) days of the date of this Order.

6    **IT IS FURTHER ORDERED** that the following disabilities as marked be imposed upon the

7  conservatee:

8    a.    [X]    The Conservatee shall not retain the privilege of

9             possessing a license to operate a motor vehicle.

10           **Conservatee is internally preoccupied and her thought processes are very**
             **disorganized. Conservatee would be at risk of harming herself and the public**
11           **if she was allowed to operate a moving vehicle.**

12   b.    [X]    The Conservatee shall not retain the right to

13           enter into contracts.

14           **Conservatee has poor judgment and is easily influenced by others.**

15   c.    [ ]    The Conservatee shall be disqualified from voting

16           pursuant to Election Code Section 707.5.

17   d.    [X]    The Conservatee shall not retain the right to

18           refuse or consent to treatment specifically

19           related to the Conservatee's being gravely

20           disabled.

21           **Conservatee has no insight about her mental illness and need for psychiatric**
22           **treatment and placement.**

23   e.    [X]    The Conservatee shall not retain the right to

24           refuse or consent to other medical treatment of

25           an existing medical condition.

26           **Conservatee is easily influenced by others and has no insight about her**
             **current medical condition. She has historically refused to follow up with**
27           **diabetic treatment, which puts her health at great risk of decline.**

28

1    f.    [X]    The Conservatee shall not be allowed to possess a

2                 firearm and/or any other deadly weapon pursuant to

3                 Welfare and Institutions Code Section 8103,

4                 Subdivision (e).

5                 Conservatee has poor judgment and impulse control and has a history of
                  striking at others. She was incarcerated for hitting a stewardess in 2002.

6    Dated:  6/7/05

7                                              JUDGE OF THE SUPERIOR COURT

8

9    L:\GROUP\LPS\ESTAB\FORMS\JURY TRIAL FOR ESTAB\JURYJUDGEMENT.Doc

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit
12

Some medical records incorrectly state that Eva Al-Z. abuses drugs. Other records correctly state that she neither drinks, smokes, or abuses drugs. She was being treated or continues to be treated for the supposed drug abuse. In any event, there is no law enforcement report of her supposed drug abuse during any time in her life.

The county has never petitioned the court for treatment for drug abuse and never treated it as an issue to be challenged, while knowing that no law enforcement report exists as to the abuse.

Some medical records state that she was violent during the time that she is being conserved and institutionalized by the county. Dr. Flynn stated at hearings on April 1, April 13, and May 3, 2005 that Eva Al-Z. is violent. But she also stated that she never witnessed the violence. Moreover, neither the county nor Dr. Flynn reported any incident to law enforcement authorities once their investigation and custody of her began on March 26, 2005, nor will they name or describe a victim, or define the injury.

Some reports incorrectly state that she is suicidal, while another report correctly states that she has no suicidal ideation.

All of the reports stating that she does not abuse drugs, has not committed any crime since 2002, and has no suicidal ideation appear

credible. But the county psychiatrists and their affiliates choose to use the false reports as the truth. They have made much money off of the drug abuse programs that she must attend; the medical check-ups and injections that she must endure.

Federal Probation Officer Esther M. Davis informed me that she can apply for authorization to testify that Eva Al-Z. was competent and in good standing throughout her probation period for a federal misdemeanor before and during the county's conservatorship. Exhibit 12, Officer Davis' letter to Eva Al-Z. follows.



# UNITED STATES DISTRICT COURT



**NORTHERN DISTRICT OF CALIFORNIA**
**PROBATION OFFICE**

**DEBRA K. AASMUNDSTAD**
*CHIEF U.S. PROBATION OFFICER*

**Please reply to:**
450 Golden Gate Ave., Ste. 17-6884
San Francisco, CA 94102
TEL: (415) 436-7541

450 Golden Gate Avenue
Suite 17-6884 ; P.O. Box 36057
San Francisco, CA 94102-3487
TEL: (415) 436-7542
FAX: (415) 436-7572

December 30, 2005

Eva Al-Zaghari
990 Berkeley Avenue
Menlo Park, CA 94025

Re:     Eva Al-Zaghari
        Docket No.:
        <u>SUPERVISION COMPLETION</u>

Dear Ms. Al-Zaghari:

The purpose of this letter is to advise you that your term of _____ probation _____
terminated on _____ November 20,2005 _____. Consequently, you have fulfilled your obligation in
regard to the completion of supervision as ordered by the Court _____.

Please remember that any financial obligations that were not paid in full continue to be an
obligation that you must satisfy. Payment of any outstanding financial obligations will be
pursued by the United States Attorney's Office.

Please maintain a copy of this document for your records. If our office can be of assistance to
you in the future, please feel free to contact us.

Sincerely,

*Esther M. Davis* / 4-9-07

Esther M. Davis
U. S. Probation Officer

EMD/emd

Exhibit
13

5.    <u>Eva Al-Zaghari is being physically and mentally abused by the</u>

<u>county.</u>    Exhibit 13, "Issue:  Allegation of Daily Mental and Physical

Abuse" follows.

902.

ISSUE: ALLEGATION OF DAILY MENTAL AND PHYSICAL ABUSE (including assault, battery, torture, general medication by force, psychotropic medication by force, or medical malpractice, and negligence by custodians against EVA D. AL-ZAGHARI from 1990 to present in an alleged illegal conservatorship for false imprisonment. She is thirty-three years old.

## BACKGROUND

**A.**    VALID DIAGNOSIS BY DR. HARRY VERBY, M.D. CONCURRENT WITH CONSERVATORSHIP INVESTIGATION BEGINNING MARCH 26, 2005:

### EVA AL-ZAGHARI

| SUFFERED FROM | | SINCE | | DIAGNOSED IN | |
|---|---|---|---|---|---|
| 1. | Diabetes | 1. | 1990 | 1. | 2000 |
| 2. | Post-trauma | 2. | 1990; 1998 | 2. | 2003 |
| 3. | Asthma/ Bronchitis | 3. | 1974 | 3. | 1976 |
| 4. | Sleep Disorder | 4. | 1974 | 4. | 2003 |
| 5. | Fractured Foot | 5. | 1998 | 5. | 2001 |
| 6. | Recurrence of Fracture | 6. | 2001 | 6. | 2001 |
| 7. | Loss of Periods | 7. | 2002 | 7. | 2004 |
| 8. | Bleeding every day | 8. | 2003 | 8. | 2004 |

Depression was also diagnosed beginning in 1999 because of the loss of custody of her newborn, but I will define "depression" in the non-psychiatric word: grief.

**B.**    HISTORY OF THE EFFECTS OF PSYCHOTROPIC MEDICATION BY FORCE (PMF)

In 1988, Eva Al-Zaghari's grandmother, Julia C. Venoya was treated for the last time for what was deemed to be paranoid schizophrenia. County employees, however, took it upon themselves to have the treatment renewed. The diagnosis was used to prejudice the diagnosis of Eva Al-Z., because of social view that the supposed illness is inherited.

Julia Venoya,my mother, was also wrongfully diagnosed.

PMF of my daughter caused the vicious cycle of 1) psychotropic medication by force; 2) release from a facility and then 3) post trauma from the PMF, including the loss of periods up to one year, inability to concentrate, infections, painful withdrawal, and a host of other problems.

/

| C. | YEAR | DURATION OF MED. | PSYCH MEDS BY FORCE (PMF) |
|---|---|---|---|
| | 1990 | 1 week | First diagnosis of paranoid schizoph. VOLUNTARY ADMISSION by Eva |

| YEAR | DURATION OF MED. | PSYCH. MEDS BY FORCE (PMF) |
|---|---|---|
| (continued) | | |
| 1990 | 1 week | Seeking counseling for drug/ rape. Dr. _____ Rist, M.D., psychiatrist Refused to counsel. Now deceased. Covered up crime with false diagnosis at McAuley's Psychiatric Institute for Children at St. Mary's Hospital, San Francisco |
| 1995 | 3 days | Involuntary admission. Chope Hosp, San Mateo |

(In 1998, Eva Al-Z. was tortured by Palestinian husband and his family in the Middle East. We suspect that they had something to do with the May, 1990 incident. He extorted $185,000 from our family. In 1999, Eva's newborn was taken from her by county social workers sympathetic with the Palestinians and by the court because of her past diagnosis of psychosis.)

| 2001 | 2 weeks | Involuntary admission. San Mateo Medical Center psychiatric ward |
|---|---|---|
| 2002 | 7 months | Involuntary admission. Treatment in Federal prison, which knew about diabetes, but did not treat illness. Heavy dosage of PMF. Caused severe, crippling pain. |
| 2004 | 2 weeks | Involuntary admission. San Mateo Medical Center. Treated for diabetes and PMF. Taught prevention of diabetes. Dr. Mary M. Flynn M.D., psychiatrist: "Eva does not fit the criteria of a conservatorship." |
| 3/6/05 to | Present | PMF continues daily |

## D. DIABETES AND SLEEP DISORDER SYMPTOMS MIMIC PARANOID SCHIZOPHRENIA SYMPTOMS

Unresponsiveness, vacant stare, confusion, agitation, and so on are symptoms for a seizure from diabetes. These symptoms were used by mental health practitioners and their supporters to label Eva Al-Z. as psychotic.

## E. THE CONSERVATORSHIP INVESTIGATION BEGINS AFTER DEPRIVING EVA OF FOOD, DRINK, WATER, SLEEP, BATHING FACILITIES FOR 38 HOURS

Mental health practitioners and other county employees were determined to impose forced medical care on Eva Al-Z and began an investigation on **March 26, 2006** shortly after Dr. Flynn reported that Eva did not fit the criteria of a conservatorship. She was frightened by Sheriff Deputy Sean O'Donnell's surprise entry into her bedroom. She was ordered to go to Kaiser. He told her that she would live for two years at a facility. She saw the canine units outside the house

Psychiatrists at Kaiser Hospital of Redwood City created diabetic symptoms by not letting her have food, drink, water, sleep or access to bathing facilities for 38 hours. Her blood sugar rose to dangerous level: 397. The staff treated her like a criminal. She feared she would be returned to jail for any claim that they would make. Kaiser then sent her, still awake, to the psychiatric emergency services at San Mateo Medical Center at 4:00 a.m., March 27, 2007.

## F. LAW ENFORCEMENT OFFICERS' EVALUATION OF ISSUE OF NEED FOR ACUTE CARE LACKING DURING INVESTIGATION PERIOD FOR CONSERVATORSHIP

Throughout the entire investigation for the conservatorship from March 26, 2005 to the trial on June 6, 2005, NO law enforcement officer wrote and filed an on-site, eyewitness report of Eva Al-Z.'s need for acute care for any reason including drug abuse and violence under Welfare and Institutions Code section 5150 on the date of the incident, if any.

While medical reports falsely state that she abuses drugs and is violent, the mental health practitioners never referred the matter to any law enforcement agency. According to medical reports, the violence occurred after the lock-up and behind the bolted doors of the psychiatric ward.

The locking up and denigration of persons based on only the word of mental health practitioners and other self-interested groups is a dangerous precedent for a society divided on the issue of forced and unnecessary medication.

3

**G.**     HEALTH OF EVA AL-Z. AND HER LIVING CONDITIONS AS OF MARCH 26, 2005

Eva suffered no further problems with illnesses validly diagnosed by Dr. Verby above; namely diabetes, post-trauma, sleep disorder, weakened foot and asthma-related disorders. She learned how to avoid diabetic attacks. She was optimistic about her future. She counted on continued visits with her son. She was on good behavior in the federal probation program, which began in 2002 for a misdemeanor assault and would end on November, 2005. She considered having the conviction overturned because she believed that diabetes symptoms and side effects from the PMF in 2001 had caused her to be agitated in the airplane. She had a broad range of academic and practical skills and worked for the family business. The nurse reporting on her lack of need for institutional care wrote in Eva's medical report at this time that she has resources and family. She was not on disability.

**H.**     EFFECTS OF PSYCHOTROPIC MEDICATION GIVEN DAILY BETWEEN MARCH 27, 2005 TO THE PRESENT

Eva Al-Z. suffered most of the side effects from the various psychotropic medication given to her every day on the above dates. The side effects suffered include heart, joint, kidney pain, and so on. (See pharmaceutical texts re risperdal, cogentin, haldol all of which the psychiatrists have forced on her.) Her complaints to the doctors or staff would be self-defeating, because the psychiatrist would then refer her to other doctors for the cure of the symptom or side effect, rather than treating the underlying cause of the symptom.

Painful withdrawal symptoms ensued, so that the doctors could claim that psychosis is recurring and can never be cured, but with their help, may be abated with PMF. Other side effects that she has suffered include masculinization, loss of periods for six-months at a time, heavy menses every day for months at a time.

**I.**     DEFINITION OF PSYCHOTROPIC OR ANTI-PSYCHOTIC MEDICATION

"Psychotropic" means "acting on the mind." Medication that alters the brain through chemical means.

**J.**     SAN MATEO MEDICAL CENTER PSYCHIATRIC WARD

*Chronology*

March 27, 2005

Still awake through 7:00 a.m., Eva Al-Z. had her first meal. The admission was involuntary, she was told. She was given PMF by Dr. Flynn. Thereafter, psych meds were given every day until stopped briefly on April, 2007 for suspicious reasons.

### April 1, 2005

Hospital hearing held. Dr. Flynn pretended to look at initiating police reports. There were none, I found out later. Dr. Flynn diagnosed Eva Al-Z.'s condition as paranoid schizophrenic. Eva, upset, removed herself from the hearing.

### April 13, 2005

Eva Al-Z., falsely written up as violent by SMMC staff and placed in isolation cell. Her wrists were restrained for about two hours. Dr. Flynn gave her an unusual amount of psych meds in time for Eva's petition for writ of habeas corpus hearing. Once in court, she could not get off the gurney because of the medication. She was greatly agitated from the drugs given her.

Her petition for release was denied. She was labeled as an LPS patient without a hearing and even before the petition was heard: "gravely disabled; a danger to herself or to others."

She was written up as hearing voices and requiring psych meds. She feared deprivation of food as it was the usual punishment for denying hearing voices. Dr. Flynn, as a cover-up, put her on a strict, protein-reduced diet. She falsely stated that Eva is obese.

She was also treated for diabetes by injection because of the Kaiser ordeal.

### April 14, 2005

To our shock, Eva and I learned two weeks after a hearing that she was temporarily conserved by the county. Neither she nor I were served notice of the hearing. The psychiatrist under Dr. Flynn, Dr. Beverly Cox, M.D. did not know about the temporary conservatorship either

### May 12, 2005

Dr. Flynn sent Eva to the third-floor lock-up of Cordilleras Mental Health Center in Redwood City before June 7, 2005, the date of the jury trial for the conservatorship. Cordilleras Mental Health Center was described by a worker there as a jump-off point for suicide. Eva was deliberately sent there to break her will before the conservatorship trial. She was confined in this facility for the next two years or longer. She spent her time in a ten-foot by ten-foot space, never allowed outdoors nor given weekend privilege to be with her family as were the others. There was the smell of urine in the visiting room. The patio was a small cage; a cigarette smell from the "men-only" patio. The staff was punitive when complaints were made. The custodial psychiatrist, G. Austin Conkey, M.D. told Eva that she wuld be there a long time. He told her that he did not want her to

live in her home or to be with her family.

The staff began painful monthly withdrawals of her blood by injection. Her periods stopped until January, 2007. She was forced to attend Alcohol Anonymous meetings, May 12, 2005 through April 1, 2007, even though she does not drink.

### June 1, 2005

Lesbians were making out in the women's shower. Eva told me that they did not appear to be on any medication. She was not willing to take a shower then as commanded by the staff, which retaliated by not giving her soap until the January, 2006.

### June 7, 2005- The Date of the Conservatorship Jury Trial

Eva was heavily drugged with PMF. The conservatorship was granted in favor of the county.

Dr. Conkey told Eva after the trial that he did not want me to visit her. She was harassed in her area at Cordilleras and was stalked by a male inmate around midnight near the hall bathroom. Her roommate withheld the key to the bathroom in their sleeping room, and Eva was forced to use the hall bathroom.

### June 12, 2005

After Eva escaped from Cordilleras, sheriff deputies in her home forced her to return to the facility. She begged them to leave her alone.

### June 13, 2005

I was no longer allowed to have contact with Eva. To punish her, the staff continued to deprive her of sufficient soap. Calls by visitors wanting to obtain permission to visit were not returned by Deputy Public Guardian James Abbedutto. Eva lived in isolation, deprived of toiletries, nail clippers.

A medical report confirms that Eva complained of inappropriate touching by a female nurse. I also complained. The report states that Eva (as an LPS patient) is "sexually vulnerable", implying that she could be a candidate for sterilization under the LPS laws.

### August 2, 2005

Visitors found her with a bleeding, impacted nail and suffering from bronchitis.

### September 15, 2005

6

Deputy Public Guardian Marcelle Moon obtained permission from the Family court to stop Eva's visits with her son, now eight years old (Case No. F055587). I am also barred from visiting with her son.

## April 13, 2006

Eva learned from me about the false reports that were made against her in her medical record, but she could do nothing about it in her drugged state.

## August, 2006

A visitor found Eva prostrate in her bedroom in sweltering heat. She was not given summer clothing by Deputy Public Guardian Moon. Eva was wearing only winter clothes out of modesty in the multi-sex facility. There was no fan in the room or adjoining lobby. Other floors in the facility were provided with a fan or air conditioner. Eva constantly complained about pain in her knees and feeling weaker.

## July 11, 2006

Eva's conservatorship was renewed, even though she was only supposed to stay one year, according to social worker, Kirstie Goodman at Cordilleras. Eva was heavily drugged at this hearing. She had difficulty using her hands, which were contorted. Her walking was grotesque and she appeared to be in pain. She was aware that I was outside the courtroom and that I was not allowed to observe the trial or to make contact.

## December, 2006

Staff members hostile to my helping Eva with litigation against the conservatorship were brought in to harass Eva. They subjected her to their name-calling, mockery. Eva was allowed outdoors for the first time in almost two years. She went to the beach, and in her weakened condition and wearing thin clothes, she caught a cold. On another day, she walked one-half block and had a foot blister, because she was unused to walking.

A quarantine was declared by the staff. Eva's family was not allowed to visit during the holidays. I have not yet confirmed with the California State Department whether the quarantine was authorized.

## January, 2007

Men were allowed to use the shower room in the former women's shower. A male was allowed to occupy a room across from Eva's sleeping room normally in the women's end of the floor. Eva believed that she was not safe.

March, 2007

As a response to my complaint to Sheriff Deputy Meyers about intentional pain inflicted on Eva, certain nurses engaged in name-calling and mockery against Eva. They often called her a "hooker."

They pricked her fingertips on her index fingers numerous times per session. Each session was three times daily for seven consecutive days, while the nurses mockingly told her that her blood sugar was normal (120).

A few days later, another staff member, "Golda" injected Eva with "germs" to see how she would react.

@ April 1, 2007

Dr. Conkey transferred Eva to a halfway house in Daly City. Suddenly, PMF ceased. She complained about male strangers in the house. Doors were suddenly left unlocked during the day and she was encouraged to leave the house. She believed that her experience in Cordilleras and the conditions in the house, in a crime-ridden area of Daly City, were expected to lead her to prostitution.

April 25, 2007

To avoid any trap, she asked me to help her escape. I picked her up and we went about our business as though she were not conserved. She appeared extremely thin and complained first off that her heart hurts. She was obviously not on any medication and said that she was not medicated since around April 1, 2007.

April 29, 2007

She was forced to return to the halfway house by sheriff deputies.

May 2, 2007

She escaped on her own from the halfway house and walked to her grandfather's house. When he tried to send her back to the halfway house, she escaped again and walked more than four miles to get to her home in Menlo Park. Her toes were bleeding by the time she made it home with the help of a Highway Patrol officer.

May 3, 2007

Sheriff Deputy Vers forced Eva to return to the custody of the Public Guardian. She was sent to San Mateo Medical Center psychiatric ward. I was arrested and jailed.

May 28, 2007

I stood trial. Eva was brought in by the county as a witness against me. She was heavily drugged and frightened. She told the judge that the medication was unnecessary. She ws drugged with haldol and cogent in. Her testimony was circumspect. She walked with difficulty and appeared to be in pain.

August 29, 2007

I was released from the county jail. The county was always aware of my location.

August 31, 2007

I received notice at 2:00 p.m. of a petition against Eva. The hearing date was already passed: August 31, 2007 at 9:00 a.m. County Counsel Finck informed me that her new Private Defender is for juveniles. I complained to the judge at the hearing, Hon. Barbara Mallach, to Private Defender Michele Hanley, and County Counsel Peter Finck about the lack of notice and the alleged mistrial. I have received no response.

9

9/11/07

Exhibit
14

6. The conservatorship order that I am accused of disobeying does not prohibit contact with my daughter. (Exhibit 11 of conservatorship order ). Therefore, the restraining order is invalid.

7. The restraining order is based on the incident of June 12, 2005, when the "victim" was neither a dependent nor conserved, as the Letters of Conservatorship were not yet issued. Therefore, the restraining order is invalid.

(Exhibit 14 , the restraining order was filed on July 11, 2005. But the incident when I made the supposed illegal contact was June 12, 2005. Eva Al-Z. was not a dependent on June 12, 2005, because the Letters of Conservatorship had not been issued yet ( Exhibit 2, Letters of Conservatorship).

8. The restraining order falsely or incorrectly states that "the person seeking to be protected…[was] personally present at the court hearing. No additional proof of service of this restraining order is required." Since it was Eva Al-Z.'s legal right to appear given her capacity or legal standing on June 12, 2005 and since she was prohibited from appearing because the county had been drugging her every day, the restraining order is invalid.

The restraining order (Exhibit 14) states that she was personally present. She did not appear. As she was competent on the date of the incident on June 12, 2005, the county should have deposed her then on June 12, 2005 or allowed her to appear *nunc pro tunc* in court for examination on the date of trial, July 11, 2005.

9. The restraining order (Exhibit 14) is invalid because Eva Al-Z. given her legal standing on June 12, 2005, the date of the incident upon which the order is based, was not served with the restraining order. Nor has the county given proof of service. Exhibit 13, the restraining order follows.

PETITION FOR WRIT OF HABEAS CORPUS                                    6v

EA-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| THOMAS F. CASEY III, COUNTY COUNSEL #47562<br>By: Judith A. Holiber, Deputy #180619<br>Hall of Justice & Records<br>400 County Center, 6th Floor<br>Redwood City, CA 94063<br>TELEPHONE NO. *(Optional)*: (650) 363-4747   FAX NO. *(Optional)*: (650) 363-4034<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: San Mateo County Public Guardian | **ENDORSED FILED**<br>**SAN MATEO COUNTY**<br><br>JUL 1 1 2005<br><br>Clerk of the Superior Court<br>**DONNA CARTER**<br>By _____<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME:

PETITIONER: SAN MATEO COUNTY PUBLIC GUARDIAN

RESPONDENT: SHIRLEY VENOYA REMMERT

| | CASE NUMBER: |
|---|---|
| **RESTRAINING ORDER AFTER HEARING**<br>(Elder or Dependent Adult Abuse) (CLETS) | *114069* |

---

THIS ORDER, EXCEPT FOR ANY AWARD OF ATTORNEY FEES AND COSTS, WILL EXPIRE AT MIDNIGHT ON
*(date):* _____ . IF DATE IS BLANK, THIS ORDER EXPIRES THREE YEARS FROM THE DATE OF ISSUANCE.

1. This proceeding was heard by judicial officer *(name)*: Honorable Rosemary Pfeiffer
   on *(date):* July 11, 2005   at *(time):* 9:00 a.m.   in Dept.: 14   Room:   Div.:

2. a. ☑ The person seeking to be protected and the person to be restrained were personally present at the court hearing. No
      additional proof of service of this restraining order is required.
   b. ☐ The person seeking to be protected was personally present. Proof of service on the respondent of the *Order to Show
      Cause* and the *Petition for Protective Orders* was presented to the court.
      (1) ☐ The orders on this form are the same as on form EA-120 except for the end date. This order can be served by
         mail.
      (2) ☐ The orders on this form are different from those on form EA-120. Someone other than persons seeking to be
         protected must personally serve a copy of this order on the person to be restrained.
   c. ☐ By written stipulation, no additional proof of service of this restraining order is required.

**THE COURT FINDS**

3. a. The restrained person is *(name)*: SHIRLEY VENOYA REMMERT
   b. The description of the restrained person is as follows:

   | Sex: ☐ M ☑ F   Ht.: 5-04   Wt.: 120   Hair color: Blk   Eye color: Blk   Race: Asian   Age: 58   Date of birth: 12/31/1946 |
   |---|

4. The protected person is *(name)*:
   EVA AL-ZAGHARI

5. ☐ The residence exclusion order below is supported by the following facts:
   a. The person to be protected has a legal right to live at the residence located at *(address):*


   b. The person to be protected will suffer physical or emotional harm if the restrained person does not leave the residence.
   c. Title to or lease of the residence at the address listed above is not in the sole name of the person to be restrained nor is it
      in the name of the person to be restrained and another person besides the person to be protected.

---

Form Adopted for Mandatory Use<br>Judicial Council of California<br>Approved by DOJ<br>EA-130 [Rev. January 1, 2005]

**RESTRAINING ORDER AFTER HEARING**
(Elder or Dependent Adult Abuse) (CLETS)

Welfare and Institutions Code,<br>§15657.03; Code of Civil<br>Procedure, § 527.9<br><br>American LegalNet, Inc.<br>www.USCourtForms.com

PETITIONER: SAN MATEO COUNTY PUBLIC GUARDIAN

RESPONDENT: SHIRLEY VENOYA REMMERT

CASE NUMBER:

**THE COURT ORDERS**

6. **PERSONAL CONDUCT ORDER**

   The restrained person must not:

   (1) ☑ abuse, intimidate, molest, attack, strike, stalk, threaten, sexually assault, batter, harass, destroy the personal property of, or disturb the peace of, the protected person.

   (2) ☑ telephone or contact directly or indirectly, by mail or otherwise, the protected person.

7. ☐ **RESIDENCE EXCLUSION ORDER**

   The restrained person must immediately move from and must not return to the residence located at the address listed in item 5a.

8. ☑ **STAY-AWAY ORDER**

   The restrained person must stay at least (specify):  __200__  yards away from the protected person and the following places:

   a. ☑ The protected person's residence located at (address):

      Cordilleras Mental Health Rehab Center, 200 Edmonds Road, Redwood City, CA 94062

   b. ☐ The protected person's place of work located at (address):

   c. ☐ The protected person's vehicle (specify):
   d. ☐ Other (specify):

9. ☑ **FIREARMS PROHIBITION AND RELINQUISHMENT ORDER**

   (If the abuse alleged in this case is solely financial abuse unaccompanied by force, threat, harassment, intimidation, or any other form of abuse, no firearms prohibition or relinquishment order shall be issued.)

   The abuse alleged in this case is not solely financial abuse unaccompanied by force, threat, harassment, intimidation, or any other form of abuse. The restrained person is prohibited from owning, possessing, purchasing, or receiving, or attempting to purchase or receive any firearms, and must surrender to local law enforcement or sell to a licensed gun dealer any firearm in or subject to his or her immediate possession or control within

   (1) ☑ 24 hours after issuance of this order (if restrained person is present at hearing).
   (2) ☐ 48 hours after service of this order (if restrained person is not present at hearing).
   (3) ☐ other (specify):

   If the restrained person owns, possesses, or controls any firearms, he or she must file a receipt with the court showing compliance with this order within 72 hours of receiving this order. (Form EA-145 may be used for this purpose.)

10. ☒ **ADDITIONAL ORDERS** (specify):

    Public Guardian is to cooperate with any visitation order for mother and minor child as recommended by Family Court Services even if visitation includes Shirley Remmert.

11. ☐ **NO FEE FOR SERVICE OF ORDER**

    Fees for service of this order by law enforcement are waived.

**RESTRAINING ORDER AFTER HEARING**
(Elder or Dependent Adult Abuse) (CLETS)

| PETITIONER: SAN MATEO COUNTY PUBLIC GUARDIAN | CASE NUMBER: |
|---|---|
| RESPONDENT: SHIRLEY VENOYA REMMERT | |

12. ☑ **DELIVERY TO LAW ENFORCEMENT**
A copy of this order and any proof of service must be given to the law enforcement agencies listed below by the following means:

a. ☐ the protected person must deliver.
b. ☑ the protected person's attorney must deliver.
c. ☐ the clerk of the court must mail.

| **Law Enforcement Agency** | **Address** |
|---|---|
| Redwood City Police Department | 1301 Maple Street, Redwood City, CA 94063 |
| San Mateo County Sheriff | 400 County Center, Redwood City, CA 94063 |

Date: _____

_____
JUDICIAL OFFICER

---

## NOTICE REGARDING ENFORCEMENT OF THIS ORDER

This order is effective when made. The law enforcement agency shall enforce the order immediately upon receipt. It is enforceable anywhere in California by any law enforcement agency that has received the order, is shown a copy of the order, or has verified its existence on the California Law Enforcement Telecommunications System (CLETS). If proof of service on the restrained person has not been received, the law enforcement agency must advise the restrained person of the terms of the order and then enforce it.

Violation of this order is a misdemeanor, punishable by a $1,000 fine, one year in jail, or both. This order must be enforced by all law enforcement officers in the state of California.

---

## NOTICE REGARDING FIREARMS

Unless the abuse in this case is solely financial abuse unaccompanied by force, threat, harassment, intimidation, or any other form of abuse, the restrained person is prohibited from owning, possessing, purchasing, or receiving, or attempting to purchase or receive any firearm. Any such conduct is subject to a $1,000 fine and imprisonment. You must sell any guns or firearms that you have under your control to a licensed gun dealer or turn them over to law enforcement in accordance with item 9 above.

---

| [SEAL] | **CLERK'S CERTIFICATE** |
|---|---|
| | I certify that the foregoing *Restraining Order After Hearing (Elder or Dependent Adult Abuse) (CLETS)* is a true and correct copy of the original on file in the court. |
| | Date: _____   Clerk, by _____, Deputy |

**RESTRAINING ORDER AFTER HEARING**
**(Elder or Dependent Adult Abuse) (CLETS)**

$Exhibit$
$/5$

**Claim Two:** I did not receive due process.

### Supporting Facts

#### Pretrial

I was never arraigned for alleged crimes regarding Eva Al-Zaghari. Private Defender Mitri Hanania did not check to see whether I had the opportunity to plead guilty or not guilty as to those alleged crimes.

I was, however, arraigned for an alleged crime of unauthorized contact with my mother without the Deputy Public Guardian Susann Woods' permission. I was arrested on March 26, 2005 and put in jail. The bail premium was posted at $50,000. I paid $5,000 and was released. I was arraigned and pleaded not-guilty before Hon. Thomas McGinn Smith, who said that the (bail) debt was discharged. The bail bond was $50,000 for an alleged kidnapping of my mother. The case could have been prosecuted but for the bad publicity the prosecution would have engendered. Just before I helped my mother escape, the local newspapers announced that a state-imposed quarantine was imposed on Burlingame Long-Term Care after two or more deaths from the high bacterial count in the hospital.

In addition, my mother's agitation for her right to appear in court led the nursing home to place my relatively healthy mother in the terminal ward

with all terminally ill patients in a vegetative state.

Exhibit 15 on the following pages shows the discharge of the bond, the statement of "kidnap", which the District Attorney used to prejudice this trial, and the last and only response (March 18, 2005) to my mother's and my complaint about her treatment.

**DEFENDANT**

| | |
|---|---|
| Name and Address of Bail Bond Agency | $ |
| By | BALANCE |

**MEMORANDUM OF BAIL BOND FURNISHED**

Defendant Shirley, Bennett    Amount of Bond $ 50,000    Date Filed 3/26

Charges 420 (A)   207 (3)   368 (3)(1)   4 My

Date Released 3/7    Date to Appear 5/3    Time 9:00

Case No. DV    Court Muni    City SF

Received Copy of above Receipt and Memo (Signature of Defendant or Depositor)

---

**COURT COPY LGIC 55**

# POWER OF ATTORNEY
## LINCOLN GENERAL INSURANCE COMPANY
### VOID IF NOT ISSUED BY:   09-Feb-06

**POWER AMOUNT $** ***$50,000.00***    **POWER NO.** LG50-290022

KNOW ALL MEN BY THESE PRESENTS that Lincoln General Insurance Company, a corporation duly organized and existing under the laws of the State of Pennsylvania and by the authority of the resolution adopted by the Board of Directors at a meeting duly called and held on May 1, 2002 which said Resolution has not been amended or rescinded, does constitute and appoint and by these presents does make, constitute and appoint the named agent its true and lawful Attorney-in-Fact for it and in its name, place and stead, to execute seal and deliver for and on its behalf and as its act and deed, as surety, a bail bond only. Authority of such Attorney-in-Fact is limited to appearance bonds and cannot be construed to guarantee defendant's future lawful conduct, adherence to travel limitations, fines, restitution, payments or penalties, or any other condition imposed by a court not specifically related to court appearance.

This Power of Attorney is for use with Bail Bonds only. Not valid if used in connection with Federal Immigration Bonds. Not valid for Federal Bail Bonds. This power void if altered or erased, void if used with other powers of this company or in combination with powers from any other surety company, void if used to furnish bail in excess of the stated face amount of this power, and can only be used once.

The obligation of the company shall not exceed the sum of

***Fifty thousand dollars and no cents***

and provided this Power-of-Attorney is filed with the bond and retained as a part of the court records. The said Attorney-in-Fact is hereby authorized to insert in this Power-of-Attorney the name of the person on whose behalf this bond was given.

IN WITNESS WHEREOF, LINCOLN GENERAL INSURANCE COMPANY has caused these presents to be signed by its duly authorized attorney-in-fact, proper for the purpose and its corporate seal to be hereunto affixed this 20 day of March , year 2005

Bond Amount $ 50,000

Defendant Bennett, Shirley, V

Court Muni

City SF

State CA

If rewrite, original #

Executing Agent

INDEMNITOR COPY

**APPLICATION FOR EMERGENCY PROTECTIVE ORDER (CLETS)**                          **EPO-001**

*(Name):* Inspector K. Kashiwahara     has provided the information in items 1-5.

| | |
|---|---|
| 1. PERSON(S) TO BE PROTECTED *(insert names of all persons to be protected by this order)*:<br>Julia Carter Venoya | **LAW ENFORCEMENT CASE NUMBER:**<br>200501025 |

2. PERSON TO BE RESTRAINED *(name):* Shirley Venoya Remmert

Sex: ☐ M ☑ F  Ht.: 5-04  Wt.: 120  Hair color: Blk  Eye color: Blk  Race: B  Age: 58  Date of birth: 12/31/1946

3. The events that cause the protected person to fear immediate and present danger of domestic violence, child abuse, child abduction, elder or dependent adult abuse (other than solely financial abuse), or stalking (including workplace violence or civil harassment) are *(give facts and dates; specify weapons)*:

Remmert took the victim who resides in a residential care facility away and hid her in a motel in Redwood City. The

victim is under conservatorship through the San Mateo County Public Guardian and no permission had been given to

Remmert to remove her. Prior reports revealed that Remmert had hired someone to kidnap the victim at one time.

4. ☐ The person to be protected lives with the person to be restrained and requests an order that the restrained person move out immediately from the address in item 9.

5. a. ☐ The person to be protected has minor children in common with the person to be restrained, and a temporary custody order is requested because of the facts alleged in item 3. A custody order ☐ does ☐ does not exist.
   b. ☐ The person to be protected is a minor child in immediate danger of being abducted by the person to be restrained because of the facts alleged in item 3.

6. ☐ A child welfare worker or probation officer has advised the undersigned that a juvenile court petition
   ☐ has already been filed. ☐ will be filed. ☐ will NOT be filed.

7. ☑ Adult Protective Services has been notified.

8. Phone call to *(name of judicial officer):* R. Pfeiffer    on *(date):* 03/26/05   at *(time):* 1723
   ☑ The judicial officer granted the **Emergency Protective Order** that follows.

By: K. Kashiwahara

(PRINT NAME OF LAW ENFORCEMENT OFFICER)      (SIGNATURE OF LAW ENFORCEMENT OFFICER)

Agency: Burlingame Police Department    Telephone No.: (650) 777-4100   Badge No.: 10

**EMERGENCY PROTECTIVE ORDER** *(See reverse for important notices)*

9. To **restrained person** *(name):* Shirley Venoya Remmert
   a. ☑ You must not contact, molest, harass, attack, strike, threaten, sexually assault, batter, telephone, send any messages to, follow, stalk, destroy any personal property, or disturb the peace of each person named in item 1.
   b. ☑ You must   ☑ stay away at least 100 yards from each person named in item 1.
           ☑ stay away at least 100 yards from   ☐ move out immediately from
      *(address):* 1100 Trousdale Dr. Burlingame and 222 W. 39th Ave. San Mateo, CA

10. ☐ *(Name):* _____ is given temporary care and control of the following
    minor children of the parties *(names and ages):* _____

11. Reasonable grounds for the issuance of this order exist and an emergency protective order is necessary to prevent the occurrence or recurrence of domestic violence, child abuse, child abduction, elder or dependent adult abuse, or stalking (including workplace violence or civil harassment).

12. **THIS EMERGENCY PROTECTIVE ORDER WILL EXPIRE AT 5:00 P.M. ON:** 04/04/2005

13. To **protected person:** If you need protection for a longer period of time, you must request restraining orders at *(court name and address):* San Mateo County Superior Cour   INSERT DATE OF FIFTH COURT DAY OR SEVENTH CALENDAR DAY, WHICHEVER IS EARLIER; DO NOT COUNT DAY THE ORDER IS GRANTED

**PROOF OF SERVICE**

14. Person served *(name):* Shirley Venoya Remmert

15. I personally delivered copies to the person served as follows:   Date: 03/26/05    Time: 1800
    Address: 1111 Trousdale Dr. Burlingame

16. At the time of service I was at least 18 years of age and not a party to this cause. ☐ I am a California sheriff or marshal.

17. My name, address, and telephone number are *(this does not have to be server's home telephone number or address)*:
    K. Kashiwahara 1111 Trousdale Dr. Burlingame, CA 94010 - Burlingame Police Department

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: 03/26/05

K. Kashiwahara, Inspector

(TYPE OR PRINT NAME OF SERVER)      (SIGNATURE OF SERVER)

Form Adopted for Mandatory Use
Judicial Council of California
EPO-001 [Rev. January 1, 2004]
Approved by DOJ

**EMERGENCY PROTECTIVE ORDER (CLETS)**
(Domestic Violence, Child Abuse, Elder or Dependent
Adult Abuse, or Stalking (Workplace Violence, Civil Harassment))
ONE copy to court, ONE copy to restrained person, ONE copy to protected person, ONE copy to issuing agency

Family Code, § 6200 et seq.
Penal Code, § 646.91
American LegalNet, Inc.
www.USCourtForms.com

State of California—Health and Human Services Agency

# Department of Health Services




California
Department of
Health Services

**SANDRA SHEWRY**
Director



**ARNOLD SCHWARZENEGGER**
Governor

March 18, 2005

Ms. Shirley Remmert
P.O. Box 2577
Menlo Park, CA 94026

Dear Ms. Remmert:

FACILITY: San Mateo Medical Center – Long Term Care

COMPLAINT NUMBER: CA 22-040961

The purpose of this letter is to inform you that this office is in receipt of your complaint regarding the above named facility.

The Licensing and Certification Program (L&C) is responsible for the licensing and certification of health facilities and the investigation of complaints. Before L&C can cite a facility for a violation of a state or federal regulation, there must be sufficient factual evidence that a violation did, in fact, occur. L&C must verify the violation through direct observation, interviews, or review of documents.

In accordance with Health and Safety Code, Section 1420(a)(1), you and/or your representative "may be allowed to accompany the inspector to the site of the alleged violations during his or her tour of the facility, unless the inspector determines that the privacy of any patient would be violated thereby." Should you and/or your representative wish to accompany the evaluator (inspector), please note the following restrictions necessary to ensure the privacy and confidentiality of all patients/records.

You and/or your representative **may not**:

- Conduct interviews or assist in conducting interviews.
- Conduct reviews of health records or other confidential materials such as personnel files or incident reports.
- Use cameras, video cameras, or tape recorders.

Exhibit
16

This case began in August, 2006 as a case concerning my mother. My daughter was never mentioned as a victim until the arraignment re Julia V. had passed. On March 6, 2006, the District Attorney and private defender agreed to drop the Julia V. matter and to prosecute me for the Eva Al-Z. matter only. The incidents re Eva Al-Z. should have been in a separate case and trial. The incidents were not related at all. In my mother's case, she was already conserved and forced to live in the terminal ward of a county hospital. In Eva Al-Z.'s situation, she was a private citizen, neither conserved nor a dependent. She was in her bedroom when sheriff deputies barged in, detained her for questioning on March 26, 2005, and forced her to go to Kaiser Hospital without cause. The Kaiser medical record clearly states that she was not in police custody.

While I was not arrested for any matter regarding Eva Al-Z. on March 26, 2005, the court prejudicially denied the private defender's motion in limine to exclude the facts of the Julia V. case on the date of incident, March 26, 2005.

<u>Trial</u>

1.    Since I was acquitted of an alleged misdemeanor on March 26, 2005

(disobedience of conservatorship order and process) due to the fact that Eva

Al-Z. was neither conserved nor a dependent, the court should have

followed the said reasoning and acquitted me of the misdemeanor for which

I am convicted;  namely, the misdemeanor on March 26, 2005 (harm to a

dependent).

The court should also have acquitted me of another misdemeanor for

which I am convicted; namely, the misdemeanor on June 12, 2005 (harm to

a dependent), since Eva Al-Z. was not a dependent until the Letters of

Conservatorship made the order for conservatorship effective on June 13,

2005 (Exhibit 2, Letters).

In any case, for all three counts for which I am convicted including

the two above and a third (April 13, 2005 incident, violation of restraining

order), the court should have declared me not guilty, because of facial

evidence for a mistrial due to lack of due process and lack of evidence.

2.   Deputy County Counsel Judith A. Holiber allegedly tampered with

the jury on November 17, 2006, around 11:15 a.m.  According to the court

docket, a jury member tried to warn or tell Mr. Hanania about misconduct.

But I was not informed of the jury member's statement.

3.   Mr. Hanania did not subpoena the witnesses that I asked for,

including the "victim", Eva Al-z. He would not let me testify.

4.    The witnesses for the prosecution were not credible. Their testimony should not have been admitted. The private attorney should have objected to certain testimony.

    a.    The custodial county psychiatrist's statement that the "victim" is a felon is false.

    b.    Deputy Sheriff's reports were written more than a year after the incident.

    c.    Other reports about the "victim" allegedly slandered her capacity and my fitness.

5.    Hon. Susan Etezadi denied my private defender's motion for a mistrial, as the defender stated that he did not have sufficient discovery information as to witness Marcelle Moon, Deputy Public Guardian. After Mr. Hanania privately made this motion to the judge, he did not tell me that this motion was made (Statements in court docket.)

6.    Mr. Hanania ignored my request to be *in pro per* for my motion in Arrest of Judgment or Retrial. I filed the motion for a hearing on January 10, 2007 after I discovered Ms. Holiber's alleged tampering. Hon. H. James Ellis stated that the hearing would be continued to January 17, 2007. On

1  that date, Hon. Etezadi stated that she would not consider any of my

2  motions and she proceeded to sentence me.  Exhibit 1ʙ, transcript of

3

4  January 10, 2007 hearing; Hon. Ellis' statement follows.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit
16

1                        IN THE SUPERIOR COURT

2              THE STATE OF CALIFORNIA, COUNTY OF SAN MATEO

3

4                                              COPY

5      PEOPLE OF THE STATE OF CALIFORNIA,    )
                                             )
6                           PLAINTIFF,       )
                                             )
7                 VS.                        )   NO. SM 340531A
                                             )
8      SHIRLEY REMMERT,                      )
                                             )
9                           DEFENDANT.       )
       _____)

10

11
                      REPORTER'S TRANSCRIPT OF PROCEEDINGS
12
                    BEFORE: HON. H. JAMES ELLIS, JUDGE
13
                              DEPARTMENT 12
14
                            JANUARY 10, 2007
15

16     A P P E A R A N C E S:

17     FOR THE PEOPLE:           JAMES P. FOX, DISTRICT ATTORNEY
                                    OF SAN MATEO COUNTY
18                               BY:  LINDA EUFUSIA, Deputy
                                 HALL OF JUSTICE AND RECORDS
19                               400 COUNTY CENTER
                                 REDWOOD CITY, CA  94063-1655
20

21     FOR THE DEFENDANT:        MITRI HANANIA, ESQUIRE

22

23
       REPORTED BY:             JENELL MULLANE, CSR #5302
24

25

26

1                   P R O C E E D I N G S

2      Redwood City, California              January 10, 2007

3                                            Morning Session

4                           ----------

5            THE COURT:   Call the matter on line 9, Shirley

6      Remmert.

7            MS. EUFUSIA:   Linda Eufusia for the People in that

8      matter.

9            MR. HANANIA:   Good morning, Judge Ellis.  Mitri

10     Hanania appearing for Miss Remmert.  She is present.

11           THE COURT:   I understand that Miss Remmert's

12     matter is on for sentencing before Judge Etezadi on January

13     the 17th.  And I note that evidently that your client was

14     allowed to, should not have been, but was allowed to file a

15     motion with the Court.

16           Under the circumstances, I would be inclined to

17     continue this motion, also, to the 17th so those matters can

18     be addressed at the same time.

19           MR. HANANIA:   That is correct.

20           I didn't authorize the motion.

21           THE COURT:   I'm aware of that.

22           Matter continued, then, to January the 17th at

23     9:00 a.m. before Judge Etezadi.  She's Department 18, but

24     sitting in South San Francisco, and that's Courtroom J, and

25     that would be the order at this time.

26           MR. HANANIA:   Thanks, Judge.

1                THE COURT:   Thank you.

2                (Proceedings for this day were concluded and the

3    matter was continued to January 17, 2007, at 9:00 a.m. for

4    further proceedings.)

4

1                    IN THE SUPERIOR COURT

2            THE STATE OF CALIFORNIA, COUNTY OF SAN MATEO

3        DEPARTMENT NO. 12        HON. H. JAMES ELLIS, JUDGE

4

5        THE PEOPLE OF THE STATE    )
         OF CALIFORNIA,             )
6                                   )
                       PLAINTIFF,   )
7              VS.                  )        NO. SM 340531A
                                    )
8        SHIRLEY REMMERT,           )        REPORTER'S CERTIFICATE
                                    )
9                    DEFENDANT.     )
         _____)

10

11       STATE OF CALIFORNIA)
                            ) SS
12       COUNTY OF SAN MATEO)

13

14            I, JENELL MULLANE, Official Reporter of the

15       Superior Courts of the State of California, County of

16       San Mateo, do hereby certify that the foregoing

17       Pages 2 through 3, inclusive, comprise a full, true, and

18       correct transcript of the proceedings taken in the matter of

19       the above-entitled cause.

20

21       DATED:  March 19, 2007

22

23                              JENELL L. MULANE, CSR

24                        _____
                          JENELL MULLANE, CSR #5302
25                        OFFICIAL REPORTER, SUPERIOR COURT

26

7. The private defender in his opening statement stated that the conservatorship is illegal, but he did not present the evidence which was ready to be shown to the court.

## Sentencing

The trial court violated the prohibition against reading or considering the prior probation report without my consent in violation of Penal Code sec. 1204.15. I saw the report just before the sentencing hearing and had no time to read it or consider it, to correct errors, and to serve a response. The court did not seek a waiver of the prejudicial reading of the report.

**Claim Three:** Marsden Defense

### Supporting Facts

1. Claim Two (Lack of Due Process) is incorporated.

**Claim Four:** The county never proved that I harmed my daughter.

### Supporting Facts

The county never proved that I called or talked to my daughter on the date of the incident of April 13, 2006 (violation of restraining order).

Alleged harm in all other incidents was not documented with doctors' or law enforcement reports.

**Claim Five:** Violation of my constitutional and civil rights

PETITION FOR WRIT OF HABEAS CORPUS                                     6c-1

## Supporting Facts

I was prosecuted in violation of my constitutional and civil rights (1st; 14th amendments; CC sec. 52 et seq.); 42 U.S.C. sec. 1983).

**Claim Six:**  Government Employees' Intentionally Perjured Testimony

## Supporting Facts

There has been a long history of government employees' harassment and intimidation in violation of Gov sec. 8547.2 and .3. I was convicted by perjured testimony knowingly presented by government employees of the State and therefore, I am entitled to have the convictions reversed.

**Claim Seven:**    Necessity and Justification

The county is committing malpractice and causing irreparable injuries upon my daughter, since she was not a 5150 when the county assumed its custody over her.   Some county employees are also trying to disable or kill her in violation of the American Disability Act and Penal codes . I request judicial notice of June 30, 2005 Declaration that psychiatrist Dr. Austin G. Conkey, M.D. was attempting to murder her by causing her post-traumatic recurrence (Case No. 108876 LPS).

**Claim Eight:**    Malicious and retaliatory prosecution

Supporting facts are in the evidence presented and offered including

the court record.

**Claim Nine:**      Abuse of court's discretion

## Supporting Facts

Supporting facts are in the evidence presented including the court

record.

1 | need more space. Answer the same questions for each claim.

2 |     [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3 | petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4 | 499 U.S. 467, 111 S.Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5 |     Claim One:_____

6 | _____

7 |     Supporting Facts:_____

8 | _____

9 | _____

10 | _____

11 |     Claim Two:_____

12 | _____

13 |     Supporting Facts:_____

14 | _____

15 | _____

16 | _____

17 |     Claim Three:_____

18 | _____

19 |     Supporting Facts:_____

20 | _____

21 | _____

22 | _____

23 |     If any of these grounds was not previously presented to any other court, state briefly which

24 | grounds were not presented and why: Violation of Pen. C. sec. 1204, 5 by court

25 | (failure to seek waiver reading of probation report before my

26 | response) I inadvertently overlooked this Violation. In

27 | any event, I considered the entire proceeding to be a

MISTRIAL.

28 |

6f. 1

1    List, by name and citation only, any cases that you think are close factually to yours so that they

2  are an example of the error you believe occurred in your case.  Do not discuss the holding or reasoning

3  of these cases:

4  LARRY WOLLERSHEIM V. CHURCH OF SCIENTOLOGY OF CALIFORNIA,

5  NO. B023193, COURT OF APPEAL, SECOND DISTRICT,

6  DIVISION 7, CALIFORNIA, JULY 18, 1989.

7  Do you have an attorney for this petition?                    Yes_____    No_X_

8  If you do, give the name and address of your attorney:

9  _____

10    WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

    and entire pleading
11  this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

12

13  Executed on _February 17, 2008_            _Shirley V Kemmot_

14            Date                          Signature of Petitioner

15

16

17

18

19

20  (Rev. 6/02)

21

22

23

24

25                              \

26

27

28                        7

Exhibit
17

**S159655**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re SHIRLEY V. REMMERT on Habeas Corpus

The application for stay and petition for writ of habeas corpus are denied.

SUPREME COURT
**FILED**

FEB **1 3** 2008

Frederick K. Ohlrich Clerk

_____
Deputy

_____
**GEORGE**
Chief Justice

## ADDENDUM

### Re:  Harm to Dependent (Case No. SM340531A)/ I never received notice that I could not leave Cordilleras Center with my daughter

1.      Eva Al-Zaghari and I left Cordilleras on June 11, 2005.  She was recaptured by deputy sheriff officers and returned to Cordilleras (Case No. SM340531A).

2.      The conservatorship order filed June 7, 2005 does not say Eva Al-Z. may not leave any particular treatment center.  The order does not say that she has to stay locked up in a treatment center.  Cordilleras' "clients" freely came and went.  The policy to allow clients to stay at home on weekends was liberally given to them.

3.      I learned in April, 2006 through discovery in Case No. SM340531A that both San Mateo Medical Center and Cordilleras had a written policy of discouraging my visits with Eva Al-Z.

        The staff's action in not informing me of a deemed crime plus their unrelenting physical and mental abuse of my daughter suggests their entrapping me for crime.

        Therefore, I never received notice that I was committing an act that the staff was prepared to present as a crime.

ADDENDUM - 1

1

2

## Other Proof of Hon. Susan Etezadi's Bias in the trial for Case No. SM340531A

3

4   I believe that Hon. Etezadi went out of her way to be the judge at my

5   trial. One of the clerks at the Northern Branch informed me that at the time

6   of my trial, the said judge was recently assigned her post and was not yet

7

8   given a courtroom in the South San Francisco court.

9



10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ADDENDUM - 2

## 2nd ADDENDUM

### Errors in Court Record

1.    I maintain that I was never arraigned for the criminal action involving

Eva Al-Zaghari. The court docket for Case No. SM340531A states that I

appeared with Attorney Hanania before Hon. Barbara J. Mallach on 8-09-

06. That statement is false. I did not appear but waited outside the

courtroom as Mr. Hanania, my private defender, instructed.

I am certain that the court transcripts will show that I made no plea

regarding the Eva Al-Z. matter. My private defender never mentioned the

subject of arraignment.

2.    Another error in the criminal case docket is the time that Deputy

County Counsel Judith A. Holiber made alleged eye and signaling contact

with Jury foreman _____ Skinnell on November 17, 2006.

That alleged act occurred just before she, as the last witness of the day,

finished her testimony at or around 11:15 a.m. The docket lists the end of

testimony as 10:30 a.m.

DATE: *March 11, 2008*

*Shirley V. Remmet*
Plaintiff Pro Se