1421

SHIRLEY V. REMMERT, PRO SE
990 Berkeley Avenue
Menlo Park, CA 94025
Tel: 650-921-8820
Message: 650-521-0571

*FILED*
*08 APR 15 PM 12: 25*
*W. WIEKING*
*U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

Shirley V. Remmert;
Eva D. Al-Zaghari,
    Plaintiffs,

    v.

James P. Fox,
District Attorney
Of San Mateo County;
Jerry Brown,
Attorney General
Of the State of California,
    Defendants

_____/

PLAINTIFFS' OFFER OF EVIDENCE FOR
TEMPORARY RESTRAINING ORDER
AGAINST PROBATE COURT ORDERS
INFRINGING ON CIVIL LIBERTIES

DECLARATION

RE REMMERT'S PETITION FOR WRIT OF
HABEAS CORPUS

CASE NO. C-08-1644 CRB;
    C-08-1645 CRB

HON. CHARLES R. BREYER

We, Plaintiffs Shirley V. Remmert and Eva D. Al-Zaghari, hereby file a list of

exhibits and witnesses for trial on the motion for a temporary restraining order of Probate

Court orders in Case No. 108876 LPS, *In the Matter of Eva D. Al-Zaghari* and No.

114796, *San Mateo County Public Guardian v. Shirley V. Remmert.*

### DECLARATION

STATE OF CALIFORNIA
SAN MATEO COUNTY

I, Plaintiff Shirley V. Remmert, can competently testify as to the facts in this

motion, as I am knowledgeable about those matters and have personal experience therein.

PLAINTIFFS' OFFER OF EVIDENCE/ TRO HEARING/ C-08-1644 CRB; C-08-1645 CRB/  1

1

2  As for those matters based on reliable information, I believe them to be true. I declare

3  that these statements are true and correct under the penalties for perjury of the federal

4  laws.

5

6  DATE: April 15, 2008

7

8                    Respectfully Submitted By:

9

10                   Shirley V. Remmert

11                                        Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' OFFER OF EVIDENCE/ TRO HEARING/ C-08-1644 CRB; C-08-1645 CRB           2

LIST OF EXHIBITS IN SUPPORT OF A TRO

Exhibit A

DR. MARY MARGARET FLYNN, M.D., San Mateo County psychiatrist, wrote in a medical record four months before she conserved Eva Al-Z.: Patient " does not meet legal criteria for conservatorship..." (November 17, 2004)

Exhibit B

The psychiatrist wrote the following day that she spoke to a Deputy Public Guardian for my mother, Julia Venoya, and falsely determined that I " more focused on... suing the probate conservators".

Exhibit C

PARAMEDICS FROM THE MENLO PARK FIRE PROTECTION DISTRICT found that Eva Al-Zaghari was not an emergency case, even though Deputy Sheriff Sean O'Donnell tried to make it a "5150" (cause for detention by psychiatrists under Welfare and Institutions Code sec. 5150) (March 26, 2005)

Exhibit D

PARAMEDICS FROM THE AMERICAN MEDICAL RESPONSE (AMR) AMBULANCE reported back to "911 PUBLIC SAFETY COMMUNICATIONS OF THE SHERIFF'S OFFICE that Eva Al-Z. is not a "5150", but AMR did drive her to Kaiser Hospital, at whose insistence, I do not know (March 26, 2005).

Exhibit E

A letter from U. S. PROBATION OFFICER ESTHER M. DAVIS states that Eva

PLAINTIFFS' OFFER OF EVIDENCE/ TRO HEARING/ C-08-1644 CRB; C-08-1645 CRB/    3

Al-Z. was deemed competent by the federal court. Her competency for the successful

completion of the probation program for an unrelated misdemeanor in 2002 was

concurrent with the county court's issuance of a conservatorship order on June 7, 2005.

Exhibit F

Deputy County Counsel Peter K. Finck and Deputy County Counsel Judith A.

Holiber insisted on making the conservatorship case a criminal one: *People of the State of*

*California v. Eva D. Al-Zaghari*, but there are no law enforcement reports citing Eva Al-

Z. for a new crime linked to a conservatorship investigation. The incident in 2002 was

her only scrape with the law (Exhibit E).

Pending Evidence for Preliminary Injunction, if Granted

Re:    No hearings with Eva Al-Z.'s or my Opportunity for Opposition

There is no evidence that Eva Al-Z. had a hearing for forcible drugging with

psychosis-inducing, mind-altering drugs. She had no hearing under the LPS Act, which

allows in effect ownership of her person and estate. She had no hearing to determine the

truthfulness of reports that she abuses drugs, or is suicidal. Private Defenders and others

will be examined.

WITNESS FOR TRO HEARING

COMMANDER TERRI MOLAKIDES OF THE MENLO PARK POLICE will

bring the record of a criminal complaint that Eva Al-Z. (then Eva D. Remmert) and I

made concerning an assault against her. She was drugged, raped, and brutalized in this

still unsolved crime. I believe that the blunders in the conservatorship case are actually

1
2    intentional.  Her life is in danger, as criminals would like to see her mind destroyed.
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

$\mathcal{A}$

U    U19
11/06/04    PCP
PCC

SMMC ADM

11/18/2004 4:21 PM  Thursday

Psychiatry Note: **Eva Alzaahari. Room 303-1**

O:  Met with patient and her mother. MSE: Patient I believe for the first time since admission is dressed in something other than hospital gown. She is alert and oriented. She avoids eye contact. Most of her brief responses are in the altered squeaky voice. She acknowledges she is looking forward to discharge tomorrow. She appears very internally preoccupied but was able to remain through the entire interview. She said she would take her medications. She knows she has diabetes. She did not know she has hypertension. She has no insight and grossly impaired judgment. She has not engaged in any further assautative behaviors. She continues to frequently "hide" in the bathroom.    Discussed with mother the glucoscan, monitoring BP, taking geodon. I called and spoke with Dr Verby. Patient has appointment Monday Nov 22, 2005 with him and the week of Dec 1 with internist  See discharg summary sheet.

A:  no change in Dx

P:  discharge tomorrow to mother's care and with physicians as noted in chart. I am
unable to conserve this patient, as she does not meet legal criteria for conservatorship
under the LPS law. In addition she is more anxious in the hospital . If her mother will indeed follow through and give the patient her antispcyhotic medicine as wel as meds for her medical problem prognosis is better. But unfortunately mother's judgment has not been particularly good in the past, although she is verbalizing compliance with giving her daughter the medicine. And monitoring her glucose and HBP.

Mary Margaret Flynn MD

$\mathcal{B}$

11/17/2004 3:21 PM Wednesday
Psychiatry Note: **Eva Al-Zaghari,    Room 303-1**
S: *Yes, I will.*
O: Patient was able to speak in a more normal tone of voice for about three sentences.
Then she spoke at some length and I couldn't understand a word she said and she
diminished the sound of her voice to where she was sub vocalizing, and then just moving
her lips to her self. She avoided eye contact. She is internally preoccupied and appeared
to be hallucinating throughout the interview. She was less anxious. She was able to
provide some information in normal tone of voice e.g. her birthday. She willingly signed
forms for us to send discharge summary to her internist and to Dr. Verby. She clearly
said she is glad to be going home. She became more anxious and subvocalized more
when I attempted to talk with her about DM and hypertension. She has no insight and
grossly impaired judgment.
**Collateral contact:** The probate conservator of Eva's maternal grandmother who lives
in home with Eva and Mrs. Remertz called. The grandmother is Eva's mother's mother.
And Eva's mother's father (the maternal grandfather) owns the home and wants to evict
Eva and Eva's mother, his daughter from the home. Eva's mother, Mrs. Remertz has
been managing the wealth and properties of her father and mother. The guardianship of
the grandmother wants the grandmother moved to a skilled nursing facility and is hoping
to be able to protect the assets of the family, which are apparently dwindling secondary to
Eva's mother's (Mrs. Remertz's) business practices and poor judgments. The maternal
grandmother does have paranoid schizophrenia. In talking with Mrs. Remertz, she
describes another female relative with being diagnosed with schizophrenia but "she is
normal now". Talked with mother today. Mother verbally agreed to give Eva the geodon
and her antihypertensive and antidiabetic medication. I strongly recommended to the
mother that as Dr Verby is a pediatrician and not psychiatrist that Eva get and adult
psychiatrist to follow her schizophrenia. Mother herself remain NOT convinced Eva has
schizophrenia or even DM and HBP but is saying she will have her take medications.
Eva's mother is more focused on getting Eva to her visitations with her son, to suing the
probate conservators, suing g her father to remain in the house. However I cannot
conserve Eva and I also don't think clinically it would be helpful to take Eva away from
the family necessarily, particularly if her mother will follow through with the medical and
psychiatric follow p I will be writing out and recommending to her, Dr Verb, The
internist, the psychologist and all the other collateral contacts this stay.
A: no change in DX
P: Mrs. Remertz received instruction today on how to do the finger sticks. She also
expressed concern about Eva's hirsute, and endocrine and Ob-Gyn problems.

Mary Margaret Flynn MD

**A** | 41050 | **CA** 03 26 2005 | 5 | 05-0001781 | 000 | NFIRS -1
FDID ★ | State ★ | Incident Date ★ | Station | Incident Number ★ | Exposure ★ | Basic
☐ Delete
☐ Change
☐ No Activity

**B** Location ★

☐ Check this box to indicate that the address for this incident is provided on the Wildland Fire Module in Section B "Alternative Location Specification". Use only for Wildland fires.    Census Tract | __ - __

[X] Street address | 990 | BERKELEY | | AV | __
☐ Intersection | Number/Milepost Prefix | Street or Highway | | Street Type | Suffix
☐ In front of
☐ Rear of | | Menlo Park | | CA | 94025 | - __
☐ Adjacent to | Apt./Suite/Room | City | | State | Zip Code
☐ Directions | Cross street or directions, as applicable

**C** Incident Type ★

321 | EMS call, excluding vehicle
Incident Type

**D** Aid Given or Received ★

1 ☐ Mutual aid received
2 ☐ Automatic aid recv.
3 ☐ Mutual aid given | Their FDID | Their State
4 ☐ Automatic aid given
5 ☐ Other aid given | | Their Incident Number
N [X] None

**E1** Date & Times        Midnight is 0000

Check boxes if dates are the same as Alarm Data.    Month  Day  Year  Hr Min Sec
ALARM always required
Alarm ★ | 03 | 26 | 2005 | 15:05:05

ARRIVAL required, unless canceled or did not arrive
Arrival ★ | 03 | 26 | 2005 | 15:08:13

CONTROLLED, Optional, Except for wildland fires
☐ Controlled | | | | 

LAST UNIT CLEARED, required except for wildland fires
Last Unit Cleared | 03 | 26 | 2005 | 15:21:32

**E2** Shift & Alarms        Local Option

B | 1
Shift or Platoon | Alarms | District

**E3** Special Studies        Local Option

Special Study ID# | Special Study Value

**F** Actions Taken ★

33 | Provide advanced life
Primary Action Taken (1)

| | 
Additional Action Taken (2)

| | 
Additional Action Taken (3)

**G1** Resources ★

[X] Check this box and skip this section if an Apparatus or Personnel form is used.

| | Apparatus | Personnel
Suppression | | 
EMS | 0001 | 0003
Other | | 

☐ Check box if resource counts include aid received resources.

**G2** Estimated Dollar Losses & Values

LOSSES: Required for all fires if known. Optional for non fires.    None
Property $ | ___ , ___ 000 , 000 | ☐
Contents $ | ___ , ___ 000 , 000 | ☐

PRE-INCIDENT VALUE: Optional
Property $ | ___ , ___ 000 , 000 | ☐
Contents $ | ___ , ___ 000 , 000 | ☐

**Completed Modules** | **H1** ★ Casualties ☐ None | **H3** Hazardous Materials Release | **I** Mixed Use Property
| Deaths Injuries | N ☐ None | NN [X] Not Mixed
☐ Fire-2 | Fire | 1 ☐ Natural Gas: slow leak, no evacuation or HazMat actions | 10 ☐ Assembly use
☐ Structure-3 | Service | 2 ☐ Propane gas: <21 lb. tank (as in home BBQ grill) | 20 ☐ Education use
☐ Civil Fire Cas.-4 | | 3 ☐ Gasoline: vehicle fuel tank or portable container | 33 ☐ Medical use
☐ Fire Serv. Cas.-5 | Civilian | 4 ☐ Kerosene: fuel burning equipment or portable storage | 40 ☐ Residential use
☐ EMS-6 | **H2** Detector | 5 ☐ Diesel fuel/fuel oil: vehicle fuel tank or portable | 51 ☐ Row of stores
☐ HazMat-7 | Required for Confined Fires. | 6 ☐ Household solvents: home/office spill, cleanup only | 53 ☐ Enclosed mall
☐ Wildland Fire-8 | 1 ☐ Detector alerted occupants | 7 ☐ Motor oil: from engine or portable container | 58 ☐ Bus. & Residential
☐ Apparatus-9 | | 8 ☐ Paint: from paint cans totaling < 55 gallons | 59 ☐ Office use
☐ Personnel-10 | 2 ☐ Detector did not alert them | 0 ☐ Other: Special HazMat actions required or spill > 55gal., | 60 ☐ Industrial use
☐ Arson-11 | U ☐ Unknown | Please complete the HazMat form | 63 ☐ Military use
| | | 65 ☐ Farm use
| | | 00 ☐ Other mixed use

**J** Property Use ★   Structures

31 ☐ Church, place of worship
61 ☐ Restaurant or cafeteria
62 ☐ Bar/Tavern or nightclub
13 ☐ Elementary school or kindergarten
15 ☐ High school or junior high
11 ☐ College, adult education
11 ☐ Care facility for the aged
11 ☐ Hospital

341 ☐ Clinic,clinic type infirmary
342 ☐ Doctor/dentist office
361 ☐ Prison or jail, not juvenile
419 [X] 1- or 2-family dwelling
429 ☐ Multi-family dwelling
439 ☐ Rooming/boarding house
449 ☐ Commercial hotel or motel
459 ☐ Residential, board and care
464 ☐ Dormitory/barracks
519 ☐ Food and beverage sales

539 ☐ Household goods,sales,repairs
579 ☐ Motor vehicle/boat sales/repair
571 ☐ Gas or service station
599 ☐ Business office
615 ☐ Electric generating plant
629 ☐ Laboratory/science lab
700 ☐ Manufacturing plant
819 ☐ Livestock/poultry storage(barn)
882 ☐ Non-residential parking garage
891 ☐ Warehouse

**Outside**

14 ☐ Playground or park
15 ☐ Crops or orchard
19 ☐ Forest (timberland)
7 ☐ Outdoor storage area
9 ☐ Dump or sanitary landfill
1 ☐ Open land or field

936 ☐ Vacant lot
938 ☐ Graded/care for plot of land
946 ☐ Lake, river, stream
951 ☐ Railroad right of way
960 ☐ Other street
961 ☐ Highway/divided highway
962 ☐ Residential street/driveway

981 ☐ Construction site
984 ☐ Industrial plant yard

Lookup and enter a Property Use code only if you have NOT checked a Property Use box:

Property Use | 419

| 1 or 2 family dwelling |

NFIRS-1 Revision 03/11/99





COUNTY OF SAN MATEO
911 Public Safety Communications
Hall of Justice and Records
400 County Center, EPS-103
Redwood City, CA 94063

Date: May 26th, 2005

To:        Shirley Remmert/ Citizen

From:      Jaime D. Young, Manager, 911 Public Safety Communications

Subject:   CERTIFICATION OF COPIES FROM ORIGINAL TRANSCRIPTS

**RE:**         **Welfare Check**
**Date/Time:**  **03/26/05**
**Case No:**    **SOS050001750** ← MY MOTHER'S CASE NO, SVR
**Location:**   **990 Berkeley Ave**

As a fully employed member of the San Mateo County Communications Dispatch Staff,
I certify that the enclosed CAD document was reproduced by me on May 26th, 2005 and
that it is a true and accurate copy of the original.

Certified by:

*Pauline J. Hutchens*

Pauline J. Hutchens
Custodian of Records
(650) 363-4630

```
/1501              MISC      2BK21    ,CHECKING INSIDE 990 FOR THE VICT - THERE'S A
                                      A 5150 SUBJ IN THE RESN
/1501              SUPP               ,CODE 33 *******
/1501              SUPP               ,CORRECTION BK21 ASKING FOR CODE33
/1504              OK        2BK21    , CODE 4 NO V, 33 YO FEMALE UNRESPONSIVE, LAY
                                      IN BED, BREATHING, SEPERATE SUBJ
/1504   (TMG   )   $CROSS             #MNF050850010
/1505              $CROSS             #EMS05010331
/1505              MISC               Chief complaint: UNRESP FEMALE
                                      Code of response: 3
                                      Anyone on scene with patient: Y
                                      Age: 30 YOF
                                      Conscious: N
                                      Breathing: Y
                                      Chest pain: UNK
                                      Bleeding: UNK
/1505   (PMR   )   MISC      2BK21    ,CANCELLING CODE 33
/1505              ONSCNE    2BK10
/1508              ONSCNE    2BK10    , FIRE OS
/1510              SUPP               TXT: BRM PD ADVISED WE DID HOUSE CHECK ,AND D(
                                      O THAVE THE V/ // PER BRM PD COMMANDER - ADAM
                                      THAT 997 MIGHT ALSO BE RELATED ADDR. 2S10 CO(
                                      D THE INFO , AND WILL MAKE SURE 997 ALSO GETS
                                      ECKED
/1510              NEWLOC    2BK10    [997 BERK ]
/1513              MISC      2BK10    ,THERE IS NO SUCH ADDR AS 997 BERK
/1514              ASNCAS    2BK21    $SOS050001748 ,*****5150 NOT RELATED TO THE W]
                                      CK ON THE 207 VICT - BUT AT SAME LOCATION.
/1516              MISC      2BK21    ,UNRESPONSIVE SUBJ WAS LOCATED IN THE RESN, W]
                                      DOING CHECK FOR THE 207 VICT. 5150 UNRELATED
                                      INITIAL CALL
/1518              MISC      2BK21    ,PARAMEDCS ON SCENE, HAVE DETERMINED THIS TO ]
                                      MEDICAL ONLY,  CANCEL THE 5150 CASE #
/1519              CANCAS             $SOS050001748  CS # CANCELLED PER BK21 REQUES'
                                      EDICAL ONLY (NOT 5150) PER MEDICS
/1523              MISC      2BK10    ,BRM PD ON SCENE
/1523              ASSTOS    24BRM    [997 BERK ]          EVA AL-2's CASE NO.
/1523   (******)   FROM
/1535   (HEM   )   SUPP               ,ROOM 607 AT PACIFIC INN -- THE 1065 IS THERE
/1535   (PMR   )   NEWLOC    2BK10    [990]
/1535              NEWLOC    24BRM    [990]
/1536              $PREMPT   24BRM
/1536              $ASSTOS   28BRM
/1536              EXCH      24BRM    28BRM
/1536              SUPP               TXT: BRM PD ADVISED THERE IS NO SUCH ADDR AS ?
                                      BERK - BK10 CHECKED
/1537   (HEM   )   ASSTOS    22RCY    [PACIFIC INN #RM 607]
/1537   (******)   FROM
/1541   (PMR   )   CLEAR     2S10
/1545              CLEAR     2B20
/1546              $PREMPT   2BK21
/1548              CLEAR     2BK10
/1548              CLEAR     22RCY    DSP: OTH
                                      ,BRM PD TO HANDLE
/1548              CLEAR     28BRM
/1548              CLOSE     28BRM
/1613              MISC               ,RDD 24439 03/26/05 16:12
/1613              MISC               ,BRL 00002 03/26/05 16:12
/1613              MISC               ,03/26/05  16:12:23 TO APC, C:GGCH, C:PCO0, C:
                                      N0, C:BRT0 FROM BRL:
```







# UNITED STATES DISTRICT COURT

**NORTHERN DISTRICT OF CALIFORNIA**
**PROBATION OFFICE**

**DEBRA K. AASMUNDSTAD**
*CHIEF U.S. PROBATION OFFICER*

**Please reply to:**
450 Golden Gate Ave., Ste. 17-6884
San Francisco, CA 94102
TEL: (415) 436-7541

450 Golden Gate Avenue
Suite 17-6884 ; P.O. Box 36057
San Francisco, CA 94102-3487
TEL: (415) 436-7542
FAX: (415) 436-7572

December 30, 2005

Eva Al-Zaghari
990 Berkeley Avenue
Menlo Park, CA  94025

Re:     Eva Al-Zaghari
        Docket No.:
        SUPERVISION COMPLETION

Dear Ms. Al-Zaghari:

The purpose of this letter is to advise you that your term of _____ probation _____
terminated on _____ November 20, 2005 _____ . Consequently, you have fulfilled your obligation in
regard to the completion of supervision as ordered by the Court _____ .

Please remember that any financial obligations that were not paid in full continue to be an
obligation that you must satisfy.  Payment of any outstanding financial obligations will be
pursued by the United States Attorney's Office.

Please maintain a copy of this document for your records.  If our office can be of assistance to
you in the future, please feel free to contact us.

Sincerely,

*Esther M. Davis / 4-9-07*

Esther M. Davis
U. S. Probation Officer

EMD/emd

NDC-SUPV-041 07/25/05

F

ENDORSED FILED
SAN MATEO COUNTY

APR 1 4 2005

Clerk of the Superior Court
By __VICTORIA PARHAM__
DEPUTY CLERK

OMAS F. CASEY, III, COUNTY COUNSEL (SBN 47562)
BY: Peter K. Finck, Deputy (SBN 81875)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA
Telephone: (650) 363-4758
Fax: (650) 363-4034

Attorneys for Petitioner

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN MATEO

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA | LPS No. |
| Concerning | **EX PARTE** |
| Eva Alzaghari | **PETITION TO ESTABLISH TEMPORARY CONSERVATORSHIP** |
| Respondent. | |

Petitioner, the officer providing conservatorship investigation in the above-entitled matter, respectfully alleges as follows:

1. Beverly Cox, MD and Joe Broderick, MD, the professional persons in charge of San Mateo Medical Center, an agency providing comprehensive evaluation and/or a facility providing intensive treatment, have recommended establishment of a conservatorship for the respondent herein because they have determined that said person is gravely disabled as a result of mental disorder or impairment by chronic alcoholism and is unwilling to accept, and/or incapable of accepting, treatment voluntarily.

2. The above-named persons who have recommended conservatorship have submitted declarations stating that the respondent is in need of a temporary conservator because she is presently incapable of properly taking care of herself. Said declarations are attached hereto and incorporated herein by reference as Exhibits A, B and C.

416973                PETITION TO ESTABLISH TEMPORARY CONSERVATORSHIP                1

1  THOMAS F. CASEY III, COUNTY COUNSEL (SBN 47562)
   By: Peter K. Finck, Deputy (SBN 81875)
2  Hall of Justice and Records
   400 County Center, 6th Floor
3  Redwood City, CA 94063
   Telephone: (650) 363-4758
4  Fax: (650) 363-4034

5  Attorneys for Petitioner

ENDORSED FILED
SAN MATEO COUNTY

APR 1 4 2005

Clerk of the Superior Court
By ___VICTORIA PARHAM___

*Received by EDZ*
*Apr 29, 2003*
*in hospital*

8           IN TH        _UK COURT OF THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF SAN MATEO

11 | PEOPLE OF THE STATE OF CALIFORNIA        | LPS Case No. 108876
12 |     Concerning,                          | **ORDER APPOINTING TEMPORARY CONSERVATOR OF THE PERSON**
13 |        EVA ALZAGHARI                     |
14 |     Respondent.                          |

16      Having read and considered the petition requesting appointment of a temporary conservator and

17 supporting documents which have been filed herein, and good cause appearing therefore;

18      **IT IS HEREBY ORDERED** that DONALD R. WEIHER, LCSW, be appointed Temporary

19 Conservator of the Person of the respondent to serve without bond, pursuant to section §5353 of the

20 Welfare and Institutions Code, to provide the conservatee with food, shelter and care, and if necessary,

21 require that the conservatee be detained pursuant to Welfare and Institutions Code section §5358 in a

22 facility providing intensive treatment pending establishment of a conservatorship herein.

23      **IT IS FURTHER ORDERED** that the Temporary Conservator shall have the power to consent

24 to for the conservatee and require conservatee to receive treatment related specifically to remedying or

25 preventing the recurrence of the conservatee's being gravely disabled and to consent to routine medical

26 treatment for the conservatee unrelated to the grave disability.

27      **IT IS FURTHER ORDERED** that the Temporary Conservator appointed herein is authorized to

28 exercise those general powers specified in Chapter 5 and 6 (commencing with Section 2350 and 2400) of

LPS Case NO. 108876

1  THOMAS F. CASEY III, COUNTY COUNSEL (SBN 47562)
   By: Peter K. Finck, Deputy (SBN 81875)
2  Hall of Justice and Records
   400 County Center, 6th Floor
3  Redwood City, CA  94063
   Telephone: (650) 363-4758
4  Fax:  (650) 363-4034

5  Attorneys for Petitioner

6

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    IN AND FOR THE COUNTY OF SAN MATEO

10

11 PEOPLE OF THE STATE OF CALIFORNIA              | LPS Case No. 108876

12     Concerning,                                 | **NOTICE OF HEARING**

13         EVA AL-ZAGHARI                          | Date:     May 11, 2005
                                                   | Time:     11:00 a.m.
14         Respondent.

15

16     **NOTICE IS HEREBY GIVEN** that Pamela F. Low, the officer providing conservatorship

17 investigation in the above-entitled matter, has filed herein a Petition to Establish Conservatorship, and an

18 Order Appointing Temporary Conservator having issued thereon, and that the same is hereby set for

19 hearing by the Court on **WEDNESDAY, May 11, 2005, 11:00 a.m., at 400 County Center,**

20 **Department 14, Courtroom 8B in Redwood City, California**.

21     **ALL PERSONS INTERESTED ARE NOTIFIED** to appear at the time and place mentioned in

22 this Notice and show cause, if any they have, why the Order should not be made. This notice is required

23 by law. This notice **does not require you to appear in court**, but you may attend the

24 hearing if you wish.

25     Dated:  April 27, 2005  .              CLERK OF THE SUPERIOR COURT

26
                                              BY:_____
27                                                     Deputy Clerk

28 L:\GROUP\LPS\ESTAB\FORMS\NOTICE OF HEARING.Doc

   LPS Case NO. 108876
   _____
                    NOTICE OF HEARING

1 | THOMAS F. CASEY III, COUNTY COUNSEL (SBN 47562)
By: Peter K. Finck, Deputy (SBN 81875)
2 | Hall of Justice and Records
400 County Center, 6th Floor
3 | Redwood City, CA 94063
Telephone: (650) 363-4758
4 | Fax: (650) 363-4034

5 | Attorneys for Petitioner

6

7

8 | IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | IN AND FOR THE COUNTY OF SAN MATEO

10

11 | PEOPLE OF THE STATE OF CALIFORNIA          |    LPS Case No. 108876

12 |     Concerning,          |    **CITATION**

13 |          EVA AL-ZAGHARI          |    Date:    May 11, 2005
|    Time:    11:00 a.m.
14 |     Respondent.

15

16 | THE PEOPLE OF THE STATE OF CALIFOI        Received
June 5, 2005
17 | **TO:    EVA AL-ZAGHARI**
**San Mateo Medical Center**
18 |     **[via County mail]**

19

20 |     **BY ORDER OF THIS COURT**, you a          ...... required to appear before this Court at

21 | **400 COUNTY CENTER, DEPARTMENT 14, COURTROOM 8B in REDWOOD CITY,**

22 | **CALIFORNIA**, on **WEDNESDAY**, **May 11, 2005, at 11:00 a.m.** and then and there to show cause, if

23 | any you have, why a conservator of your person and estate should not be appointed pursuant to said

24 | petition.

25 |     This conservatorship would be established under the provisions of the Lanterman-Petris-Short

26 | (LPS) ACT, §§ 5000 et seq. of the Welfare and Institutions Code. Under that code, conservatorships can

27 | be established for "gravely disabled" persons. "Grave disability" means: a person, as a result of a mental

28 | disorder, is unable to provide for his or her basic personal needs for food, clothing, or shelter. Welfare

LPS Case NO. 108876

ENDORSED FILED
SAN MATEO COUNTY

JUN 0 3 2005

Clerk of the Superior Court
By    Jane Cogliati
DEPUTY CLERK

1  THOMAS F. CASEY III, COUNTY COUNSEL (SBN 47562)
   By: Peter K. Finck, Deputy (SBN 81875)
2  Hall of Justice and Records
   400 County Center, 6th Floor
3  Redwood City, CA  94063
   Telephone: (650) 363-4758
4  Fax:  (650) 363-4034

5  Attorneys for Petitioner

6

7

8                IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    IN AND FOR THE COUNTY OF SAN MATEO

10

11  PEOPLE OF THE STATE OF CALIFORNIA              LPS Case No. 108876

12      Concerning,                               **OPPOSITION TO PETITION FOR WRIT OF
                                                  HABEAS CORPUS – LPS ACT**
13          EVA AL-ZAGHARI
                                                  **Date: June 6, 2005**
14              Respondent.                       **Time: 9:00 a.m.**
                                                  **Dept.: 28**
15

16      I, Peter K. Finck, Deputy County Counsel, attorney for respondent in above-entitled matter

17  declare:

18      1.    On April 14, 2005, petitioner was placed on a temporary conservatorship. (See Exhibit A

19  attached hereto.)

20      2.    On May 2, 2005, petitioner filed a Writ of Habeas Corpus challenging her temporary

21  conservatorship. (See Exhibit B attached hereto.)

22      3.    On May 4, 2005, said writ was denied.  Respondent asks this court to take judicial notice

23  of the court's minutes denying said writ. (See minutes attached hereto as Exhibit C.)

24      4.    On June 2, 2005, petitioner filed the within Writ of Habeas Corpus challenging her

25  placement under W&I Code § 5358.7 to be heard on June 6, 2005.

26      5.    Petitioner has a jury trial to establish her conservatorship currently scheduled for June 7,

27  2005.

28      6.    Judicial review to challenge her placement by Writ of Habeas Corpus "shall be in the
    LPS Case NO. 108876
    ─────────────────────────────────────────────────────────
    **OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS – LPS ACT**

1    THOMAS F. CASEY III, COUNTY COUNSEL (SBN 47562)
     By: Judith A. Holiber, Deputy (SBN 180619)

2    Hall of Justice and Records
     400 County Center, 6th Floor

3    Redwood City, CA 94063
     Telephone: (650) 363-4747

4    Fax: (650) 363-4034

5    Attorneys for Respondent

**ENDORSED FILED**
**SAN MATEO COUNTY**

MAY − 2 2005

**Clerk of the Superior Court**
**By   MARIA J. PEÑA**
~~DEPUTY CLERK~~

Denied

6

7               IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                 IN AND FOR THE COUNTY OF SAN MATEO

9

10    PEOPLE OF THE STATE OF CALIFORNIA      LPS Case No. 108876

11         Concerning,                 **ANSWER AND RETURN TO VERIFIED**
                                     **PETITION FOR WRIT OF HABEAS**

12                                       **CORPUS**

13          EVA AL ZAGHARI,             Date:     May 4, 2005
                                   Time:     9:00 a.m.

14            Petitioner.                Dept:     Presiding Judge

15

16        Respondent, PEOPLE OF THE STATE OF CALIFORNIA, answers the petition for Writ

17    of Habeas Corpus as follows:

18          1.        Respondent denies the allegation that the petitioner is being unlawfully restrained

19    of liberty.

20          2.        Respondent admits the allegation that the patient was admitted to the treatment

21    facility under the authority of Welfare and Institutions Code §5250 or temporary conservatorship

22    pursuant to §5352.1.

23          3.        Respondent denies the allegation that the petitioner is not gravely disabled nor a

24    danger to herself and/or others.

25        **WHEREFORE**, respondent prays that the petition for Writ of Habeas Corpus be denied.

26    Dated: May 2, 2005.            THOMAS F. CASEY III, COUNTY COUNSEL

27

28                                       Judith A. Holiber, Deputy

1   THOMAS F. CASEY III, COUNTY COUNSEL (SBN 47562)
    By: Judith H Hohhur, Deputy
2   State Bar No. 18619
    Hall of Justice and Records
3   400 County Center, 6th Floor
    Redwood City, CA 94063
4   Telephone: (650) 363-4747
    Fax: (650) 363-4034
5
    Attorneys for Petitioner
6

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    IN AND FOR THE COUNTY OF SAN MATEO

10

11  PEOPLE OF THE STATE OF CALIFORNIA          LPS Case No. 108876

12     Concerning,                            **ORDER EXTENDING TEMPORARY
                                              CONSERVATORSHIP**
13     Eva Alzaghwi

14        Respondent.

15

16       DONALD R. WEIHER, LCSW, was appointed temporary conservator of respondent by Order of

17  the Superior Court dated   4-14-05   , and he thereafter petitioned to establish a conservatorship

18  pursuant to the Welfare and Institutions Code.

19       At the hearing on the conservatorship, respondent demanded a court or jury trial on the issue of

20  grave disability. [Welfare and Institutions Code § 5350(d)]. The Court finds that the temporary

21  conservatorship must be extended until trial in order to protect the respondent and provide for his/her

22  welfare.

23       NOW, THEREFORE, IT IS HEREBY ORDERED that the temporary conservatorship is

24  extended and continued in effect until termination of the trial on the issue of grave disability.

25  Dated: 5/11/05                          TIME WAIVER: 60   DAYS

26
                                           _____
27  To Master Calendar.                    JUDGE OF THE SUPERIOR COURT
    Please set trial on: M T W Th F
28  L:\GROUP\LPS\ESTAB\ORDER EXTENDING TEMPORARY CONSERVATORSHIP CT OR JT - THURSDAY'S HEARING.Doc