

1370

SHIRLEY V. REMMERT, PRO SE
990 Berkeley Avenue
Menlo Park, CA 94025
Tel: 650-921-8820
Message: 650-521-0571

FILED
08 APR 15 PM 12: 26
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shirley V. Remmert;<br>Eva D. Al-Zaghari,<br>  Plaintiffs,<br><br>v.<br><br>James P. Fox,<br>District Attorney<br>Of San Mateo County;<br><br><br>Jerry Brown,<br>Attorney General<br>Of the State of California,<br>  Respondents<br><br>*Real Parties in Interest:*<br>1) *Hon. Rosemary Pfeiffer;*<br>2) *Hon. John L. Grandsaert,*<br>3) *Hon. George A. Miram,*<br>4) *Hon. Joseph C. Scott,*<br>5) *Marcelle Moon,*<br>*Supervising Deputy Public Guardian;*<br>6) *Hisham M. Al-Zaghari;*<br>7) *State of California;*<br>8) *United States* | PLAINTIFFS' MOTION AND NOTICE OF MOTION FOR PRELIMINARY INJUNCTION AGAINST PROBATE COURT ORDERS AND FAMILY COURT ORDER; REINSTATEMENT OF JUVENILE COURT ORDER RE PETITION FOR WRIT OF HABEAS CORPUS<br><br>MEMORANDUM/ DECLARATION/<br><br>SUPERIOR COURT CASES NO. 108876 LPS, 114069, F055586, 65841<br><br>*ATTACHED:*<br>REQUEST FOR HEARING/ PROPOSED ORDERS<br><br>U. S. DISTRICT COURT CASES·<br>C-08-1644 CRB<br>C-08-1645 CRB<br><br>HON. CHARLES R. BREYER |

1.     I, Shirley V. Remmert, am the plaintiff; Eva D. Al-Zaghari, my adult daughter, is

---
MOTION FOR PRELIM INJUNCTION/ C-08-1644 CRB; C-08-1645 CRB      1

a nominal plaintiff. The respondents are San Mateo County, Charles P. Fox, District Attorney; Hon. Rosemary Pfeiffer, Probate Court judge, Hon. John L. Grandsaert, Probate Court judge; Hon. Joseph C. Scott, Family Court judge; Marcelle Moon, Supervising Deputy Public Guardian/ LPS; Hisham M. Al-Zaghari; the State of California; the United States.

2.  I sued Defendant Charles P. Fox for wrongful prosecution of my helping my daughter escape from an insane asylum called Cordilleras Mental Health Center and another county subsidized center, where she was being abused.

3.  I allege in my petition for writ of habeas corpus that Defendant District Attorney holds me in wrongful custody through a probation order and previously had me jailed and tried, while ignoring evidence that my daughter's capacity (subject of the crime as basis for probation) was defamed by county employees in order to cover up their crimes against us.

### Request for Relief

We, the plaintiffs Shirley V. Remmert and Eva D. Al-Zaghari, move for a preliminary injunction against continuance of Probate Court orders, a Family Court order, and San Mateo County's alleged false imprisonment that violate our civil rights and are causing irreparable injury. We also request reinstatement of a Juvenile court order and a federal court order mandating that Eva Al-Z.'s and Hisham Al-Zaghari's son must remain in the local San Francisco Bay Area of the United States. We request the above because the actions of the local, state, and national government against us are inhumane and criminal.

Grounds for Motion

The grounds for this motion are the fact that the defendants have abused their power against us in violation of federal statutes; namely the American Disability Act, 42 U.S.C. sec. 1983 (Violation of Civil Rights under Color of Law), and criminal codes.

Standing to Sue or Plead

My standing to complain about my daughter's plight arises from 1) tort law's remedy for the county's intentional infliction of emotional distress upon me as her mother and 2) my right as a citizen to complain about criminal acts.

Basis of Motion

The motion is based on the pleadings and papers on file in this action, the attached memorandum of points and authorities, and evidence.

Please take notice that I, Shirley Remmert, will bring this motion for hearing before this court on _____ at _____ a.m./ p.m. in the above court at 450 Golden Gate Avenue, San Francisco, CA 94102.

MEMORANDUM OF POINTS AND AUTHORITIES

A.   Introduction

My daughter, Eva Al-Zaghari, thirty-three years old, has been locked up by San Mateo County since March 27, 2005. She was conserved for the first time in her life since June 7, 2005 (Case No. 108876 LPS). She has been treated for various illnesses such as paranoid schizophrenia under the LPS Act, diabetes, suicide tendency, and drug

abuse. She is routinely medicated by force, drugged with mind-altering drugs, and examined unnecessarily for the purpose of causing pain. Yet she has never had a hearing to determine if any of the said various illnesses existed at the time of the lock-up and investigation for conservatorship. Her diabetes occurred or resurfaced after the shock of removal from her home with me and after institutionalization. She was frequently ill after county employees forcibly medicated her with mind-altering drugs for at least two years straight. The false imprisonment is causing her sharp decline in health since she was force to leave her home with me.

The county also secured a restraining order on July 11, 2005 from the Probate Court prohibiting my contact with her (Case No. 114069), because I helped her leave an insane asylum called Cordilleras Mental Health Center (subject of my petition for writ of habeas corpus).

The county through Deputy Public Guardian Marcelle Moon then went to the Family Court in September, 2005 and arranged to permanently stop Eva Al-Z.'s and my contact with her son, now eight years old.

B.   Argument

1.   We, the plaintiffs, seek to enjoin defendants, their agents, and representatives during the pendency of my petition for writ of habeas corpus from interfering with the law-abiding life that we pursued before Eva Al-Z. was kidnapped from her home by county employees on March 26, 2005. The kidnapping and abuses infringe on our civil liberties.

2. <u>Inhumane Conditions Endured by Plaintiffs</u>

To be defended by possibly corrupt private defenders, to not be allowed to see one's child for three years under an order intended to be permanent, to be subjected to pain every day has been difficult for my daughter and me to fathom. No felon or person on death row is denied the opportunity to speak to his child or is mistreated without cause and without a hearing.

### Irreparable Harm

a. Imminent harm to Plaintiffs

As proof of imminent harm, I need only show that assault and battery through forcible medication, and intimidation are routinely practiced on my daughter in violation of the American Disability Act. The psychiatrists and psychologists responsible for these heinous acts of terrorism are armed with the license to forcibly drug their personal enemies and are dangerous.

b. Irreparable Injury to Plaintiffs

Their weapon of choice in violation of the RICO Act are drugs that cause psychosis. It should not surprise anyone that my daughter complains of great pain. **Exhibit A** in our application for a TRO shows to what great length county employees go in order to sabotage my daughter's participation in any legal process. She is given a heavier dose of drugs, so that she will become grotesquely disabled physically and mentally. Irreparable injury may have already occurred and will get worse.

c. No Adequate Remedy at Law

As our private defenders have ignored our evidence, the county has had a free pass

in violating our rights through the suppression of evidence, defamation and other forms of judicial abuse. If the court does not grant a preliminary injunction, some of the defendants or respondents will carry out the original plan begun in May, 1990 by Muslim terrorists and corrupt psychiatrists. That plan is to murder my daughter.

3.                     Substantial Likelihood of Success

Because my daughter never had a hearing to show proof of the need for treatment under the LPS Act; has never had a hearing proving drug abuse, suicidal ideation, nor a hearing for the need for forcible medication, and because law enforcement agencies and paramedics saw no cause for detention at the time that the county locked her up for its own private investigation for a permanent conservatorship, no court should allow us to continue this suffering. After these many years of still no proof of cause for even an hour of detention, the court should not fail to rescue my daughter from imminent harm.

4.                     Balance of Hardship

The necessity of escaping from the catastrophic injury to our humanity is not different from the conditions of slavery in this country before Emancipation. Defendants will not suffer undue hardship or loss as a result of the issuance of a preliminary injunction

5.                     Effect on Public Interest

The public would not be adversely affected by my daughter's release from harm and by our family right to associate with one another. Public interest will be served by consumers' awareness of bogus mental health care.

6.  Request for Hearing

We, the plaintiffs, ask the court to set our request for preliminary injunction for hearing at the earliest possible time (allowing time for subpoenas).

7.  Request for Permanent Injunction: Ultimate Goal

Plaintiffs ask the court to set our application for injunctive relief for a full trial on the issues in this application and after the trial for a preliminary injunction, to issue a permanent injunction against defendants.

C.  Conclusion

Because of the violation of our civil rights and criminal misconduct, we, the plaintiffs, ask the court to grant for the time being a preliminary injunction against defendants.

DECLARATION

I, Plaintiff Shirley V. Remmert, declare as follows:

I am knowledgeable as to the facts herein and can competently testify as to those matters, as I have personal experience in the matters. I declare that the above statements are true and correct under the penalties for perjury of the federal laws.

DATE: April 15, 2008

Respectfully Submitted By:

*Shirley V. Remmert*
Shirley V. Remmert, Plaintiff Pro Se

*Request for Hearing*

1420

SHIRLEY V. REMMERT, PRO SE
990 Berkeley Avenue
Menlo Park, CA 94025
Tel: 650-921-8820
Message: 650-521-0571

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shirley V. Remmert,<br>Eva D. Al-Zaghari,<br>    Plaintiffs,<br><br>v.<br><br>James P. Fox,<br>District Attorney of<br>San Mateo County et al.,<br>    Defendants<br>_____/ | PLAINTIFFS' REQUEST FOR<br>HEARING RE MOTION FOR<br>PRELIMINARY INJUNCTION<br><br>RE PETITION FOR WRIT OF HABEAS CORPUS<br><br>CASE NO. C-08-1644 CRB;<br>C-08-1645 CRB<br><br>HON. CHARLES R. BREYER |

Federal Rule of Civil Procedure 43(e) permit's the court's granting a hearing, so that we can present evidence on this motion.

We therefore ask the court to set this motion for hearing to present evidence.

DATE: April 15, 2008

Respectfully Submitted,

*/s/ Shirley V. Remmert*
Plaintiff

PLAINTIFF'S REQUEST FOR HEARING/ C-08-1644 CRB; C-08-1645 CRB      1 of 1

Proposed Order
Granting Hearing Date

Proposed Order
Granting Prelim. Inj

1420

SHIRLEY V. REMMERT, IN PRO PER
990 Berkeley Avenue
Menlo Park, CA 94025
Tel: 650-921-8820
Message: 650-521-0571

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Shirley V. Remmert,
Eva D. Al-Zaghari,
    Plaintiffs,

v.

James P. Fox,
District Attorney of
San Mateo County et al.,
    Defendants
_____/

[PROPOSED] ORDER GRANTING
PLAINTIFF'S REQUEST FOR HEARING
ON MOTION FOR PRELIMINARY
INJUNCTION

CASE NO. C-08-1644 CRB
C-08-1645 CRB

After considering plaintiffs' request for a hearing on their motion for a preliminary injunction, the Court GRANTS the plaintiffs' request for hearing and sets the motion for preliminary injunction for hearing on _____, 2008 at _____ a.m./ p.m.

SIGNED on _____

_____
U. S. DISTRICT JUDGE

PLAINTIFFS' REQUEST FOR HEARING/ PRELIM INJUNC/ C-08-1644 CRB; C-08-1645 CRB/ 1 of 1

SHIRLEY V. REMMERT, PRO SE
990 Berkeley Avenue
Menlo Park, CA 94025
Tel: 650-921-8820
Message: 650-521-0571

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shirley V. Remmert;<br>Eva D. Al-Zaghari,<br>    Plaintiffs, | [PROPOSED] ORDER<br>GRANTING PLAINTIFFS' MOTION FOR<br>PRELIMINARY INJUNCTION |
| v. | CASE NO.:.C-08-1644 CRB<br>C-08-1645 CRB |
| James P. Fox,<br>District Attorney<br>Of San Mateo County; | |
| Jerry Brown,<br>Attorney General<br>Of the State of California,<br>    Respondents | |

*Real Parties in Interest:*
*1) Hon. Rosemary Pfeiffer,*
*2) Hon. John L. Grandsaert,*
*Judges of the Probate Court;*
*3) Hon. Joseph C. Scott,*
*Judge of the Family Court;*
*4) Marcelle Moon,*
*Supervising Deputy Public Guardian;*
*5) Hisham M. Al-Zaghari;*
*6) State of California;*
*7) United States*
                              /

After considering Plaintiff Shirley V. Remmert's motion for preliminary injunction, the response, affidavits, exhibits, and testimony, the court FINDS as follows:

PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION/ C-08-1644 CRB; C-08-1645 CRB   1

1. Defendants will continue to engage in activities infringing plaintiff's civil rights, if the court does not grant a preliminary injunction.

2. Under the Best Evidence rule, plaintiff has: First, demonstrated that paramedics on March 26, 2005 at the time that the permanent detention of Eva Al-Zaghari took place, concluded that she does not qualify as a patient under Welfare and Institutions Code sec. 5150 thereby contradicting government employees.

Second, the government psychiatrist Dr. Mary Margaret Flynn, M.D. recommending that Eva Al-Z. be conserved on March 27, 2005 had recently stated four months earlier on November 18, 2004 that Eva Al-Z. does not meet the legal criteria for a conservatorship.

Third, evidence shows that there were no law enforcement reports of any 5150 incident (written at the time of the incident) between November 18, 2004 and March 27, 2005 when she began to detain and forcibly drug Eva Al-Z.

3. If the court does not enjoin defendants from enforcement of orders in Cases No. 108876 LPS, 114069, and F055586, the defendants will suffer irreparable injury.

4. The injury is irreparable because a) there was no cause for chemical treatment of Eva Al-Zaghari; b) because prolonged isolation from her mother, her son, and others is irreparable and c) The plaintiffs cannot exercise their First Amendment right to join in litigation.

5. Defendants will not suffer undue hardship or loss as a result of the issuance of a preliminary injunction.

PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION/ C-08-1644CRB; C-08-1645 CRB   2

I

Probate and Family Court Orders

For these reasons, the court ORDERS that defendants, their officers, agents, servants, employees, attorneys, and all persons acting in concert with them be restrained from enforcing all orders in Cases No. 108876 LPS and 114069.

The court also ORDERS that the Family court orders in Case No. F055586 are enjoined with the exceptions explained below (See Part III).

Upon signing of the order, Shirley Remmert will be given the address and telephone number of Eva Al-Zaghari, will be allowed to speak to Ms. Al-Zaghari by telephone or in person, and will be allowed to pick her up immediately. The plaintiffs will be given all civil rights accorded citizens of the United States and will not be monitored or followed by health care workers unless they request such treatment.

II

Juvenile Court Order of 1999

The court FINDS that there has never been a state court ruling that Eva Al-Zaghari was incompetent from the time that the court exercised jurisdiction of the Family custody matter from 1999 until she was conserved by the Probate Court on June 7, 2005 at the age of thirty. Although the U.S. District Court in Chicago, Illinois, declared her as incompetent on March 22, 2002, the court found her restored to competency on November 22, 2002.

Because of facial evidence of due process violations in San Mateo County's securing of the conservatorship order in 2005, this court considers the conservatorship

order based on incompetence to be voidable and will enjoin the Family Court prohibition based on the conservatorship order, against Eva Al-Zaghari's and Shirley Remmert's contact with Eva Al-Zaghari's son (Case No. F055586, Minute Order of September 13, 2005.

The court also issues the following ORDERS that will rectify the many-layered wrongs since 1999:

The Juvenile Court order of June 2, 1999 (Case No. 65841) dismissing the dependency case against Eva D. Al-Zaghari and granting joint physical custody to her will now be enforced.

Conditions in the order limiting such custody may be modified by the parties by a stipulation filed with the court.

In essence, joint physical custody means fifty percent joint physical custody for the mother and fifty percent joint physical custody for the father. Any variance in that rule may occur by a stipulation between parents filed with the court.

The father's "Primary responsibility for the planning and care for the child" may not rule out under any circumstances contact between the child and the mother or grandmother; Eva Al-Zaghari and Shirley Remmert, respectively. Under the balance of hardship doctrine, the burden is on the father to carry out the mandate of the said order at this time by making as the best interest of the child, the reunification between the mother and the child feasible. The parents may stipulate on any part of the Juvenile Court order. They may also litigate in any court in the State of California for denied rights irrespective of vexatious litigant orders, conservatorship (incompetency), and restraining orders

PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION/ C-08-1644 CRB; C-08-1645 CRB    4

against their litigation in Family Court.

### III

### Continued Rulings of Case No. F055586

A. Shirley Remmert will continue her standing as a party in the family litigation.

B. Continued Ban on Removal of Minor from Local Area

Eva Al-Z.'s minor son, Ali Al-Zaghari, may not be removed from the United States nor from the local San Francisco Bay Area without the written, notarized consent of both parents and without a court order.

### IV

### Decisions in Case No. CIV 438208

The tentative decision or any entry of judgment trial proceedings in favor of Delfin Venoya, the plaintiff in that case, is enjoined as it will affect the plaintiffs' right to a pre-trial, joined discovery, and a full defense.

### V

### Continued SSI Payments

Eva Al-Zaghari will directly receive the monthly Social Security Disability payments that were paid to San Mateo County on her behalf. The county is ORDERED to ensure the transfer of payments to her without lapse.

### VI

### Duration of this Order

The above Probate, Family, Juvenile Court, and Part V matters will be in effect

upon the signing of this order and will last during the pendency of the plaintiffs' petitions for writ of habeas corpus and during any suits and appeals involving the above parties in state and federal court or pending further court orders.

## VII

### Summary: Restoration of Civil Rights

This order restores any of Eva Al-Zaghari's civil rights which she possessed before her detention on March 26, 2005. Except for the restrictions of the probation order, all civil rights enjoyed by Shirley Remmert before the restraining order of Case No. 114069, July 11, 2005 are restored.

IT IS SO ORDERED.


SIGNED on _____, 2008, at a.m./p.m.



_____
U. S. DISTRICT COURT JUDGE